IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STANLEY TAYLOR, ) | C. A. No. 04-1391 KAJ |
| PAUL HOWARD, THOMAS ) | |
| CARROLL, JOHN SALAS , ) | |
| JESSICA DAVIS-BARTON, and ) | |
| CERTAIN UNKNOWN INDIVIDUAL ) | |
| EMPLOYEES OF STATE OF ) | |
| DELAWARE DEPARTMENT OF ) | |
| CORRECTION, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL ) | |
| DELAWARE, LLC. ) | |

**ANSWER AND THIRD PARTY COMPLAINT OF STATE OF DELAWARE
DEFENDANTS: STANLEY TAYLOR, PAUL HOWARD, THOMAS CARROLL,
JOHN SALAS, JESSICA DAVIS-BARTON AND "UNKNOWN EMPLOYEES"
OF STATE OF DELAWARE**

COME NOW, State of Delaware defendants, Stanley Taylor, Paul Howard, Thomas Carroll, John Salas, Jessica Davis-Barton and "unknown employees" of the State of Delaware, and answer plaintiff's complaint as follows: Unless expressly admitted or qualified, all of the allegations in the Complaint are generally denied.

1. Admitted, upon information and belief.

2. Admitted that Defendant Stanley W. Taylor, Jr. was appointed by the Governor of the State of Delaware as the Commissioner of the Delaware Department of Correction (DOC), and currently serves in that position.

3. Admitted.

4. Admitted

5. Admitted.

6. Admitted.

7. Denied.

8. Admitted that the Department of Correction is a department within the executive branch of the State of Delaware government, which administers the prison/correctional system in the State of Delaware. The balance of the averment is denied as alleged.

9. Admitted, upon information and belief. However State Defendants reserve all defenses, including jurisdictional defenses, which may be available to them.

10. Admitted that Plaintiff, Timothy Ward, was and is an inmate in the custody of DOC, serving a three-year sentence for Burglary, Second Degree, arising out of an armed home invasion and robbery. He was housed at the Delaware Correctional Center (DCC) in Smyrna until September, 2004, at which time he was transferred to Sussex Correctional Institute (SCI) in Georgetown. Since that time, Plaintiff has also been housed briefly at the Morris Community Corrections Center (MCCC), but was returned to the custody of SCI due to violations at MCCC. Plaintiff currently resides at SCI.

11. Denied that plaintiff had no criminal record prior to the Burglary conviction. Upon information and belief, Plaintiff was convicted of assault in 1999 in the state of Maryland. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the balance of this averment.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment.

14. Upon information and belief, Denied.

15. Upon information and belief, Denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment. Otherwise, denied as alleged.

17. Admitted that Inmate Robert Johnson was present in the T-Building "yard" on July 10, 2004. The balance of the averment is denied as alleged.

18. Defendants are without knowledge or information sufficient to respond to this averment.

19. Defendants are without knowledge or information sufficient to respond to this averment.

20. Defendants are without knowledge or information sufficient to respond to this averment.

21. Defendants are without knowledge or information sufficient to respond to this averment.

22. Defendants are without knowledge or information sufficient to respond to this averment.

23. Defendants are without knowledge or information sufficient to respond to this averment.

24. Defendants are without knowledge or information sufficient to respond to this averment.

25. Admitted that Inmate Johnson assaulted Inmate Ward on July 10, 2004 at DCC. The balance of the averment is denied. Defendants' specifically deny any responsibility for the independent criminal actions of Robert Johnson committed on July 10, 2004.

26. Admitted that Inmate Johnson assaulted Inmate Ward on July 10, 2004 at DCC. The balance of the averment is denied. Defendants' specifically deny any responsibility for the independent criminal actions of Robert Johnson committed on July 10, 2004.

27. Denied as alleged.

28. Admitted that correctional officers responded to the assault. The balance of the averment is denied.

29. Defendants are without knowledge or information sufficient to respond to this averment.

30. Admitted that Plaintiff, Inmate Ward, was taken to the DCC infirmary after the assault and that injuries including lacerations were noted, and that it was determined that Inmate Ward should be transported to Kent General Hospital. The balance of the averment is denied as alleged.

31. Denied as alleged.

32. Admitted that an EMT/ambulance crew was promptly called to DCC to transport Inmate Ward to Kent General Hospital.

33. Admitted that Inmate Ward was examined and treated at Kent General Hospital. Otherwise, denied as alleged.

34. Admitted that Inmate Ward was treated and Kent General and released the same day. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

35. Admitted that Inmate Ward was given pain medication and put on a liquid diet in the infirmary. The balance of the averment is denied.

36. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

37. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

38. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

39. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

40. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

41. Admitted that Inmate Ward was examined on July 19, 2004 by Dr. Lippman, a maxillofacial surgeon who advised, *inter alia*, that Ward's diet could be increased from liquid to soft, regular foods. Dr. Lippman stated no further treatment from him (Lippman) was required. The balance of the averment is denied as alleged.

42. Denied as alleged.

43. Admitted upon information and belief that Inmate Ward submitted a medical request when he exacerbated his injury by eating pretzels which were outside of his dietary restrictions. The balance of the averment is denied as alleged.

44. Denied as alleged.

45. Admitted that Ward was seen for a medical appointment on August 2, 2004. The balance of the averment is denied as alleged.

46. Admitted that Inmate Ward submitted a written medical request on August 8, 2004 and an appointment was scheduled. The balance of the averment is denied as alleged.

47. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

48. Denied.

49. Denied as alleged.

50. Admitted that Inmate Ward submitted a medical request on August 16, 2004 and an appointment was scheduled. The balance of the averment is denied as alleged.

51. See response to paragraph 50.

52. Admitted that Inmate Ward was seen by an optometrist. The balance of the averment is denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied

58. Admitted that Inmate Ward submitted a written medical request on August 23, 2004. The balance of the averment is denied as alleged.

59. Denied as alleged.

60. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

61. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

62. Denied. Inmate Ward was repeatedly evaluated during his time in the infirmary. On September 2, 2004, Ward reported "I'm doing alright now that I am in here."

63. Denied.

64. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

65. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

66. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

67. Denied.

68. Admitted that Inmate Ward was examined by Dr. Fucci in September 2004. The balance of the averment is denied.

69. Denied as alleged.

70. Denied as alleged.

71. Admitted that Inmate Ward was temporarily transferred to protective custody on or about September 17, 2004, following an argument with another inmate in which a TV was smashed. The other inmate involved was also transferred. Upon information and belief, Inmate Ward was returned to the general population on September 22, 2004. The balance of the averment is denied as alleged.

72. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

73. Admitted.

74. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

75. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

76. Denied.

77. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 76 above.

78. Denied as to all parts and sub-parts.

79. Denied.

80. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 79 above.

81. Denied.

82. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 81 above.

83. Denied.

84. Denied.

85. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 84 above.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 90 above.

92. Denied as to all parts and sub-parts.

93. Denied.

## RELIEF

It is specifically denied that plaintiff is entitled to any relief or damages, including compensatory damages, punitive damages, costs and/or attorneys' fees.

## AFFIRMATIVE DEFENSES

1. The State defendants are immune from liability to plaintiffs under the doctrine of sovereign immunity.

2. The State defendants are immune from liability under the Eleventh Amendment of the United States Constitution.

3. The State of Delaware, Department of Correction, and State defendants in their official capacities are not subject to suit or liable for alleged violations of plaintiff's constitutional rights as they are not "persons" pursuant to 42 U.S.C.A. §1983.

4. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5. Individual defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

6. To the extent the Plaintiff seeks to hold the defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior is not a basis for liability in an action under 42 U.S.C.A. §1983.

7. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 U.S.C.A. §1983.

8. Plaintiff fails to state a claim against State defendants for failure to train and maintenance of wrongful customs, practices and policies.

9. Plaintiff fails to state a claim against State defendants for violation of the Eighth Amendment.

10. Plaintiff fails to state a claim against State defendants for violation of the First Amendment.

11. Plaintiff's injuries were caused, in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by defendants.

13. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

14.	Plaintiff contributed to his own injuries, including, but not necessarily limited to, not following medical advice and restrictions, proximately causing and/or exacerbating his own injuries, if any.

15.	Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997a(e).

16.	Plaintiffs otherwise fail to state a claim upon which relief may be granted.

## STATE DEFENDANTS' THIRD PARTY COMPLAINT AGAINST FIRST CORRECTIONAL MEDICAL-DELAWARE, LLC (FCM), FOR CONTRACTUAL DEFENSE AND INDEMNIFICATION

1.	Third party defendant, First Correctional Medical Inc., LLC, a subsidiary of First Correctional Medical, Inc., is a corporation responsible, at all relevant times hereto, for the provision and performance of medical services to the State of Delaware, Department of Correction, pursuant to a contract between FCM and the State of Delaware.

## JURISDICTION

2.	The District Court has jurisdiction over the State Defendants' third-party complaint against FCM pursuant to 28 U.S.C.A. §§ 1367, as well as Federal Rules of Civil Procedure 19 and 20.

