**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIMOTHY WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STANLEY TAYLOR, et al., | )  C.A. No. 04-1391-*** |
| | ) |
| Defendants and | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST CORRECTIONAL MEDICAL | ) |
| DELAWARE, LLC, | ) |
| | ) |
| Third-Party Defendant | ) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties have and will propound discovery requesting confidential information, information not generally known, including, but not limited to, confidential Department of Correction prison facility staffing and security policies and protocols, and information that may be potentially invasive of individuals' privacy interests, including but not limited to personal medical information which is subject to production in Rule 26(a)(1) disclosures;

WHEREAS, it is anticipated that the discovery requests will seek certain other Department of Correction records and documents, including but not limited to policies, procedures, and personnel records that the Department of Correction asserts are confidential and/or privileged pursuant to common law privilege, the executive privilege, the deliberative process privilege, institutional/state secret/security privilege(s), official information privilege, and self critical analysis privilege and 11 *Del. C.* § 4322 and/or 29 *Del. C.* § 10002(g);

WHEREAS, the Department of Correction asserts that 11 *Del. C.* § 4322 prohibits the release of records described in that section in the absence of a formal court order authorizing such release; and

WHEREAS, plaintiff is seeking the production of such information to properly conduct discovery and to represent the plaintiff in this action,

NOW THEREFORE, it appears to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

1. Any party or non-party producing material or information in this litigation ("Producing Party") may designate material or information as "CONFIDENTIAL," in which case such material or information shall be treated in accordance with the terms of this Stipulated Protective Order.

2. The entry of this Stipulated Protective Order shall not waive any objection of privilege, confidentiality, or otherwise as created by federal and state common and statutory law.

3. The term "CONFIDENTIAL" may be applied only to material or information that the Producing Party in good faith believes is confidential, not known to the general public, or information that is potentially invasive of individuals' privacy interests.

4. Any document or portion thereof, including any transcript, exhibit, answer to interrogatory, other discovery request or response, affidavit, declaration, brief, memorandum, or any other paper and any physical object, recording, or thing that a Producing Party believes to contain CONFIDENTIAL information shall be so designated by stamping or otherwise

applying thereto the designation "CONFIDENTIAL," in which case such designated document and the information contained therein shall be treated in accordance with the terms of this Protective Order. Within five (5) days of entry of this Protective Order, any Producing Party shall notify the other parties if any previously produced documents, not already designated "CONFIDENTIAL" through other means, are now to be designated "CONFIDENTIAL."

5. Any material or document designated "CONFIDENTIAL" shall be available only to Qualified Persons, shall be used solely in connection with this litigation (including appeals), and shall not be disclosed to any other person without the prior written consent of the Producing Party or of the Court.

6. "Qualified Person," as used herein, shall mean:

   a. any attorney appearing of record or of counsel in this case and their employees whose duties require access to CONFIDENTIAL information, including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting, or clerical personnel;

   b. any independent expert, independent consultant, or independent testing personnel and their employees serving any attorneys identified in Paragraph 6(a), for the purposes of this case;

   c. any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition or inspection of premises;

   d. the Court and its personnel; and

   e. witnesses of whom testimony is taken, where such witness is the author or recipient of the CONFIDENTIAL information, or where counsel for the Producing Party has approved of the communication of such information to the witness.

As to DOC security and staffing policies, procedures and/or protocols, Qualified Person shall <u>not</u> include the named Plaintiff(s) or his representatives, other than undersigned counsel.

Counsel shall not share DOC institutional policies with Plaintiff(s) without leave of the Producing Party. No other person shall become a Qualified Person without prior leave of Court or prior written consent of the Producing Party.

      7.    Material and information marked "CONFIDENTIAL" may be used solely for purposes of this litigation and, if admissible, may be introduced into evidence in any proceeding (including appeals) that is a part of this litigation.

      8.    If material or information marked "CONFIDENTIAL" is used in any deposition, the portion of the deposition in which the material or information is used shall be deemed to contain confidential information as defined in this Stipulated Protective Order and shall be treated as if it were marked "CONFIDENTIAL" in accord with this Stipulated Protective Order. Use of material or information marked "CONFIDENTIAL" in a deposition shall not change its status under this Stipulated Protective Order.

      9.    Any person in possession of CONFIDENTIAL information shall exercise reasonable and appropriate care with regard to its storage, custody, and use to ensure its confidential nature is maintained. Should any CONFIDENTIAL information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Protective Order, the disclosing party shall (a) use its best efforts to obtain the return of any such CONFIDENTIAL information; (b) promptly inform such person of all provisions of this Protective Order; and (c) identify such person immediately to the Producing Party.

      10.    All documents of any nature that are filed with the Court for any purpose and that contain materials or information marked CONFIDENTIAL shall be filed in sealed envelopes or other sealed containers that are marked with the caption of the litigation, that

identify each document and thing contained therein and that bear a statement substantially in the following form:

CONFIDENTIAL –
FILED UNDER SEAL

11.    Nothing herein shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of the disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information known or used by it if such information was lawfully obtained by the party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the burden shall be upon the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

12.    This order does not change a Producing Party's burden to establish that information is confidential and subject to this order pursuant to Fed. R. Civ. P. 26. At any time any person or entity may challenge a designation of "CONFIDENTIAL" and move for relief.

13.    The inadvertent or unintentional failure by a Producing Party to designate specific documents or information as CONFIDENTIAL shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such documents or information.

14.    The terms of this Protective Order shall be applicable to any third party that produces information that is designated by such third party or by a party hereto as CONFIDENTIAL.

15.     On final resolution of this litigation, each Party and other person subject to the terms hereof shall, within sixty (60) calendar days, destroy or return to the Producing Party all materials, documents and things marked as CONFIDENTIAL.  Counsel for each Party may retain archive copies of pleadings, motion papers, written discovery responses, one set of documents produced by any Party or non-party, and correspondence that include CONFIDENTIAL information.

16.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.  Within fifteen (15) days of any such motion, the party subject to the motion to disclose may disclose such information, unless the party to whom it provided notice moves for a protective order within that time.

/s/ Jeffrey K. Martin
Jeffrey K. Martin, Esquire
1508 Pennsylvania Avenue, Suite 1C
Wilmington, DE 19806
*Attorney for Timothy Ward*

/s/ Stephani J. Ballard
Stephani J. Ballard, DAG
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
*Attorney for Defendants and Third-party Plaintiffs*

| | |
|---|---|
| /s/ Herbert G. Feuerhake<br>Herbert G. Feuerhake, Esq.<br>521 West St.<br>Wilmington, DE 19801<br>*Attorney for Timothy Ward* | /s/ Daniel L. McKenty<br>Daniel L. McKenty, Esquire<br>Heckler & Frabizzio<br>P.O. Box 128<br>Wilmington, DE 19899-0128<br>*Attorney for Third-party Defendants* |

SO ORDERED this \_\_\_\_ day of _____, 2007,

_____
U. S. District Court Judge