## COUNT I

## CONTRACTUAL INDEMINIFICATION

3.	The State of Delaware Department of Correction and third-party Defendant, First Correctional Medical-Delaware, L.L.C. (FCM), were parties to a contract for the provision of medical services to the Delaware Department of Correction's

inmate population, applicable and effective during July, 2004, and at all relevant times to this action.

    4.    The contract specifically created in third-party defendant, First Correctional Medical-Delaware, L.L.C., a clear and unequivocal duty to

> hold harmless, indemnify and defend the DOC [Department of Correction], the State of Delaware and their agents, employees or officers . . . from any and all suits, actions, losses, liability, damages (including punitive damages), expenses, reasonable attorney fees (including salaries of attorneys regularly employed by the State of Delaware), judgments or settlements . . . arising out of the provision of health care services by FCM, its employees, or subcontractors under the contract, including direct or indirect negligence or intentional acts of omission or commission, and professional malpractice regardless of any intentional acts o[r] omissions or commission by employees or officials of the DOC.

(6/17/02 Contract, ¶8. Hereinafter referred to as the "hold harmless provision").

    5.    All conditions precedent to recovery under the contract, if any, have been satisfied or waived.

    6.    According to the contract and the language of the hold harmless provision, the State Defendants are third-party beneficiaries of the contract.

    7.    State Defendants have been required to be represented by the undersigned counsel rather than an attorney provided by third-party defendant First Correctional Medical.

    8.    The State of Delaware Department of Correction has been required to expend public funds necessary to the litigation of this matter.

    9.    Injuries, if any, to Plaintiff were proximately caused by the actions, omissions and/or professional malpractice of defendant, First Correctional Medical, and/or its agents and employees.

10. The State Defendants deny any liability arising out of any allegation by any party in this litigation. Third-party defendant, First Correctional Medical, is liable for defense and indemnification of the State and State Defendants under the hold harmless provision even if the State and/or any State Defendant is found to have engaged in negligent, intentional or other conduct resulting in injury and liability to plaintiff.

## COUNT II

## COMMON LAW INDEMNIFICATION

11. The State Defendants incorporate by reference paragraphs 1 – 10 of the crossclaim as if more fully set forth herein.

12. The State Defendants deny any liability arising out of any allegation by any party in this litigation. To the extent Plaintiff is successful in recovering any award against any State Defendant, the State Defendants are entitled to be held harmless, defended, and indemnified pursuant to the express language of the hold harmless provision of the contract.

13. Should the Court rule that any portion of the contract or the hold harmless provision is inapplicable or void, the State Defendants are entitled to common law indemnification in the alternative. In the event that any State Defendant is found liable to the Plaintiff, then the State Defendants cross-claim against co-defendant First Correctional Medical, whose negligence was the primary and proximate cause of any and all injury and damage sustained by the Plaintiff, and for which the State Defendants, if liable at all, are only secondarily liable. The State Defendants are therefore entitled to common law indemnification in the event that their claim for contractual indemnification is rejected by the Court.

WHEREFORE, State Defendants demand that judgment be entered in their favor as to all claims, and against the plaintiff as to all claims, and that costs and attorney fees be awarded to the State Defendants. The State Defendants further demand that judgment be entered in their favor as to the third-party complaint and that costs and attorney fees incurred in relation thereto be awarded to the State Defendants.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


  /s/ Stephani J. Ballard
STEPHANI J. BALLARD (ID # 3481)
Deputy Attorney General
State of Delaware
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED: May 1, 2006

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **TIMOTHY WARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **STANLEY TAYLOR, et al.** | )   C. A. No. 04-1391 KAJ |
| | ) |
| **Defendants.** | ) |
| | ) |
| v. | ) |
| | ) |
| **FIRST CORRECTIONAL MEDICAL DELAWARE, LLC.** | ) |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on May 1, 2006, she caused the attached, *Answer and Third Party Complaint of State of Delaware Defendants: Stanley Taylor, Paul Howard, Thomas Carroll, John Salas, Jessica Davis-Barton and "Unknown Employees" of State of Delaware,* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey K. Martin, Esquire<br>Margolis Edelstein<br>1509 Gilpin Avenue<br>Wilmington, DE 19806 | Daniel L. McKenty<br>Dana Spring Monzo<br>McCullough & McKenty<br>1225 N. King Street, Suite 1100<br>P.O. Box 397<br>Wilmington, DE 19899-0397 |

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for State Defendants