IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                              )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )
                                           )
STANLEY TAYLOR,                            )          C. A. No. 04-1391 ***
PAUL HOWARD, THOMAS                        )
CARROLL, JOHN SALAS,                       )
JESSICA DAVIS-BARTON,                      )
CERTAIN UNKNOWN INDIVIDUAL                 )
EMPLOYEES OF STATE OF                      )
DELAWARE DEPARTMENT OF                     )
CORRECTION, and                            )
STATE OF DELAWARE,                         )
DEPARTMENT OF CORRECTION,                  )
                                           )
          Defendants/Third Party           )
          Plaintiffs,                      )
                                           )
v.                                         )
                                           )
FIRST CORRECTIONAL MEDICAL                 )
DELAWARE, LLC,                             )
                                           )
          Third-Party Defendant.           )

## APPENDIX TO OPENING BRIEF IN SUPPORT OF
## STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## VOLUME 2

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

STEPHANI J. BALLARD, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED: December 10, 2007

# VOLUME 2
## TABLE OF CONTENTS

Answer and Third Party Complaint of State of Delaware Defendants: Stanley Taylor,
Paul Howard, Thomas Carroll, John Salas, Jessica Davis Barton and "Unknown
Employees" of the State of Delaware dated May 1, 2006 .....................................................A000103

First Correctional Medical Delaware, LLC's Answer to Third-Party Complaint
dated June 12, 2006 ..........................................................................................................A000118

Scheduling Order dated July 28, 2006 ................................................................................A000123

Amended Scheduling Order dated March 14, 2007 .............................................................A000130

Stipulated Order Amending Scheduling Order dated October 2, 2007 .................................A000132

Stipulated Order Amending Briefing Schedule dated November 6, 2007 .............................A000134

FCM's Rule 26(a)(1) Disclosures dated August 2, 2006 .....................................................A000136

Defendants'/Third Party Plaintiff's Rule 26(a)(1) Initial Disclosures dated August 7, 2006 ..........A000140

Plaintiff's Rule 26(a)(1) Initial Disclosures dated November 10, 2006 ................................A000146

State Defendants' Responses to Plaintiff Timothy Ward's First Set of Interrogatories
Directed to Defendants dated February 28, 2007 ...........................................................A000152

State Defendants' Responses to Plaintiff Timothy Ward's First Request for Admissions
Directed to Defendants dated February 28, 2007 ...........................................................A000166

State Defendants' Responses to Plaintiff Timothy Ward's First Request for Production of
Documents Directed to Defendants dated February 28, 2007 ..........................................A000171

Letter to Jeffrey K. Martin, Esquire and Daniel L. McKenty, Esquire from Stephani J. Ballard,
Deputy Attorney General Supplementing Defendants' initial disclosures and responses
to Requests for Production dated July 12, 2007 ..............................................................A000177

Defendants'/Third Party Plaintiffs' Supplementation of Initial Disclosures Pursuant to
Fed.R.Civ.P.26(e) dated August 7, 2007.........................................................................A000178

State Defendants'/Third Party Plaintiffs' Interim Status Report dated August 16, 2007................A000182

Plaintiff's Answers to State Defendants' First Set of Interrogatories Directed to Plaintiff
dated August 22, 2007....................................................................................................A000184

Plaintiff's Responses to State Defendants' First Request for Production of Documents
Directed to Plaintiff dated August 22, 2007 ...................................................................A000199

Letter to Stephani J. Ballard, Esquire from Jeffrey K. Martin, Esquire dated August 27, 2007 ......A000216

Defendants'/Third Party Plaintiffs' Second Supplementation of Initial Disclosures Pursuant to Fed.R.Civ.P.26(e) dated August 30, 2007 .......................................................................... A000219

Letter to Jeffrey K. Martin, Esquire from Stephani J. Ballard, Deputy Attorney General dated September 12, 2007 ................................................................................................... A000223

State Defendants' Responses to Plaintiff Timothy Ward's Second Set of Interrogatories dated October 15, 2007 ............................................................................................................ A000225

State Defendants' Responses to Plaintiff Timothy Ward's Second Request for Production of Documents dated October 15, 2007 .............................................................................. A000240

Letter to Stephani J. Ballard, Esquire from Jeffrey K. Martin, Esquire dated October 18, 2007 ..... A000245

Notice of Service of State Defendants' Supplemental Production of Documents (Bates Numbers D000681 – D001083) Responsive to Plaintiff's Second Request for Production of Documents dated October 31, 2007 ................................................................................ A000247

Letter to Jeffrey K. Martin, Esquire from Stephani J. Ballard, Deputy Attorney General dated November 16, 2007 ................................................................................................... A000248

State Defendants' Supplemental Responses to Plaintiff Timothy Ward's Second Request for Production of Documents dated December 4, 2007 ...................................................... A000251

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, | ) | C. A. No. 04-1391 KAJ |
| PAUL HOWARD, THOMAS | ) | |
| CARROLL, JOHN SALAS , | ) | |
| JESSICA DAVIS-BARTON, and | ) | |
| CERTAIN UNKNOWN INDIVIDUAL | ) | |
| EMPLOYEES OF STATE OF | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC. | ) | |

## ANSWER AND THIRD PARTY COMPLAINT OF STATE OF DELAWARE DEFENDANTS: STANLEY TAYLOR, PAUL HOWARD, THOMAS CARROLL, JOHN SALAS, JESSICA DAVIS-BARTON AND "UNKNOWN EMPLOYEES" OF STATE OF DELAWARE

COME NOW, State of Delaware defendants, Stanley Taylor, Paul Howard, Thomas Carroll, John Salas, Jessica Davis-Barton and "unknown employees" of the State of Delaware, and answer plaintiff's complaint as follows: Unless expressly admitted or qualified, all of the allegations in the Complaint are generally denied.

1.  Admitted, upon information and belief.

2.  Admitted that Defendant Stanley W. Taylor, Jr. was appointed by the Governor of the State of Delaware as the Commissioner of the Delaware Department of Correction (DOC), and currently serves in that position.

3.    Admitted.

4.    Admitted

5.    Admitted.

6.    Admitted.

7.    Denied.

8.    Admitted that the Department of Correction is a department within the executive branch of the State of Delaware government, which administers the prison/correctional system in the State of Delaware.  The balance of the averment is denied as alleged.

9.    Admitted, upon information and belief.  However State Defendants reserve all defenses, including jurisdictional defenses, which may be available to them.

10.    Admitted that Plaintiff, Timothy Ward, was and is an inmate in the custody of DOC, serving a three-year sentence for Burglary, Second Degree, arising out of an armed home invasion and robbery.  He was housed at the Delaware Correctional Center (DCC) in Smyrna until September, 2004, at which time he was transferred to Sussex Correctional Institute (SCI) in Georgetown.  Since that time, Plaintiff has also been housed briefly at the Morris Community Corrections Center (MCCC), but was returned to the custody of SCI due to violations at MCCC.  Plaintiff currently resides at SCI.

11.    Denied that plaintiff had no criminal record prior to the Burglary conviction.  Upon information and belief, Plaintiff was convicted of assault in 1999 in the state of Maryland.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the balance of this averment.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment.

14.    Upon information and belief, Denied.

15.    Upon information and belief, Denied.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the particulars of this averment. Otherwise, denied as alleged.

17.    Admitted that Inmate Robert Johnson was present in the T-Building "yard" on July 10, 2004. The balance of the averment is denied as alleged.

18.    Defendants are without knowledge or information sufficient to respond to this averment.

19.    Defendants are without knowledge or information sufficient to respond to this averment.

20.    Defendants are without knowledge or information sufficient to respond to this averment.

21.    Defendants are without knowledge or information sufficient to respond to this averment.

22.    Defendants are without knowledge or information sufficient to respond to this averment.

23.    Defendants are without knowledge or information sufficient to respond to this averment.

24.    Defendants are without knowledge or information sufficient to respond to this averment.

25.    Admitted that Inmate Johnson assaulted Inmate Ward on July 10, 2004 at DCC.  The balance of the averment is denied.  Defendants' specifically deny any responsibility for the independent criminal actions of Robert Johnson committed on July 10, 2004.

26.    Admitted that Inmate Johnson assaulted Inmate Ward on July 10, 2004 at DCC.  The balance of the averment is denied.  Defendants' specifically deny any responsibility for the independent criminal actions of Robert Johnson committed on July 10, 2004.

27.    Denied as alleged.

28.    Admitted that correctional officers responded to the assault.  The balance of the averment is denied.

29.    Defendants are without knowledge or information sufficient to respond to this averment.

30.    Admitted that Plaintiff, Inmate Ward, was taken to the DCC infirmary after the assault and that injuries including lacerations were noted, and that it was determined that Inmate Ward should be transported to Kent General Hospital.  The balance of the averment is denied as alleged.

31.    Denied as alleged.

32.    Admitted that an EMT/ambulance crew was promptly called to DCC to transport Inmate Ward to Kent General Hospital.

33.    Admitted that Inmate Ward was examined and treated at Kent General Hospital. Otherwise, denied as alleged.

34.    Admitted that Inmate Ward was treated and Kent General and released the same day. Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

35.    Admitted that Inmate Ward was given pain medication and put on a liquid diet in the infirmary. The balance of the averment is denied.

36.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

37.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

38.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

39.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

40.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

41.    Admitted that Inmate Ward was examined on July 19, 2004 by Dr. Lippman, a maxillofacial surgeon who advised, *inter alia*, that Ward's diet could be increased from liquid to soft, regular foods. Dr. Lippman stated no further treatment from him (Lippman) was required. The balance of the averment is denied as alleged.

42.    Denied as alleged.

43.    Admitted upon information and belief that Inmate Ward submitted a medical request when he exacerbated his injury by eating pretzels which were outside of his dietary restrictions. The balance of the averment is denied as alleged.

44.    Denied as alleged.

45.    Admitted that Ward was seen for a medical appointment on August 2, 2004. The balance of the averment is denied as alleged.

46.    Admitted that Inmate Ward submitted a written medical request on August 8, 2004 and an appointment was scheduled. The balance of the averment is denied as alleged.

47.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

48.    Denied.

49.    Denied as alleged.

50.    Admitted that Inmate Ward submitted a medical request on August 16, 2004 and an appointment was scheduled. The balance of the averment is denied as alleged.

51.    See response to paragraph 50.

52.    Admitted that Inmate Ward was seen by an optometrist. The balance of the averment is denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied

58.    Admitted that Inmate Ward submitted a written medical request on August 23, 2004. The balance of the averment is denied as alleged.

59.    Denied as alleged.

60.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

61.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

62.    Denied.  Inmate Ward was repeatedly evaluated during his time in the infirmary.  On September 2, 2004, Ward reported "I'm doing alright now that I am in here."

63.    Denied.

64.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

65.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

66.    Defendants are without knowledge or information sufficient to respond to this averment. Otherwise, denied as alleged.

67.    Denied.

68.    Admitted that Inmate Ward was examined by Dr. Fucci in September 2004. The balance of the averment is denied.

69.    Denied as alleged.

70.    Denied as alleged.

71.    Admitted that Inmate Ward was temporarily transferred to protective custody on or about September 17, 2004, following an argument with another inmate in which a TV was smashed.    The other inmate involved was also transferred. Upon information and belief, Inmate Ward was returned to the general population on September 22, 2004.  The balance of the averment is denied as alleged.

72.    Defendants are without knowledge or information sufficient to respond to this averment.  Otherwise, denied as alleged.

73.    Admitted.

74.    Defendants are without knowledge or information sufficient to respond to this averment.  Otherwise, denied as alleged.

75.    Defendants are without knowledge or information sufficient to respond to this averment.  Otherwise, denied as alleged.

76.    Denied.

77.    Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 76 above.

78.    Denied as to all parts and sub-parts.

79.    Denied.

80.    Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 79 above.

81.    Denied.

82.    Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 81 above.

83.    Denied.

84.   Denied.

85.   Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 84 above.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 90 above.

92.   Denied as to all parts and sub-parts.

93.   Denied.

## RELIEF

It is specifically denied that plaintiff is entitled to any relief or damages, including compensatory damages, punitive damages, costs and/or attorneys' fees.

## AFFIRMATIVE DEFENSES

1.   The State defendants are immune from liability to plaintiffs under the doctrine of sovereign immunity.

2.   The State defendants are immune from liability under the Eleventh Amendment of the United States Constitution.

3.   The State of Delaware, Department of Correction, and State defendants in their official capacities are not subject to suit or liable for alleged violations of plaintiff's constitutional rights as they are not "persons" pursuant to 42 U.S.C.A. §1983.

4.     Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5.     Individual defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

6.     To the extent the Plaintiff seeks to hold the defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior is not a basis for liability in an action under 42 U.S.C.A. §1983.

7.     To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 U.S.C.A. §1983.

8.     Plaintiff fails to state a claim against State defendants for failure to train and maintenance of wrongful customs, practices and policies.

9.     Plaintiff fails to state a claim against State defendants for violation of the Eighth Amendment.

10.     Plaintiff fails to state a claim against State defendants for violation of the First Amendment.

11.     Plaintiff's injuries were caused, in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by defendants.

13.     Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

14.    Plaintiff contributed to his own injuries, including, but not necessarily limited to, not following medical advice and restrictions, proximately causing and/or exacerbating his own injuries, if any.

15.    Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997a(e).

16.    Plaintiffs otherwise fail to state a claim upon which relief may be granted.

### STATE DEFENDANTS' THIRD PARTY COMPLAINT AGAINST FIRST CORRECTIONAL MEDICAL-DELAWARE, LLC (FCM), FOR CONTRACTUAL DEFENSE AND INDEMNIFICATION

1.    Third party defendant, First Correctional Medical Inc., LLC, a subsidiary of First Correctional Medical, Inc., is a corporation responsible, at all relevant times hereto, for the provision and performance of medical services to the State of Delaware, Department of Correction, pursuant to a contract between FCM and the State of Delaware.

### JURISDICTION

2.    The District Court has jurisdiction over the State Defendants' third-party complaint against FCM pursuant to 28 U.S.C.A. §§ 1367, as well as Federal Rules of Civil Procedure 19 and 20.

### COUNT I

### CONTRACTUAL INDEMINIFICATION

3.    The State of Delaware Department of Correction and third-party Defendant, First Correctional Medical-Delaware, L.L.C. (FCM), were parties to a contract for the provision of medical services to the Delaware Department of Correction's

inmate population, applicable and effective during July, 2004, and at all relevant times to this action.

4. The contract specifically created in third-party defendant, First Correctional Medical-Delaware, L.L.C., a clear and unequivocal duty to

> hold harmless, indemnify and defend the DOC [Department of Correction], the State of Delaware and their agents, employees or officers . . . from any and all suits, actions, losses, liability, damages (including punitive damages), expenses, reasonable attorney fees (including salaries of attorneys regularly employed by the State of Delaware), judgments or settlements . . . arising out of the provision of health care services by FCM, its employees, or subcontractors under the contract, including direct or indirect negligence or intentional acts of omission or commission, and professional malpractice regardless of any intentional acts o[r] omissions or commission by employees or officials of the DOC.

(6/17/02 Contract, ¶8. Hereinafter referred to as the "hold harmless provision").

5. All conditions precedent to recovery under the contract, if any, have been satisfied or waived.

6. According to the contract and the language of the hold harmless provision, the State Defendants are third-party beneficiaries of the contract.

7. State Defendants have been required to be represented by the undersigned counsel rather than an attorney provided by third-party defendant First Correctional Medical.

8. The State of Delaware Department of Correction has been required to expend public funds necessary to the litigation of this matter.

9. Injuries, if any, to Plaintiff were proximately caused by the actions, omissions and/or professional malpractice of defendant, First Correctional Medical, and/or its agents and employees.

10.    The State Defendants deny any liability arising out of any allegation by any party in this litigation. Third-party defendant, First Correctional Medical, is liable for defense and indemnification of the State and State Defendants under the hold harmless provision even if the State and/or any State Defendant is found to have engaged in negligent, intentional or other conduct resulting in injury and liability to plaintiff.

<u>COUNT II</u>

COMMON LAW INDEMNIFICATION

11.    The State Defendants incorporate by reference paragraphs 1 – 10 of the crossclaim as if more fully set forth herein.

12.    The State Defendants deny any liability arising out of any allegation by any party in this litigation. To the extent Plaintiff is successful in recovering any award against any State Defendant, the State Defendants are entitled to be held harmless, defended, and indemnified pursuant to the express language of the hold harmless provision of the contract.

13.    Should the Court rule that any portion of the contract or the hold harmless provision is inapplicable or void, the State Defendants are entitled to common law indemnification in the alternative. In the event that any State Defendant is found liable to the Plaintiff, then the State Defendants cross-claim against co-defendant First Correctional Medical, whose negligence was the primary and proximate cause of any and all injury and damage sustained by the Plaintiff, and for which the State Defendants, if liable at all, are only secondarily liable. The State Defendants are therefore entitled to common law indemnification in the event that their claim for contractual indemnification is rejected by the Court.

**WHEREFORE,** State Defendants demand that judgment be entered in their favor as to all claims, and against the plaintiff as to all claims, and that costs and attorney fees be awarded to the State Defendants. The State Defendants further demand that judgment be entered in their favor as to the third-party complaint and that costs and attorney fees incurred in relation thereto be awarded to the State Defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

_/s/ Stephani J. Ballard_
STEPHANI J. BALLARD (ID # 3481)
Deputy Attorney General
State of Delaware
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

DATED: May 1, 2006

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                          )
                                       )
       **Plaintiff,**              )
                                       )
v.                                     )
                                       )
STANLEY TAYLOR, et al.                 )    **C. A. No. 04-1391 KAJ**
                                       )
       **Defendants.**            )
                                       )
v.                                     )
                                       )
FIRST CORRECTIONAL MEDICAL             )
DELAWARE, LLC.                         )

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on <u>May 1, 2006</u>, she caused the attached, *Answer and*

*Third Party Complaint of State of Delaware Defendants: Stanley Taylor, Paul Howard,*

*Thomas Carroll, John Salas, Jessica Davis-Barton and "Unknown Employees" of State*

*of Delaware,* to be electronically filed with the Clerk of Court using CM/ECF which will

send notification of such filing to the following:

| | |
|---|---|
| Jeffrey K. Martin, Esquire | Daniel L. McKenty |
| Margolis Edelstein | Dana Spring Monzo |
| 1509 Gilpin Avenue | McCullough & McKenty |
| Wilmington, DE 19806 | 1225 N. King Street, Suite 1100 |
| | P.O. Box 397 |
| | Wilmington, DE 19899-0397 |

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

<u>/s/ Stephani J. Ballard</u>
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for State Defendants

**A000117**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1391 KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY OF TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC. | ) | |

## FIRST CORRECTIONAL MEDICAL DELAWARE, LLC'S, ANSWER TO THIRD-PARTY COMPLAINT

1.      Denied.  By way of further answer, admitted that First Correctional Medical Delaware, LLC, had a contract with the State of Delaware for the provision and performance of medical services from the period of July 1, 2002 through June 30, 2005.

2.      Admitted.

3.      Admitted.

4.      Denied.  By way of further answer,  the contractual language speaks for itself.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Wrongful conduct by answering defendant is denied and it is hereby denied that any actions of the answering defendant caused any illnesses, injuries, or damages of any nature to

**A000118**

the plaintiff.

    10.    Denied.

    11.    The answering defendants incorporate by reference paragraphs 1-10 of the Answer to Cross-Claim {sic} as if more fully set forth herein.

    12.    Denied.

    13.    Denied.

    **WHEREFORE**, defendant First Correctional Medical Delaware, LLC, demands that the action against it be dismissed and that it be awarded the cost of the defense of this action.

<p align="center"><strong><u>FIRST AFFIRMATIVE DEFENSE</u></strong></p>

This claim is barred by the doctrine of Accord and Satisfaction.

<p align="center"><strong><u>SECOND AFFIRMATIVE DEFENSE</u></strong></p>

This claim is barred by State Defendants' Assumption of Risk.

<p align="center"><strong><u>THIRD AFFIRMATIVE DEFENSE</u></strong></p>

This claim is barred by State Defendants' Comparative Negligence.

<p align="center"><strong><u>FOURTH AFFIRMATIVE DEFENSE</u></strong></p>

This claim is barred by the doctrine of Estoppel.

<p align="center"><strong><u>FIFTH AFFIRMATIVE DEFENSE</u></strong></p>

This claim is barred for Failure of Consideration.

<p align="center"><strong><u>SIXTH AFFIRMATIVE DEFENSE</u></strong></p>

This claim is barred by Laches.

<p align="center"><strong><u>SEVENTH AFFIRMATIVE DEFENSES</u></strong></p>

State Defendants failed to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The indemnification clause cited by State Defendants does not indemnify the State for acts of negligence committed by State Employees.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, LLC.

Date:   June 12, 2006

**A000120**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1391 KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY OF TWELVE DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC. | ) | |

## CERTIFICATE OF SERVICE

I, **Dana Spring Monzo**, hereby certify that on this date a copy of the attached *First Correctional Medical Delaware, LLC's, Answer to Third Party Complaint* was e-filed and served via first class mail upon the following:

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Ave.
Wilmington, DE 19806

Ms. Stephanie Ballard
Delaware Department of Justice
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801

**A000121**

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, LLC.

Date:   June 12, 2006



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                         )
                                      )
            Plaintiff,                )
                                      )
    v.                                )
                                      )
STANLEY TAYLOR, et al.,               )    C.A. No. 04-1391-KAJ
                                      )
            Defendants and            )
            Third-Party Plaintiffs,   )
                                      )
    v.                                )
                                      )
FIRST CORRECTIONAL MEDICAL            )
DELAWARE, LLC,                        )
                                      )
            Third-Party Defendant     )

## SCHEDULING ORDER

This 20th day of _____July_____, 2006, the Court having conducted an

initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on

**July 18, 2006**, and the parties having determined after discussion that the matter cannot

be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

**IT IS ORDERED** that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant

to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If

they have not already done so, the parties are to review the Court's Default Standard for

Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see

**A000123**

Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

    2.    <u>Joinder of other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **October 1, 2006.**

    3.    <u>Discovery</u>

        a.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of **40 hours** of taking testimony by deposition upon oral examination.

        b.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        c.    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **June 30, 2007**.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        d.    <u>Disclosure of Expert Testimony</u>.  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of

expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   e. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.    <u>Application to Court for Protective Order</u>.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for

the disclosure of confidential information, counsel should confer and attempt to reach an

agreement on a proposed form of order and submit it to the Court within ten days from

the date of this Order.  Should counsel be unable to reach an agreement on a proposed

form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the
> disclosure of information in this case, the Court does not
> intend to preclude another court from finding that information
> may be relevant and subject to disclosure in another case.
> Any person or party subject to this order who becomes subject
> to a motion to disclose another party's information designated
> "confidential" pursuant to this order shall promptly notify that
> party of the motion so that the party may have an opportunity
> to appear and be heard on whether that information should be
> disclosed.

5.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should

deliver to the Clerk an original and one copy of the papers.

6.    <u>Settlement Conference</u>.  Pursuant to 28 U.S.C. § 636, this matter shall be

referred to the United States Magistrate for scheduling.

7.    <u>Interim Status Report</u>.  On **May 2, 2007** counsel shall submit a letter to the

Court with an interim report on the nature of the matters in issue and the progress of

discovery to date.

4

**A000126**

8.    <u>Status Conference</u>. On **May 9, 2007** the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30p..m.. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 31, 2007.** Briefing will be presented pursuant to the Court's Local Rules.

10.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    <u>Pretrial Conference</u>. On **January 3, 2008,** the Court will hold a Final Pretrial Conference in Chambers with counsel or party beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

5

**A000127**

The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **December 3, 2007.**

12.   Motions *in Limine*. Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.   Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

6

**A000128**

14.    <u>Trial</u>.  This matter is scheduled for a **7 day jury trial** beginning at **9:30 a.m.** on **January 23, 2008**.  For the purpose of completing pretrial preparations, counsel or the party should plan on each side being allocated a total of 32 hours (16 hours for plaintiff and 16 hours for all of the defendants) to present their case.

_____

UNITED STATES DISTRICT JUDGE

7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                                    :

          Plaintiff,                        :

v.                                               :    Civil Action No. 04-1391-***

                          :

STANLEY TAYLOR, et al.,                          :

          Defendants and                    :
          Third-Party Plaintiffs,           :

v.                                               :

FIRST CORRECTIONAL MEDICAL                       :
DELAWARE, LLC,                                   :

          Third-Party Defendant.            :

### AMENDED SCHEDULING ORDER

At Wilmington, Delaware, this **14th** day of **March, 2007.**

IT IS ORDERED that the Scheduling Order dated July 28, 2006 (D.I. 38) is hereby amended as follows:

    3.    <u>Discovery</u>

        c.    <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before September 28, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    7.    <u>Interim Status Report</u>. On August 16, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date.

      8.    <u>Status Conference</u>. On August 23, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 8:30 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

      9.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 31, 2007. Briefing will be presented pursuant to the Court's Local Rules.

      Paragraphs 11-14. To be determined at a later date.

<div align="right">

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-*** |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## STIPULATED ORDER AMENDING SCHEDULING ORDER

Whereas the parties agree that additional time is necessary for discovery in this case. The

parties herby stipulate, subject to the order of this Court, to the following deadlines:

Closure of discovery:  October 31, 2007.

Dispositive motions/opening briefs:  November 30, 2007.

The parties agree that all other deadlines in the Amended Scheduling Order dated March

14, 2007 (D.I. 61) will remain the same.  There is no trial date scheduled for this case at this

time.

/s/Jeffrey K. Martin
JEFFREY K. MARTIN (#2407)
Martin & Wilson, P.A.
1508 Pennsylvania Avenue
Wilmington, DE 19806
Attorney for Plaintiff

    /s/ Stephani J. Ballard
STEPHANI J. BALLARD (#3481)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
Attorney for Defendants/
Third-party Plaintiffs

/s/Daniel L. McKenty
DANIEL L. MCKENTY (#2689)
Heckler & Frabizzio
P.O Box 128
Wilmington, DE 19899
Attorney for First Correctional Medical- Delaware, LLC


SO ORDERED, this _____day of _____, 2007.


_____
U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-*** |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**STIPULATED ORDER AMENDING SCHEDULING ORDER**

IT IS HEREBY STIPULATED by the parties in the above action, subject to the order of

this Court, that the dispositive motions deadline be extended as follows:

Opening Briefs due December 10, 2007.

Answering Briefs due January 7, 2008.

Reply Briefs due January 17, 2008

The parties agree that all other deadlines in the Amended Scheduling Order dated March

14, 2007 (D.I. 61) will remain the same.  There is no trial date scheduled for this case at this

time.

| | |
|---|---|
| /s/Jeffrey K. Martin | /s/ Stephani J. Ballard |
| JEFFREY K. MARTIN (#2407) | STEPHANI J. BALLARD (#3481) |
| Martin & Wilson, P.A. | Deputy Attorney General |
| 1508 Pennsylvania Avenue | Carvel State Office Building |
| Wilmington, DE  19806 | 820 N.  French Street, 6th floor |
| Attorney for Plaintiff | Wilmington, DE  19801 |
| | Attorney for Defendants/ |
| | Third-party Plaintiffs |

**A000134**

/s/Daniel L. McKenty
DANIEL L. MCKENTY (#2689)
Heckler & Frabizzio
P.O Box 128
Wilmington, DE 19899
Attorney for First Correctional Medical- Delaware, LLC


SO ORDERED, this _____day of _____, 2007.


_____
U.S. District Court Judge

H:\FILES\DAN\WARD\Rule 26(a)(1) Disclosures.wpd

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

TIMOTHY WARD,          )
                               )
                               )
           Plaintiff       )     C.A. No. 04-1391 KAJ
                               )
        v.                 )
                               )
STANLEY TAYLOR, et al.,     )
                               )
          Defendants.    )
                               )
        v.                 )
                               )
FIRST CORRECTIONAL MEDICAL )
DELAWARE, LLC.          )

## RULE 26(a)(1) DISCLOSURES

      26.(a)(1)(a)    Sitta Gombeh Alie, M.D. - Dr. Alie may be contacted through counsel for First Correctional Medical.

      26.(a)(1)(b)    To date, defendant First Correctional Medical does not possess any document or tangible item that it will use in support of its defenses.

      26.(a)(1)(c)    N/A.

      26.(a)(1)(d)    Defendant is self-insured.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, LLC.

Date:   August 2, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

TIMOTHY WARD,                          )
                                       )
                                       )
                Plaintiff              )      C.A. No. 04-1391 KAJ
                                       )
        v.                             )
                                       )
STANLEY TAYLOR, et al.,                )
                                       )
                Defendants.            )
                                       )
        v.                             )
                                       )
FIRST CORRECTIONAL MEDICAL             )
DELAWARE, LLC.                         )

## CERTIFICATE OF SERVICE

I, **Dana Spring Monzo**, hereby certify that on this date a copy of the attached *Rule 26(a)(1)*

*Disclosures* was served via LexisNexis File & Serve upon the following:

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Ave.
Wilmington, DE 19806

Ms. Stephanie Ballard
Delaware Department of Justice
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801

Herbert G. Feuerhake, Esquire
521 West St.
Wilmington, DE 19801

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, LLC.

Date:   August 2, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-KAJ |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## DEFENDANTS'/THIRD PARTY PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES

Defendants/Third Party Plaintiffs (hereinafter "Defendants") disclose the following information in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. These disclosures are based on information reasonably available to Defendants as of this date. Continuing investigation and discovery may alter these disclosures. Defendants reserve the right to supplement the information disclosed below if additional information becomes available.

By making these disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this claim. Nor do Defendants waive their right to object to the production of any document or tangible thing disclosed on the basis of any privilege, the work-product doctrine, relevancy, undue

**A000140**

burden or any other valid objection. Defendants disclosures represent a good faith effort to identify information they reasonably believe is required by Rule 26(a)(1).

Defendants' disclosures are made without waiver of: 1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or other proper ground, 2) the right to object to the use of any such information, for any purpose, in whole or in part, in this or any other action; and 3) the right to object on any and all proper grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications.

Pursuant to Fed. R. Civ. P. 26(a), the Defendants make the following initial disclosures:

**1. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

<u>RESPONSE</u>:

1.    Plaintiff, Timothy Ward, (Inmate SBI # 00501898);

2.    Defendants, Stanley Taylor, Paul Howard, Thomas Carroll, John Salas, Jessica Davis-Barton: all are employees/officials of Department of Correction.

3.    Medical Personnel employed by Third Party Defendant, First Correctional Medical Delaware, LLC, including but not limited to Dr. Sitta Alie and Terry Hastings, RN.

4.    Inmate, Robert L. Johnson, SBI #00366476.

5.    Dr. Norman Lippman.

6.    Dr. Rodolfo J. Rios.

7.    Joseph Belanger, Shift Commander, DCC.

8.    Aladino Rodriguez, Jr., Correctional Officer, DCC.

9.    Keith Lovett, former Correctional Officer, DCC.

10.    Veronica (Drummond) Sabb, Correctional Officer, DCC

In addition, Defendants reserve the right, pursuant to Rule 26(e) to supplement this list and identify additional witnesses.  Defendants further reserve the right to identify and call any witnesses listed by other parties to this case.

**2.  A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

**RESPONSE**: [1]

1.    Medical file(s) and reports pertaining to Plaintiff, Inmate Timothy Ward, DOB 8/18/62.

2.    Department of Correction Institutional file and sentencing information for Plaintiff, Inmate Timothy Ward, DOB 8/18/62, SBI # 00501898.

3.    "Incident Reports" re: 7/10/04 assault involving Plaintiff Ward and Inmate Robert Johnson.

4.    Various letters, dated 8/4/04 – 8/31/04 from Ward family re: Timothy Ward's condition.

**3.  A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or**

---

[1] Copies of all responsive non-privileged records currently in counsel's possession will be supplied upon execution of a pre-trial confidentiality agreement (pertaining to those records deemed confidential) among the parties.

other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

RESPONSE: Defendants/Third-party plaintiffs maintain that Third-party defendant, First Correctional Medical-Delaware, LLC, is liable for indemnification of Third-party plaintiffs to the full extent that any damages are assessed against and/or payable by Third-party plaintiffs in this matter. Such damages are not susceptible of determination at this time. Defendants/third-party plaintiffs reserve the right to supplement this response as appropriate during the course of discovery.

4. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE: None.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


    /s/ Stephani J. Ballard
STEPHANI J. BALLARD (#3481)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants/
Third-party Plaintiffs.

DATED: August 7, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-KAJ |
| Defendants and<br>Third-Party Plaintiffs, | ) | |
| v. | ) | |
| FIRST CORRECTIONAL MEDICAL<br>DELAWARE, LLC, | ) | |
| Third-Party Defendant | ) | |

## NOTICE OF SERVICE

The undersigned certifies that on August 7, 2006, she caused the attached

**DEFENDANTS'/THIRD PARTY PLAINTIFFS' RULE 26(a)(1) INITIAL**

**DISCLOSURES** to be delivered to the following persons via electronic mail:

**NAME AND ADDRESS OF RECIPIENT(S):**

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Ave.
Wilmington, DE 19806

Dana Spring Monzo, Esquire
McCullough & McKenty
1225 N. King St., Ste. 1100
P.O. Box 397
Wilmington, DE 19899-0397

**A000144**

Herbert G. Feuerhake, Esq.
521 West St.
Wilmington, DE 19801

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants and Third-party Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1391(KAJ) |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR; PAUL HOWARD; | ) | |
| THOMAS CARROLL; JOHN SALAS; | ) | |
| JESSICA DAVIS-PARTON; CERTAIN | ) | |
| UNKNOWN INDIVIDUAL EMPLOYEES OF | ) | |
| THE STATE OF DELAWARE DEPARTMENT | ) | |
| OF CORRECTION; and STATE OF DELAWARE) | | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S RULE 26(A)(1) INTIAL DISCLOSURES

Plaintiff, Timothy Ward, by and through his undersigned attorney, hereby

exchanges the following Pre-Discovery Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

## RESERVATIONS

1.    Plaintiff's Initial Disclosures are made without waiver of, or prejudice to,

any objections Plaintiff may have. Plaintiff expressly reserves all objections, including,

but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product

protection; (d) any other applicable privilege or protection under federal or state law; (e)

undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these

Initial Disclosures of the subject matter thereof; and (i) producing documents containing

information disclosed or transmitted to any state or federal agency, to the extent such

information is confidential and not required to be disclosed under applicable law. All

objections are expressly preserved, as are Plaintiff's right to move for a protective order.

Plaintiff reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

2.      Plaintiff has not completed his investigation of this case and reserves the right to clarify, amend, modify, or supplement the information contained in these Initial Disclosures if and when it obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure.

3.      Plaintiff's Initial Disclosures are made subject to and without limiting any of the foregoing.

## INITIAL DISCLOSURES

I.      The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

**ANSWER:**

1.      Witness, Stanley Taylor, Chief Officer of the Department of Corrections, 245 McKee Road, Dover, Delaware 19904; Commissioner of Corrections for the State of Delaware.

2.      Witness, Paul Howard, Bureau Chief of the Department of Corrections, 245 McKee Road, Dover, Delaware 19904;

3.      Witness, Thomas Carroll, Warden of the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

4.      Witness, John Salas, Correctional Officer, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

5. Witness, Jessica Barton-Davis, counselor at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

6. Witness, Officer Lovett, former Correctional Officer at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

7. Witness, Louise Ward, mother of the Plaintiff, 13441 Overbrook Lane, Bowie, Maryland 20715.

8. Witness, June Ward, sister of the Plaintiff, 7036 Kathy Street, Easton, Maryland 21601.

9. Witness Richard Shipkowski, an inmate at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

10. Witness Gary Bowers, Jr., an inmate at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

11. Witness, William Boney, an inmate at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

12. Witness Trevor Lyn, an inmate at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

14. Witness Mary Allen, a reporter for the New Journal, 950 Basin Road, New Castle, DE 19720.

16. Witness Dr. Rios, an ophthalmologist for Atlantic Eye Care, 6 Old Town Office Park, Lewis, Delaware 19958.

17. Witness David Larned, MD, an oculoplastic surgeon; 18791 John J. Williams Highway, Rehoboth Beach DE 19971.

**A000148**

18.     Witness Dr. Norman Lippman, DDS, a dentist and oral surgeon; 712 South Governors Avenue, Dover, Delaware 19904.

19.     Witnesses Karen Lunegren, Rose Lowgrove, Robert Harris, Thomas Chuks, and Carol Lozeck, registered nurses, First Correctional Medical at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

II.     A copy of, or a description, by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

**ANSWER:**

1.     Medical Grievance Files pertaining to Plaintiff Timothy Ward, DOB 8/18/62.

2.     Requests for Medical/Dental Sick Call Services pertaining to Plaintiff Timothy Ward, DOB 8/18/62.

3.     Written documentation from Plaintiff Timothy Ward , DOB 8/18/62.

4.     Written evaluation of Plaintiff Timothy Ward's medical condition by private physician, DOB 8/18/62.

5.     Medical records pertaining to Plaintiff Timothy Ward from Kent General Hospital, DOB 8/18/62.

III.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such

computation is based, including materials bearing on the nature and extent of injuries

suffered.

**ANSWER:**

    To be provided at a later date.


IV.    For inspection and copying as under Rule 34 any insurance agreement under

which any person carrying on an insurance business may be liable to satisfy part or all of

a judgment which may be entered in the action or to indemnify or reimburse for

payments made to satisfy judgment.

**ANSWER:**

    Not applicable


HERBERT G. FEUERHAKE            MARGOLIS EDELSTEIN

_____ for        _____

Herbert G. Feuerhake, Esquire        Jeffrey K. Martin, Esquire (#2407)
521 West Street                       1509 Gilpin Avenue
Wilmington, DE 19801           Wilmington, DE 19806
(302)658-6101                        (302) 777-4680
(302) 658- 6105 fax               (302) 777-4682 fax
herblaw@verizon.net              jmartin@margolisedelstein.com


Dated: November 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 04-1391(KAJ) |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL |
| | ) | DEMANDED |
| STANLEY TAYLOR; PAUL HOWARD; | ) | |
| THOMAS CAROLL; JOHN SALAS; JESSICA | ) | |
| DAVIS-PARTON; CERTAIN UNKNOWN | ) | |
| INDIVIDUAL EMPLOYEES OF THE STATE | ) | |
| OF DELAWARE DEPARTMENT OF | ) | |
| CORRECTION; and STATE OFDELAWARE | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE AND CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006, a true and correct copy of the

Plaintiff's Pre-Discovery Disclosures Pursuant to Fed. R. Civ. P. 26(A)(1), was served

upon the following counsel of record via first class mail, postage prepaid:

Stephani J. Ballard, Esquire
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 (fax)
Attorney for the Plantiff

**A000151**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-(***) |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**STATE DEFENDANTS' RESPONSES TO PLAINTIFF TIMOTHY WARD'S
FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS**

1.    Identify by name and SBI number all inmates housed in the minimum security T-Building on July 10, 2004, and for each inmate so identified please state:

(a)    whether such inmate remains incarcerated, and if still incarcerated, provide the anticipated date of release and the institution in which the inmate is currently incarcerated;

(b)    if such inmate is no longer incarcerated, the date of release, the current address of the inmate, and the probation status of the inmate (if applicable) and;

(c)    whether such inmate was interrogated with regard to his knowledge of the circumstances surrounding this Complaint.

**A000152**

**ANSWER:**

Objection. This interrogatory is overbroad and unduly burdensome. The DCC inmate population assigned to various housing units fluctuates constantly, and DOC does not maintain inmate data in such a way as to be able to reconstruct the inmate population in a given building on any given day. DOC can advise as to the housing location of a particular inmate at a particular time if the inmate's name is provided. T-buildings are minimum security buildings. See also incident reports and internal investigation file for the names of inmate witnesses who were in the T-yard at the time of the incident on July 10, 2004.

2.      Identify by name, rank, and job title, all employees of the DOC with responsibility for the supervision of prisoners in T-Building on July 10, 2004, and for each such individual identified, please state:

(a)     whether he or is still employed by the DOC;

(b)     if not employed by the DOC, the person's home address;

(c)     which employees had what responsibilities, and;

(d)     whether the employee was interviewed with regard to the

circumstances surrounding this Complaint.

**ANSWER:**

To the best of Defendants' knowledge, the following personnel had responsibility for areas within the "T" unit, which consists of two buildings (T1 and T2) and an outside yard:

1. Lieutenant Ralph Heverin- Shift Commander on July 10, 2004; responsible for operations--staff and inmates. Heverin is still employed by DOC.

2.  Lieutenant John Salas- Area Lieutenant on July 10, 2004; responsible for supervising entire T area, S1 building, and E building.  Salas is still employed by DOC.

3.  [Former] Officer Keith Lovett.  Responsible for supervising T area—2 buildings and yard.  Lovett is no longer employed by DOC.

4.  Officer Mike Divirgilis - T-1 officer on July 10, 2004; responsible for the inmates in T-1 building.  Divirgilis is still employed by DOC.

5.  Officer Phillip Dunning – T-2 officer on July 10, 2004, responsible for the inmates in T-2 building.  Dunning is still employed by DOC.

6.  Major David Holman- Security Superintendent on July 10, 2004; responsible for staff and inmates for entire West side of compound.  Holman is still employed by DOC.

3.      Identify the rules and regulations that pertain to inmates' use of the recreational yard where the assault on Plaintiff by Inmate Johnson occurred.

**ANSWER:**

Inmate housing rules specify the time and duration the inmates are offered yard, as weather permits. In bad weather conditions outside yard is not allowed and recreation time is normally conducted in designated areas such as day rooms. There is no written regulation as to supervision of the outside yard for the T-buildings.  When T-building inmates have outside yard, an officer (usually "Unit 28") is assigned to the yard as part of his duty area.

4.      Why was Inmate Robert Johnson moved from W-Building to T-Building after attempting to commit suicide in May 2004?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. Following medical treatment after the February, 2004 window incident in W building, inmate Johnson was returned to the same W-building for approximately one month, and was then moved to T-building in March 2004. As both W-building and T-building are minimum security units, Johnson was not reclassified and no classification document was created as a result of the move. Upon information and belief, the move was due to space becoming available in the T-building. The T-buildings are "dormitory style" as opposed to the single cells in W-building.

5.    Is W-Building also a minimum security building?

**ANSWER:**

Yes. W-building is a minimum security building.

6.    Why was Inmate Johnson not taken to the infirmary or placed in isolation after the commotion the night of July 9, 2004, or after threatening to rape a correctional officer the morning of July 10, 2004?

**ANSWER:**

Objection. This interrogatory is vague, and assumes or is predicated on facts not in evidence. There is no record of any incident involving Robert Johnson on July 9, 2004. On Saturday, July 10, 2004, Robert Johnson was taken to the infirmary by DOC security personnel following his verbal behavior in chow hall that morning. Johnson was seen by an FCM nurse, who examined him and scheduled him for a mental health

appointment for Monday July 12, 2004, and released him back to his housing unit.  The

nurse's notes state that, at the time he was seen, Johnson did not appear agitated and

stated he had no intention of harming himself or others.

      7.     Why were there no medical personnel in the Infirmary on July 10, 2004 to

conduct an evaluation of Inmate Johnson?

**ANSWER:**

      Objection to the extent this interrogatory assumes or is predicated on facts not in

evidence.  Medical personnel were present in the Infirmary on July 10, 2004, and inmate

Johnson was examined by a nurse in the DCC infirmary on July 10, 2004.  See response

to Interrogatory #6, above.  State Defendants cannot respond to this interrogatory as it

pertains to the conduct of or specific actions taken by medical staff employed by FCM.

      8.     Why was Inmate Johnson released into the recreational yard prior to his

assault on Plaintiff?

**ANSWER:**

      See Response to Interrogatory #6 above.  The T-building inmates were having

"yard" at the time in question, when Johnson returned from medical.

      9.     Why were Defendants Lovett and Salas inside the T-Building at the time

of Inmate Johnson's attack on Plaintiff?

**ANSWER:**

Objection. Former Correctional Officer [Keith] Lovett is not a Defendant to this case, nor a responding party to these interrogatories. This interrogatory is further objected to, to the extent it assumes or is predicated on facts not in evidence. Notwithstanding said objections, Lt. Salas was inside the T1 building at the time of the assault, as part of his duties as "Unit 13" area lieutenant, which encompassed responsibility for supervising T1 and T2 buildings, S1 building and E building. Upon information and belief, former-CO Lovett was inside the T2 building at the time of the assault. Lovett was assigned to "Unit 28", which was responsible for patrol of both the inside of the T buildings and well as the T buildings' outside yard area.

10. On July 10, 2004, was there a procedure or protocol involving an alert system that activated at the time of an inmate altercation?

**ANSWER:**

Officers are trained to respond to situations such as a fight by isolating, containing and/or resolving the matter. If a fight between two inmates is observed in progress a "Code 8" is called and assistance is rendered by security. Code 8 did not apply to the instant case, as the assault was not in progress, and inmate Johnson had left the scene, when security personnel responded.

11. Why were Plaintiff's vital signs not taken by either Defendant Lovett or Defendant Salas?

**ANSWER:**

Objection.  Former Correctional Officer [Keith] Lovett is not a Defendant to this case, nor a responding party to these interrogatories.  Notwithstanding said objection, when Lt. Salas reported to the scene, Ward was assisted to a sitting position on the table. Lt. Salas is not a medical provider, and did not take "vital signs," other than to assure that inmate Johnson was conscious and breathing, which he was.  Medical personnel responded shortly thereafter.


12.    Was Dr. Allie, the physician who authorized that Plaintiff be taken to Kent General Hospital, physically in DCC when Plaintiff was attacked by Inmate Johnson?

**ANSWER:**

State Defendants cannot respond to this interrogatory as to the staffing of the infirmary or specific actions taken by medical staff employed by FCM.  Captain Michael McCreanor believes, but is not positive, that he may have spoken to Dr. Alie following the assault, when he required Ward to be taken to Kent General Hospital by ambulance.


13.    Who made the request to the Shift Commander that Plaintiff be taken in the DCC van to Kent General Hospital?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence.  Notwithstanding said objection, the request that Plaintiff be taken to Kent General Hospital on July 10, 2004 by ambulance was not made "to" the Shift Commander, but was made *by* and at the direction of DCC Shift Commander Captain

**A000158**

Michael McCreanor to FCM medical personnel who had originally requested Plaintiff be transported by DCC van. DOC records show (Bates D00508) that FCM Medical Staff (unidentified) requested that inmate Ward be transported to the hospital by State (DOC) vehicle, but that request was denied by Captain McCreanor who required Ward to be transported by ambulance.

14.    What were the discharge instructions given regarding Plaintiff's care upon his discharge from Kent General Hospital?

**ANSWER:**

The discharge document from Kent General Hospital on July 10, 2004 has been produced by Defendants at Bates numbered page D0056, and speaks for itself.

15.    Who at DCC received the discharge instructions for Plaintiff from Kent General Hospital?

**ANSWER:**

Lt. Bradley Lee, who had accompanied inmate Ward to the hospital, signed for the discharge sheet. See Bates number D0056.

16.    Were Motrin and Darvocet prescribed for Plaintiff by a physician associated with DOC or from the discharging physician at Kent General Hospital?

**ANSWER:**

Objection. DOC does not employ physicians or medical staff directly. During the relevant time period, DOC contracted with FCM for provision of all medical services.

State Defendants cannot answer this interrogatory based on information held by Defendant, FCM, or non-party, Kent General Hospital. Notwithstanding said objection, Ward's medical records show that he was prescribed Darvocet and Motrin 800 mg. by an FCM doctor, Dr. Aramburo on July 10, 2004, upon his return from KGH. (Bates D0093).

17.    Why wasn't a change of clothes provided to the Plaintiff upon his return from Kent General Hospital?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. Notwithstanding said objection, Plaintiff was given access to a shower and was given clean clothing upon his return to DCC after his treatment at Kent General. *See* Bates # D00440.

18.    Why was Plaintiff dressed in the same bloody clothes as a result of Inmate Johnson's attack for five days or more following the attack?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. Notwithstanding said objection, Plaintiff was given access to a shower and was given clean clothing upon his return to DCC after his treatment at Kent General. *See* Bates # D00440.

19.    Why was a liquid or soft food diet not provided to Plaintiff as directed by Dr. Lippman?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. Notwithstanding said objection, Plaintiff was placed on a full liquid diet following the July 10, 2004 assault for the period of time ordered by FCM Medical Staff. See Bates # D0093. To the extent inmate Ward's diet was ordered, restricted or modified as part of medical treatment, this interrogatory is more properly directed to FCM.

20.    Why was pain medication denied to Plaintiff each time he wrote a "sick slip" complaining of his excessive pain?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. Notwithstanding said objection, Plaintiff was given pain medication based upon his medical needs as ordered by FCM Medical Staff. State Defendants and other DOC employees have no involvement in the prescription and distribution of medication; this is handled solely by the contracted medical provider.

21.    Why did Defendant Davis-Parton[1] inform Plaintiff's sister that this incident was all Plaintiff's fault ?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. Defendant, Davis-Barton, denies making this alleged statement.

---

[1] This defendant's name is Jessica Davis Barton.

22.     Was Plaintiff told by Defendant Lovett not to report the fact no one was in the infirmary to treat Plaintiff after the attack by Inmate Johnson?  If so, why?

**ANSWER:**

Objection.  Former Correctional Officer [Keith] Lovett is not a "Defendant" to this case, nor a responding party to these interrogatories.  This interrogatory is further objected to, to the extent it assumes or is predicated on facts not in evidence.


23.     Did Defendant Davis-Parton instruct a correctional officer not to call a medic for Tim for any reason?  If so, why?

**ANSWER:**

No.


24.     Did Defendant Davis-Parton instruct Plaintiff to make no further medical requests after August 16, 2004?  If so, why?

**ANSWER:**

No.


25.     Why is it necessary for relatives of inmates to provide proper nutritional supplies to an inmate because a proper diet was not being provided by DOC?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence.  DOC/DCC has at all times provided proper and adequate nutrition to inmates,

including Timothy Ward. To the extent inmate Ward's diet was ordered or restricted as part of medical treatment, this interrogatory is more properly directed to FCM.

26.    Why was Plaintiff placed in a 10' by 10' glass-enclosed cell following notification by Plaintiff's counsel to the Governor about deficiencies in Plaintiff's medical care?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. This interrogatory is vague and does not specify the relevant time period or events in question. Notwithstanding said objections, there is no such thing as "a 10' by 10' glass-enclosed cell" at DCC. In the infirmary, patient inmates are housed in single or double cells, which have glass windows to the central hallway so that medical and security staff can observe the patients. Timothy Ward was housed in the infirmary from 7/10/04 to 7/20/04 and from 9/2/04 to 9/17/04.

27.    Why was Plaintiff not seen by a physician following the release from Kent General Hospital until September 9, 2004?

**ANSWER:**

Objection to the extent this interrogatory assumes or is predicated on facts not in evidence. This interrogatory is more properly directed to FCM, the medical provider. Notwithstanding said objections, upon information and belief based upon the medical records, Plaintiff was seen by FCM doctors, including Drs. Aramburo, Brown, Duffy and/or Alie during his 7/10/04 to 7/20/04 stay in the infirmary. (See D0093-95).

Plaintiff was also seen by a maxillofacial surgeon, Dr. Lippman, on July 19, 2004.

(DD0068). Plaintiff was also seen by an FCM doctor on August 2, 2004. (D0096;

D00244).


28.    Why was Plaintiff placed in isolation once he was released from the

infirmary in mid-September 2004?

**ANSWER:**

Upon information and belief, Plaintiff was placed in "protective custody," on or

about September 17, 2004, due to the danger of physical harm and verbal threats against

him by another inmate, Kareem Woodlin. Ward and Woodlin were involved in an

altercation on that date, during which Woodlin's television was smashed and broken.

(Bates # D00427; D00481-485).

<div align="right">

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Stephani J. Ballard*
STEPHANI J. BALLARD (#3481)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants/
Third-party Plaintiffs

</div>

DATED: February 28, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-(***) |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## NOTICE OF SERVICE

I hereby certify that on February 28, 2007, a true and correct copy of the *State Defendants' Response to Plaintiff Timothy Ward's First Set of Interrogatories Directed to Defendants* was served upon the following counsel of record via U.S. Mail.

| | | |
|---|---|---|
| Jeffrey K. Martin, Esquire | Dana Spring Monzo, Esquire | Herbert G. Feuerhake, Esq. |
| Margolis Edelstein | McCullough & McKenty | 521 West St. |
| 1509 Gilpin Ave. | 1225 N. King St., Ste. 1100 | Wilmington, DE 19801 |
| Wilmington, DE 19806 | P.O. Box 397 | |
| | Wilmington, DE 19899-0397 | |

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants and Third-party Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )
                                       )
STANLEY TAYLOR, et al.,                )       C.A. No. 04-1391-(***)
                                       )
                Defendants and         )
                Third-Party Plaintiffs,)
                                       )
        v.                             )
                                       )
FIRST CORRECTIONAL MEDICAL             )
DELAWARE, LLC,                         )
                                       )
                Third-Party Defendant  )

## STATE DEFENDANTS' RESPONSES TO PLAINTIFF TIMOTHY WARD'S FIRST REQUEST FOR ADMISSIONS DIRECTED TO DEFENDANTS

Pursuant to Federal Rule of Civil Procedure Rule 36, State Defendants, by and through their undersigned counsel, hereby respond to Plaintiff's First Requests for Admissions as follows:

1.      Inmate Johnson was moved from W-Building to T-Building prior to his attack on Plaintiff in an attempt to prevent further suicide attempts.

**ANSWER:**

Denied.

2.      There were no medical personnel in the Infirmary on July 10, 2004, at the time Inmate Johnson was brought to the Infirmary before Johnson attacked Plaintiff.

**ANSWER:**

Denied.

**A000166**

3.    At the time of Inmate Johnson's attack on Plaintiff, Defendant Lovett was inside T Building on July 10, 2004.

**ANSWER:**

Former Correctional Officer Keith Lovett is not a Defendant in this case nor a responding party to these requests.   Upon information and belief, admitted that Lovett, who was on duty to patrol the whole "T" area (inside and out) was inside the "T2" building at the time of the assault.

4.    At the time of Inmate Johnson's attack on Plaintiff, Defendant Salas was inside T Building on July 10, 2004.

**ANSWER:**

Admitted that Lt. John Salas, the area lieutenant whose duty area encompassed the entire "T" area (inside and out), "S" building and "E" building, was inside the T1 building at the time of the assault.

5.    Upon responding to the scene where Plaintiff was attacked, Defendant Salas initially believed that Plaintiff had died.

**ANSWER**

Denied.

6.    Upon responding to the scene where Plaintiff was attacked, Defendant Lovett initially believed that Plaintiff had died.

**ANSWER**

Objection. Former Correctional Officer Keith Lovett is not a Defendant in this case nor a responding party to these requests. State Defendants cannot speculate on Lovett's "belief" responsive to this request.

7.     No physician was present at DCC and available to Inmate Ward at the time of his attack by Inmate Johnson.

**ANSWER:**

This request is more properly directed to Defendant, FCM, who, State Defendants believe, holds responsive information as to medical staffing at DCC. Notwithstanding said objection, State Defendants deny this request for admission.

8.     Following his discharge from Kent General Hospital, Plaintiff continued to wear the clothes he was wearing at the time of the attack by Inmate Johnson

**ANSWER:**

Objection. This request is not sufficiently clear as to the relevant time frame for State Defendants to admit or deny. Notwithstanding said objection, admitted that a change of clothes was not sent to the Emergency Room along with Inmate Ward, who was returned to DCC that same day following treatment. Otherwise, denied.

9.     Following his return to DCC, from Kent General Hospital, a liquid or soft food diet was not provided to Plaintiff Ward.

**A000168**

**ANSWER:**

    Denied.


    10.    Pain medication was not provided to Plaintiff Ward each time he requested same.

**ANSWER:**

    This request is more properly directed to Defendant, FCM, who had sole control over the prescription and dispensing of medication to inmates. Upon information and belief, it is admitted that Plaintiff and other inmates are not necessarily provided pain (or other) medication simply upon request. Rather, medications are prescribed and provided as ordered by medical staff based upon medical needs.


    11.    Defendant Davis-Parton[1] instructed a correctional officer not to call a medic for Plaintiff Ward for any reason.

**ANSWER:**

    Denied.

<div style="margin-left: 50%">

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

    */s/ Stephani J. Ballard*
STEPHANI J. BALLARD (#3481)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants/
Third-party Plaintiffs

</div>

DATED: February 28, 2007

---

[1] This defendant's name is Jessica Davis Barton.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                           )
                                        )
                Plaintiff,              )
                                        )
        v.                              )
                                        )
STANLEY TAYLOR, et al.,                 )       C.A. No. 04-1391-(***)
                                        )
                Defendants and          )
                Third-Party Plaintiffs, )
                                        )
        v.                              )
                                        )
FIRST CORRECTIONAL MEDICAL              )
DELAWARE, LLC,                          )
                                        )
                Third-Party Defendant   )

### NOTICE OF SERVICE

I hereby certify that on February 28, 2007, a true and correct copy of the *State*

*Defendants' Response to Plaintiff Timothy Ward's Request for Admissions Directed to*

*Defendants* was served upon the following counsel of record via U.S. Mail.

Jeffrey K. Martin, Esquire      Dana Spring Monzo, Esquire      Herbert G. Feuerhake, Esq.
Margolis Edelstein             McCullough & McKenty            521 West St.
1509 Gilpin Ave.               1225 N. King St., Ste. 1100     Wilmington, DE 19801
Wilmington, DE 19806           P.O. Box 397
                               Wilmington, DE 19899-0397

                                        STATE OF DELAWARE
                                        DEPARTMENT OF JUSTICE

                                         /s/ Stephani J. Ballard
                                        Stephani J. Ballard, I.D. #3481
                                        Deputy Attorney General
                                        Carvel State Office Building
                                        820 N. French Street, 6th Floor
                                        Wilmington, DE 19801
                                        (302) 577-8400
                                        Attorney for Defendants and Third-
                                        party Plaintiffs

**A000170**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-(***) |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## STATE DEFENDANTS' RESPONSES TO PLAINTIFF TIMOTHY WARD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Pursuant to F.R.C.P. 34, State Defendants respond to Plaintiff's First Request for Production of Documents as follows. Documents with Bates numbers D00428 – D00508 are produced as part of these Responses. In addition to documents identified below, responsive documents have been previously produced by State Defendants (Bates numbers D0001 – D00427) as part of their Initial Disclosures and supplements thereto.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all photographs, videotapes, motion pictures, sketches, diagrams, plans, or other drawings taken or prepared by you or on your behalf or in your possession or available to you concerning any aspect of this litigation.

**A000171**

**ANSWER:**

Eight color copies of photographs of Timothy Ward, taken on or about July 10, 2004. (Bates # D00428-429).

2.      Copies of all written or recorded statements or summaries or resumes of interviews taken of any person with respect to any issue in this litigation, including, but not limited to, Plaintiff and/or the named Defendants in this action.

**ANSWER:**

Objection, this Request is overbroad and calls for the production of attorney-client privileged and work product materials. Notwithstanding said objection, see Investigative Report and file of DCC Internal Investigator, Joe Richardson (Bates # D00440-508).

See also records/notes of Defendant, Jessica Davis Barton (Bates # D00431-438).

See also anonymous email given (in paper form) to **Lt.** Salas by Keith Lovett, believed to be authored by Keith Lovett (Bates # D00431-431A).

See also Incident Reports, previously produced.

3.      Copies of any and all report[s] of investigation, finding[s] of fact or result[s] of inspection, observation[s] of fact or circumstances, or any other matter relating to any aspect of this litigation.

**ANSWER:**

See Investigative Report and notes of DCC Internal Investigator, Joe Richardson (Bates # D D00440-508). See also Incident Reports, previously produced.

4.      Any report[s] by any person qualifying as an expert containing opinions and/or facts upon which such opinions are based, concerning any aspect of this litigation.

**ANSWER:**

To be supplied at a later date.

5.     Copies of any and all document[s], writing[s], or other item[s] identified or referred to in your Answers to Interrogatories propounded by the Plaintiff which do not fall within the above request.

**ANSWER:**

*See* Bates # D00498 – D000508.

6.     Copies of any and all other document[s] or things in your possession or available to you in addition to those items specified in the foregoing requests which are or may be relevant to any issue in this litigation, including, but not limited to, issues of causation, liability and/or damage.

**ANSWER:**

Objection.  This request is vague, overbroad and seeks production of documents which would reveal attorney mental impressions and work product.  Notwithstanding said objection, all documents known to Defendants to date, which are responsive to discovery requests and/or subject to production under Rule 26(a) have been produced.  Defendants reserve their right to supplement discovery if additional responsive documents become available.

7.     Copies of any and all other document[s] or things in your possession or available to you in addition to those items specified in the foregoing requests which you intend to rely upon at the trial of this matter.

**ANSWER:**

Objection. This request is vague, overbroad and seeks production of documents which would reveal attorney mental impressions and work product. See response to Request #6 above.

8.    Copies of all written procedures and protocol in effect on July 10, 2004, including orders, regarding the supervision by correctional offices of the recreational yard where Plaintiff was assaulted by Inmate Johnson.

**ANSWER:**

None. *See* Response to Plaintiff's Interrogatory #3 to State Defendants.

9.    Copies of all incident reports regarding Plaintiff's assault by Inmate Johnson to include any disciplinary charges for any of the correctional officers involved in this matter.

**ANSWER:**

All incident reports have been produced with Defendants' Initial Disclosures. An investigation of the July 10, 2004 incident was conducted by DCC Internal Affairs. No disciplinary charges were brought against any correctional officers. See investigative report/notes of Joe Richardson.

10.    Copies of any and all sick call slips submitted by Plaintiff during his entire DOC incarceration.

**ANSWER:**

All responsive documents in defense counsel's possession have been produced.

Additional responsive documents which may have been created since the last records

request (April 2006) have been requested and will be supplied upon receipt.


11.    Copies of all DCC records involving Plaintiff, including any and all

behavior observations, following his assault by Inmate Johnson.

**ANSWER:**

All responsive documents in defense counsel's possession have been produced.

Additional responsive documents which may have been created since the last records

request (April 2006) have been requested and will be supplied upon receipt.


                                            **STATE OF DELAWARE**
                                            **DEPARTMENT OF JUSTICE**

                                            _/s/ Stephani J. Ballard_
                                            STEPHANI J. BALLARD (#3481)
                                            Deputy Attorney General
                                            Carvel State Office Building
                                            820 N. French Street, 6th Floor
                                            Wilmington, DE 19801
                                            (302) 577-8400
DATED: February 28, 2007                    Attorney for Defendants/
                                            Third-party Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                              )
                                          )
                 Plaintiff,               )
                                          )
        v.                                )
                                          )
STANLEY TAYLOR, et al.,                   )     C.A. No. 04-1391-(***)
                                          )
                 Defendants and          )
                 Third-Party Plaintiffs,  )
                                          )
        v.                                )
                                          )
FIRST CORRECTIONAL MEDICAL                )
DELAWARE, LLC,                            )
                                          )
                 Third-Party Defendant    )

### NOTICE OF SERVICE

I hereby certify that on February 28, 2007, a true and correct copy of the *State
Defendants' Response to Plaintiff Timothy Ward's First Request for Production of
Documents Directed to Defendants* was served upon the following counsel of record via
U.S. Mail.

Jeffrey K. Martin, Esquire      Dana Spring Monzo, Esquire      Herbert G. Feuerhake, Esq.
Margolis Edelstein              McCullough & McKenty            521 West St.
1509 Gilpin Ave.                1225 N. King St., Ste. 1100     Wilmington, DE 19801
Wilmington, DE 19806            P.O. Box 397
                                Wilmington, DE 19899-0397

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

 /s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants and Third-party
Plaintiffs

**A000176**



**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

July 12, 2007

Jeffrey K. Martin, Esquire
1508 Pennsylvania Avenue, Suite 1C
Wilmington, DE 19806

Daniel L. McKenty, Esquire
McCullough & McKenty
1225 N. King St., Ste. 1100
P.O. Box 397
Wilmington, DE 19899-0397

> *Re:    Ward v. Taylor, et al.*
> *C.A. No. 04-1391 \*\*\**

Dear Counsel:

Enclosed please find copies of documents numbered D00509 through D00637, produced as supplementation to State Defendants' initial disclosures and Responses to Requests for Production.  These should be treated as confidential documents, at the pretrial stage, per the prior agreement among the parties

Very truly yours,

Stephani J. Ballard
Deputy Attorney General

SJB/jom

Enclosures

**A000177**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                         )
                                      )
             Plaintiff,               )
                                      )
      v.                              )
                                      )
STANLEY TAYLOR, et al.,               )        C.A. No. 04-1391-KAJ
                                      )
             Defendants and           )
             Third-Party Plaintiffs,  )
                                      )
      v.                              )
                                      )
FIRST CORRECTIONAL MEDICAL            )
DELAWARE, LLC,                        )
                                      )
             Third-Party Defendant    )

### DEFENDANTS'/THIRD PARTY PLAINTIFFS' SUPPLEMENTATION

### OF INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(e)

Pursuant to Fed. R. Civ. P. 26(e), the Defendants/Third Party Plaintiffs make the

following supplementary disclosures:

**1. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

### RESPONSE:

11.    Joseph Richardson, Institutional Investigator, DCC

12.    Michael McCreanor, Shift Commander, DCC

13.    David Holman, Security Superintendent, DCC

14.    Nicole (McEnaney) Sroka, Correctional Officer, DCC

15.    Paul Harvey, Correctional Officer, DCC

**A000178**

In addition, Defendants reserve the right, pursuant to Rule 26(e) to supplement this list and identify additional witnesses. Defendants further reserve the right to identify and call any witnesses listed by other parties to this case.

**2. A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

RESPONSE:

To date Defendants/Third Party Plaintiffs have produced documents Bates numbered D00001 – D00631 as well as medical records from the following medical providers who have evaluated or treated plaintiff: Dr. Cahoon, Dr. Fucci, Dr. Howard, Dr. Larned and Dr. Lippman.

                    STATE OF DELAWARE
                    DEPARTMENT OF JUSTICE


                    /s/ Stephani J. Ballard
                    STEPHANI J. BALLARD (#3481) *
                    Deputy Attorney General
                    Carvel State Office Building
                    820 N. French Street, 6th floor
                    Wilmington, DE 19801
                    (302) 577-8400
DATED: August 7, 2007          Attorney for Defendants/
                    Third-party Plaintiffs.

**A000179**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )
                                       )
STANLEY TAYLOR, et al.,                )      C.A. No. 04-1391-KAJ
                                       )
                Defendants and         )
                Third-Party Plaintiffs,)
                                       )
        v.                             )
                                       )
FIRST CORRECTIONAL MEDICAL             )
DELAWARE, LLC,                         )
                                       )
                Third-Party Defendant  )

## NOTICE OF SERVICE

The undersigned certifies that on August 7, 2007, she caused the attached

DEFENDANTS'/THIRD PARTY PLAINTIFFS' SUPPLEMENTATION OF INITIAL

DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(e) to be delivered to the following

persons in the form and manner indicated:

### NAME AND ADDRESS OF RECIPIENT(S):

Jeffrey K. Martin, Esquire              Daniel McKenty, Esquire
Martin & Wilson, P.A.                   Heckler & Frabizzio
1508 Pennsylvania Avenue, Suite 1C      P.O. Box 128
Wilmington, DE 19806                    Wilmington, DE 19899-0128

**A000180**

Herbert G. Feuerhake, Esq.
521 West St.
Wilmington, DE 19801

**MANNER OF DELIVERY:**

   X   Two true copies by first class mail, postage prepaid, to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants and Third-
party Plaintiffs



**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

August 16, 2007

**Via Electronic Delivery**
The Honorable Mary Pat Thynge
U.S. District Court
844 N. King Street
Lock Box 8
Wilmington, DE 19801

    RE:   *Ward v. Taylor, et al.,* C.A. No. 04-1391-***

Dear Judge Thynge:

    Pursuant to the Court's Order of March 14, 2007 (D.I. 61), please allow this to serve as the State Defendants'/Third Party Plaintiffs' interim status report in the above matter. *A status teleconference is set for Thursday August 23, 2007 at 8:30 a.m.*

    As Your Honor may recall, this is a claim by a former inmate, Timothy Ward, against certain employees of the Department of Correction ("State Defendants"), alleging Eighth Amendment violations for failure to protect and inadequate medical care, arising out of an assault on Ward by another inmate. The State Defendants filed a Third-Party Complaint against the Department of Correction's former medical provider, First Correctional Medical, Inc. (FCM).

    Discovery has taken place in this case as follows.

    1. Plaintiff propounded Interrogatories, Requests for Production and Requests for Admissions to State Defendants on January 26, 2007. State Defendants responded to all discovery, including the production of 81 pages of documents, on February 28, 2007 and 123 pages on July 11, 2007. This is in addition to the 427 pages of documents produced pursuant to the State Defendants' initial disclosures.

    2. State Defendants propounded Interrogatories and Requests for Production upon Plaintiff on May 2, 2007. Despite several requests to counsel for Plaintiff, *Plaintiff has failed to file responses to these discovery requests.*

    3. State Defendants propounded Interrogatories and Requests for Production upon Third-party Defendant, FCM, on May 2, 2007. Despite several requests to counsel for FCM, *FCM has failed to file responses to these discovery requests.*

4. Third-party Defendant, FCM, has not engaged in any discovery in this matter with any other party.

5. No depositions have been taken or noticed by any party.

6. State Defendants supplemented Initial Disclosures on August 7, 2007 and will do so again shortly.

7. Discovery cut-off is **September 28, 2007** per the Court's Order of March 14, 2007 (D.I. 61). State Defendants oppose any extension of this date.

State Defendants note that a Mediation Conference is scheduled in this matter for September 18, 2007. (D.I. 62). In light of the absence of discovery responses from, and the lack of an affirmative discovery record by Plaintiff, State Defendants are not in a position to attribute any monetary value to this case at this time. Therefore, Defendants respectfully request that the mediation conference in this matter be removed from the Court's calendar. If the Court wishes this request to be made formally, under separate cover, Defendants will certainly do so.

State Defendants plan to move for summary judgment in this case. Case dispositive motions and opening briefs must be filed by October 31, 2007 per the Amended Scheduling Order. (D.I. 61).

If the Court has any questions, counsel stands ready to respond at the Court's convenience.

Very truly yours,

/s/ Stephani J. Ballard
Stephani J. Ballard
Deputy Attorney General

cc: Jeffrey K. Martin, Esquire (via CM/ECF)
    Daniel McKenty, Esquire (via CM/ECF)

**A000183**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-(***) |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## PLAINTIFF'S ANSWERS TO STATE DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, State Defendants, Stanley Taylor, Paul Howard, Thomas Carroll, John Salas, Jessica Davis Barton, and "Unknown Employees" of State of Delaware Department of Correction (hereinafter "Defendants" or "State Defendants") by and through their attorney, hereby propound the following First Set of Interrogatories upon Plaintiff Timothy Ward (hereinafter "Plaintiff"), to be answered in writing, under oath, within thirty (30) days of service hereof.

In responding to these Interrogatories, the following definitions and instructions shall apply:

**A000184**

## GENERAL DEFINITIONS

A.    The term "document[s]" or any similar term shall be construed in its broadest possible terms and shall include, but not limited to: any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, employment files, job assignments, job postings, applications or requests for promotions or job assignments, case files, pleadings, photographs, films, videotapes, reels, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, E-mails, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals, drafts, and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

B.    The term "communication" or "communicate" shall be construed in their broadest possible terms and shall include any oral, written expressions without regard to the means of this communication, including, but not limited to email, telephone, facsimile, interoffice or other forms of memoranda, or mail.

C.    The terms "describe" or "explain" or any similar term shall be construed in their broadest possible terms and shall mean to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of facts or law, and to particularize as to time, place and manner.

D.    The term "identify" or any similar term shall be construed in its broadest possible terms.

(1)    When used with reference to an individual person "identify" shall mean to state his or her full name (or if not known, provide sufficient description so that he or she will be identifiable to the recipients of your answer), job title, employer or business affiliation, and last known business or home address.

(2)    When used in reference to a document or written communication "identify" shall mean to state the type of document or communication (e.g., memorandum, employment application, letter, handwritten notes, etc.), to state its date, to briefly describe its contents, to identify the author (and if different, the originator and signer), and to identify the person (or, if widely distributed, the organization or classes of persons) to whom the document or communication was sent.  You may produce the document or written communication in lieu of identifying it.

(3)    When used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, "identify" shall mean to describe in detail the substance of, to state the date and location of, and to identify the participants in each such communication, discussion, conversation, meeting, conference or statement.

E.    The terms "You," "Your," and "Yourself" refer to Plaintiff and any agent(s) or representative(s) acting on Plaintiff's behalf.

F.    The term "Plaintiff" refers to Timothy Ward and any agent or representative acting on Plaintiff's behalf.

G.    The terms "Defendants" refers to the State Defendants, unless otherwise specified.    "FCM" or "Medical Defendant(s)" or similar designations will refer to Defendant, First Correctional Medical and/or other medical defendants.

H.    The term "substance" shall be construed in its broadest possible terms and refers to the content of subject matter contained in the communication.

I.    The term "date" shall include the month, day and year if available, and if not available, the best possible approximation thereto.

J.    The term "relevant" shall be construed in its broadest possible terms and refers to all information within the scope of discovery under the Federal Rules of Evidence.

K.    The term "relate" or any similar term shall be construed in its broadest possible terms and shall mean anything having any connection to the Interrogatory in question including referencing, concerning, pertaining to, explaining, summarizing, digesting or describing.

## INSTRUCTIONS

A.    In answering these Interrogatories, furnish all information that is available to you, including information in the possession of your attorneys or investigators, and not merely such information known of your own personal knowledge.  If you cannot answer these Interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible.

B.    If any information requested in these Interrogatories is withheld pursuant to a claim of any privilege or that the information constitutes attorney work product or trial preparation material, state the privilege or protection claimed for each item of

**A000187**

information expressly, and describe the nature of such information withheld in a manner that, without revealing the privileged or protected information, will enable other parties to assess the applicability of the privilege or protection.

C.    Any and all objections to any Interrogatory shall be articulated fully and supported with legal citation for the basis of the objection. If an objection is proffered for only a portion of any Interrogatory, the portion of the Interrogatory not objected to shall be answered in full.

D.    Any term stated in the singular shall also be construed in the plural and vice versa.

E.    Any sentence stated in the disjunctive shall also be construed in the conjunctive and vice versa.

F.    Any verb stated in the present shall also be construed in the past, future or other tense and vice versa.

G.    Any pronoun in the masculine shall also be construed in the feminine and vice versa.

H.    Your answers must be made in writing and under oath pursuant to Rule 33(b)(1).

I.    These Interrogatories are continuing in nature and require prompt supplemental answers should you obtain supplemental information that is responsive to the Interrogatory. Such supplemental information shall be produced as soon as reasonably practicable and in any event within a reasonable time prior to trial.

## INTERROGATORIES

1.     Please state the dates, nature and circumstances surrounding all prior criminal charges against you, including those occurring while you were a juvenile. Please note which of those charges resulted in convictions/guilty pleas/nolo contendere pleas, and any sentences received as to each conviction/plea.

**ANSWER:     Plaintiff was charged with assault over ten years ago in Denton, Maryland.  The charge was dismissed by way of a probation before judgment program.**

2.     Please describe all interactions, including, but not limited to, confrontations or adverse interactions, between the plaintiff and inmate Robert Johnson, which occurred prior to the July 10, 2004 incident in T yard.

**ANSWER:     None.**

3.     Please state full factual basis for your allegation in paragraph 13 of the complaint that on the night of July 9, 2004 into July 10, 2004, inmate Robert Johnson was "causing a commotion" throughout the night.  Please describe specifically what actions inmate Johnson was taking and which T building (T1 or T2) inmate Johnson was housed at the time.  As part of your answer, please name all known witnesses to this event.

**ANSWER:     Plaintiff learned from inmates including Thomas J. Dailey that Robert Johnson was housed in building T1.  Plaintiff was housed in Building T2.  Plaintiff was advised that Johnson was pacing in T1 and that other inmates were teasing him because he was acting crazy.  After Plaintiff's incident on July 10, 2004, Plaintiff learned from some unknown inmates that prior to the attack on Plaintiff**

while Robert Johnson was in the W building, one or more inmates showed Johnson's father's obituary in the newspaper. Johnson thereupon jumped out of the window. It is possible that Plaintiff learned this through Officer Lovett.

4.    With regard to your allegations in paragraph 14 and 15 of the complaint, that inmate Robert Johnson was threatening and being disrespectful to correctional officers in the chow hall on July 10, 2004, please identify all persons who witnessed this behavior, including inmates and correctional officers, and/or any other persons with information to these allegations. Please note whether Plaintiff himself was a witness to this behavior.

**ANSWER:    Plaintiff was in the cafeteria when he saw Johnson stand up in the chow line and curse out the officers in the line stating that he would rape them. Plaintiff believes that Officer Lovett was near Johnson at the time as well as a Lieutenant in a white shirt who may have been Defendant Salas.**

5.    With regard to the allegations made in paragraphs 16 and 17 of your complaint, please identify the correctional officers who escorted inmate Robert Johnson to the infirmary to be evaluated on July 10, 2004, and then later "released" inmate Johnson into the T-yard where T building inmates were having recreational time.

**ANSWER:    Plaintiff believes that Officer Lovett and the aforementioned Lieutenant in a white shirt (perhaps Defendant Salas and described as a thin caucasian male) escorted Johnson to the Infirmary.**

6.    Please identify all facts and witnesses supporting your allegation that "there were no medical personnel present in the infirmary to conduct an evaluation of inmate Johnson" on July 10, 2004, prior to the incident occurring in T-yard on that date.

**ANSWER:**    Plaintiff believes that Officer Lovett told him this information.

7.    Please identify all inmates whom you allege were in the T yard at the time of the assault by Robert Johnson on plaintiff, including specific identification of those inmates who you claim were witnesses to the actual assault.

**ANSWER:**    Plaintiff recalls seeing inmate William Boney and an inmate whose first name was Robert who was Plaintiff's softball coach and was described as a black male perhaps in his fifties.  In addition, Plaintiff recalls that inmates Trevor Lyn and Richard Shipkowski were also in the yard at the time of the attack. Plaintiff believes that Officer Lovett told Plaintiff.  Plaintiff was told that Officer V. Drummond (a black female officer) was also in the building and not outside at the time of the attack.

8.    Please identify all factual bases and witnesses for your allegations in paragraph 22 of the complaint that Officer Lovett and Defendant Lt. Salas were "inside T building on a computer" at the time of the assault.  Please specifically state whether you contend that Officer Lovett and Defendant Lt. Salas were inside the same T building at this time.

**ANSWER:**    Officer Lovett relayed this information to Plaintiff.

9.    Please identify the correctional officer(s) referenced in paragraph 28 of your complaint, including specifically, an identification of who "announced that [Tim Ward] was dead," and who allegedly "took pictures" of Tim Ward's "body lain out across the picnic table."

**ANSWER:**    Plaintiff believes that Officer Lovett told him this but he is not aware at to who made this statement or took the photos.

10. Please identify all witnesses with information as to the allegations, including Tim Ward's physical appearance, in the days following July 10, 2004, as alleged in paragraph 33 of your complaint.

**ANSWER:   In addition to the medical personnel in the infirmary and those who treated Plaintiff at Kent General Hospital, Plaintiff was seen by his daughter Amanda Ward and his mother Louise Ward shortly after the attack.**

11. Please identify the medical professional(s) who prescribed the "full liquid diet," as referenced in paragraph 35 of your complaint.

**ANSWER:   Plaintiff recalls that the fully liquid diet was prescribed by an infirmary physician who he describes as an older white female.**

12. Please identify the date and time of all contacts between Plaintiff himself, Plaintiff's mother, any other Ward family member, and the correctional counselor Jessica Davis Barton. Please identify with specificity any statements or remarks made, as alleged in paragraph 53, which form the basis for your statement that defendant Davis Barton was "rude and argumentative with Tim and his family."

**ANSWER:   Approximately two to three weeks after the attack, Plaintiff requested sick call. Davis Barton's response was "Are you just playing this?" One of the correctional officers told him that Davis Barton told that correctional officer that Davis Barton did not want Plaintiff to go to medical.**

13. Please state the complete factual basis for your allegations in paragraph 40 that Tim Ward was not provided with a liquid or soft food diet, in accordance with any diet prescribed, during his approximately 10 day stay in the infirmary from July 10-20, 2004.

**ANSWER:** Plaintiff received no food while in the infirmary for at least the first week of his confinement to the infirmary following the attack. Subsequent to that, he bought food on his own from the commissary.

14. Please identify any and all correctional officers to whom plaintiff made medical requests for pain medication, medical visits, etc., other than via the sick call slip submission policy.

**ANSWER:** See Plaintiff docs P0001 through P00033. In addition, the documents attached to the Responses to State Defendants' Request for Production also have relevant information with regard to this Interrogatory.

15. Please identify all contacts between Tim Ward and former Correctional Officer Keith Lovett from July 10, 2004 through the present, including specific details regarding the allegations made in paragraph 48 concerning the filing of a report by former Correctional Officer Lovett.

**ANSWER:** Approximately three weeks after the attack, Officer Lovett advised Plaintiff that Lovett would testify as to what happened at or around the time of the attack.

16. What was the exact statement about sick calls allegedly made by defendant Davis Barton, when and where was this statement made, and what was the name of the "correctional officer assigned to Tim" to whom the statement was made, all as alleged in paragraph 55 of your complaint.

**ANSWER:** At stated in answer to Interrogatory No. 12, Plaintiff was told by a correctional officer described as a African American male, large in stature who was the correctional officer assigned to Plaintiff at the time that Davis Barton wanted

this correctional officer to make sure that Plaintiff did not make it to medical and that she believed that Plaintiff was trying to "play it."

17.    Please identify the specific statement or directive allegedly given by defendant Davis Barton to plaintiff, as alleged in paragraph 56 of your complaint. When and where was this statement made?

**ANSWER:**    See answers to Interrogatory Nos. 12 and 16.

18.    Please state where, when, by what means (e.g. mail, personal delivery) and to whom Tim Ward's mother allegedly sent a case of Ensure to DCC for Plaintiff's consumption, as referenced in paragraph 59 of your complaint.

**ANSWER:    Louise Ward forwarded a case of Ensure to Delaware Correctional Center for Plaintiff by way of Federal Express.  A copy of the Federal Express slip signed by a DOC employee is attached to the Responses to the Requests for Production.**

19.    Please identify all correctional officers and/or medical personnel who allegedly "ignored" plaintiff when he was in the infirmary beginning on or about September 2, 2004, as alleged in paragraph 62 of your complaint.

**ANSWER:    Plaintiff was locked down in the back of the infirmary at or around that time and had no contact with any individuals.  Plaintiff suffered through numerous forms of punishment following the attack.  Among them were Correctional Officer Schaeffer (sp?) threatened to spray Plaintiff with pepper spray each time he asked for sick call.  Schaeffer also became belligerent.  Davis Barton was nasty and did not want the Plaintiff to be seen by medical.  Plaintiff often had phone calls blocked and each time his case was noted by the media, he was punished**

by locking him down so he could not speak with anybody. Plaintiff was also sent to SHU (maximum) for some period of time before being transferred to another prison.

20.    Please state all facts which you allege support your claim in paragraph 81 that plaintiff was "punished without justification" for seeking medical care and/or filing a prison grievance, and explain with specificity how plaintiff was "punished," and who imposed the punishment.

**ANSWER:**    See answer to Interrogatory No. 19.

21.    Please state, in what regard Mary Allen, a reporter for *The News Journal*, identified in plaintiff's initial disclosures, is a witness to this case or what "discoverable information" relevant to this case she has or is likely to have.

**ANSWER:**    **To be supplied. A record search is underway to determine what, if any, relevant information Ms. Allen may have with regard to this matter.**

22.    In Plaintiff's Initial Disclosures, D.I. 49, please identify the authors of the following documents[1]:

(1) 2 page handwritten notes at P009-010;

(2) 2 page handwritten notes at P0011-0012

**ANSWER:**    **(1)    These handwritten notes were recopied by Brian Porro, a cell mate of Plaintiff.**

**(2)    These notes were written by another one of Plaintiff's cellmates and Plaintiff does not currently recall his identity.**

---

[1] This information was previously requested by Counsel for Defendants in an email dated 11/14/06.

**A000195**

23.    Whose handwriting appears on the document in Plaintiff's Initial Disclosures, at P0004, which purports to be a "Grievance Form" dated 8/18/04, in the paragraph which begins "Mrs. Barton has . . ." and ends ". . . unprofessional with me."

**ANSWER:**    **Plaintiff is uncertain as to whose handwriting this may be.**

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN
State Bar I.D. No.: 2407
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
E-mail–jmartin@martinandwilson.com

DATED: August 22, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-(***) |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## NOTICE OF SERVICE

Please take notice that the undersigned did electronically file via CM/EMF and hereby forward copies of Plaintiffs' Response to Defendant's First Set of Interrogatories, Responses to Defendant's First Request for Production of Documents by First Class Mail on this 22nd day of August, 2007 to the following:

Stephani J. Ballard, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

Herbert G. Feuerhake, Esquire
521 West Street
Wilmington, DE 19801

Daniel L. McKenty, Esquire
McCullough & McKenty, P.A.
1225 North King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899

**A000197**

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN ESQUIRE
DE Bar I.D. No.: 4207
1508 Pennsylvania Avenue.
Wilmington, DE 19806
(302) 777-4681
E-mail: jmartin@martinandwilson.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,      )
      )
    Plaintiff,    )
      )
  v.    )
      )
STANLEY TAYLOR, et al.,    )    C.A. No. 04-1391-(***)
      )
    Defendants and  )
    Third-Party Plaintiffs, )
      )
  v.    )
      )
FIRST CORRECTIONAL MEDICAL  )
DELAWARE, LLC,    )
      )
    Third-Party Defendant )

## PLAINTIFF'S RESPONSES TO STATE DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, State Defendants, Stanley Taylor, Paul Howard, Thomas Carroll, John Salas, Jessica Davis Barton, and "Unknown Employees" of State of Delaware Department of Correction (hereinafter "Defendants" or "State Defendants") by and through their attorney, hereby request that Plaintiff, Timothy Ward, ("Plaintiff") produce the following designated documents for inspection and copying at a date and time within thirty (30) days of the date of service, at a place and time to be mutually agreed upon by the parties.

In responding to these Requests for Production, the following definitions and instructions shall apply:

## GENERAL DEFINITIONS

A.    The term "document[s]" or any similar term shall be construed in its broadest possible terms and shall include, but not limited to: any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, employment files, job assignments, job postings, applications or requests for promotions or job assignments, case files, pleadings, photographs, films, videotapes, reels, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, E-mails, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals, drafts, and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

B.    The term "communication" or "communicate" shall be construed in their broadest possible terms and shall include any oral, written expressions without regard to the means of this communication, including, but not limited to email, telephone, facsimile, interoffice or other forms of memoranda, or mail.

C.    The terms "describe" or "explain" or any similar term shall be construed in their broadest possible terms and shall mean to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of facts or law, and to particularize as to time, place and manner.

**A000200**

D.     The term "identify" or any similar term shall be construed in its broadest possible terms.

(1)     When used with reference to an individual person "identify" shall mean to state his or her full name (or if not known, provide sufficient description so that he or she will be identifiable to the recipients of your answer), job title, employer or business affiliation, and last known business or home address.

(2)     When used in reference to a document or written communication "identify" shall mean to state the type of document or communication (e.g., memorandum, employment application, letter, handwritten notes, etc.), to state its date, to briefly describe its contents, to identify the author (and if different, the originator and signer), and to identify the person (or, if widely distributed, the organization or classes of persons) to whom the document or communication was sent.    You may produce the document or written communication in lieu of identifying it.

(3)     When used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, "identify" shall mean to describe in detail the substance of, to state the date and location of, and to identify the participants in each such communication, discussion, conversation, meeting, conference or statement.

E.     The terms "You," "Your," and "Yourself" refer to Plaintiff and any agent(s) or representative(s) acting on Plaintiff's behalf.

F.     The term "Plaintiff" refers to Timothy Ward and any agent or representative acting on Plaintiffs' behalf.

G.    The terms "Defendants" refers to the State Defendants, unless otherwise specified.    "FCM" or "Medical Defendant(s)" or similar designations will refer to Defendant, First Correctional Medical and/or other medical defendants.

H.    The term "substance" shall be construed in its broadest possible terms and refers to the content of subject matter contained in the communication.

I.    The term "date" shall include the month, day and year if available, and if not available, the best possible approximation thereto.

J.    The term "relevant" shall be construed in its broadest possible terms and refers to all information within the scope of discovery under the Federal Rules of Evidence.

K.    The term "relate" or any similar term shall be construed in its broadest possible terms and shall mean anything having any connection to the Interrogatory in question including referencing, concerning, pertaining to, explaining, summarizing, digesting or describing.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all photographs, videotapes, motion pictures, sketches, diagrams, plans, or other drawings taken or prepared by you or on your behalf or in your possession or available to you concerning any aspect of this litigation.

**RESPONSE: None.**

2.    Copies of all written or recorded statements or summaries or resumes of interviews taken of any person with respect to any issue in this litigation, including, but not limited to, Plaintiff and/or any agents and/or employees of Defendants in this action.

**RESPONSE: None.**

3.    Copies of any and all report[s] of investigation, finding[s] of fact or result[s] of inspection, observation[s] of fact or circumstances, or any other matter relating to any aspect of this litigation.

**RESPONSE: None.**

4.    All documents identified, referred to, or used in response to, or in preparing to respond to State Defendants' First Set of Interrogatories Directed to Plaintiff.

**RESPONSE: See attached.**

5.    Please produce any notes or statements in your possession from inmates Richard Shipkowski and Gary Bowers, Jr. and/or any other inmates, with reference to the allegations in paragraph 23 of your complaint.

**RESPONSE: Those statements were produced previously at P00008 through P00012.**

6.    Please produce any notes or statements in your possession from inmates William Boney, Trevor Lyn and/or any other inmates, with reference to the allegations in paragraph 27 of your complaint.

**RESPONSE: None.**

7.    Please produce any phone records, notes or other records regarding phone calls or visits (or attempted phone calls or visits) which took place between Plaintiff Ward's family and Plaintiff between July 10, 2004 and the end of 2004.

**RESPONSE: Louis Ward, mother of Plaintiff and June Ward, sister of Plaintiff are currently requesting these records through Verizon.   If they are not readily**

attainable, Plaintiff's counsel will file a subpoena for same and supply records to defense counsel immediately upon receipt.

8.    Please produce any phone records, notes or other records regarding phone calls—or any other contacts--which took place between Plaintiff and/or Plaintiff's family and Defendant, Jessica Davis Barton, between July 10, 2004 and the end of 2004.

**RESPONSE: In addition to the response to No. 7, Plaintiff's mother and sister will produce any notes and records they may have made. Such production will be made on or before August 27, 2007.**

9.    Copies of any and all emails, notes or statements to or from Plaintiff and former C/O Keith Lovett; and or any other current or former C/O from July 10, 2004 through the present.

**RESPONSE: None.**

10.    Copies of any and all emails, notes or statements to or from Plaintiff and any other current or former DOC inmate pertaining to Robert Johnson, the July 10, 2004 assault on Plaintiff and/or his medical care at DCC, from July 10, 2004 through the present.

**RESPONSE: None.**

11.    Any and all notes or other documents pertaining to any "grievance" plaintiff allegedly filed against Defendant, Jessica Davis-Barton, on or about August 18, 2004, as referenced in your complaint at paragraph 57.

**RESPONSE: Previously produced by Plaintiffs. In addition, see attached additional grievance records produced.**

12.    Any and all medical records which support your claims that Plaintiff suffered from hearing difficulties, as alleged in your complaint at paragraph 75. To the extent you rely on medical records already produced in discovery, please identify those pages by Bates numbers.

**RESPONSE: See records attached.**

13.    Any and all medical records which support your claims that Plaintiff requires/required dental surgery, as alleged in your complaint at paragraph 75. To the extent you rely on medical records already produced in discovery, please identify those pages by Bates numbers.

**RESPONSE: None.**

14.    Copies of any and all "written documentation from plaintiff Timothy Ward" referenced in your initial disclosures at §II(3).

**RESPONSE: None.**

15.    Copies of any and all "written evaluation[s] of plaintiff Timothy Ward's medical condition by private physicians" referenced in your initial disclosures at §II(4).

**RESPONSE: Previously produced by Plaintiff. In addition, see attached April 18, 2007 letter from H. William Friedel, M.D.**

16.    Any and all medical records which support your claims that the Infirmary instructed that Tim Ward be put on a regular diet July 20, 2004 (paragraph 42 of the complaint) in violation of Dr. Lippman's orders or any other doctor's orders. To the extent you rely on medical records already produced in discovery, please identify those pages by Bates numbers.

**RESPONSE: None.**

**A000205**

17.    Copies of any and all correspondence sent to or from Plaintiff, Timothy Ward, and his immediate family, while Ward was incarcerated at any DOC facility from 2004 to present.

**RESPONSE: Plaintiff's mother and sister are in possession of voluminous letter from Plaintiff. They are being copied and will be submitted on or before August 27, 2007.**

18.    Copies of any and all mail or other items sent to Plaintiff Ward at DCC by his family, from July 10, 2004 to present, that you allege were improperly not delivered to Plaintiff and were returned to sender by DOC.

**RESPONSE: None.**

19.    Copies of any and all sick call slips submitted by Plaintiff in 2004, in accordance with DOC sick call procedures, as to which you contend no medical care was rendered.

**RESPONSE: See documents previously produced.**

20.    Any and all documents which comprise any diary, journal, log, or other contemporaneous written account which describe, detail, or document any aspect of Plaintiff's incarceration, including medical conditions and medical treatment, at DOC from 2004 until the present.

**RESPONSE: None.**

21.    Complete and fully legible copies of the handwritten notes at P009-010 of Plaintiff's Initial Disclosures.

**RESPONSE: This request is vague and ambiguous. Plaintiff's counsel will respond to a clarification of these requests.**

      d.    all documents upon which the expert's findings,

conclusions and/or opinions are based; and

      e.    all exhibits to be used as a summary of or support for the

expert's findings, conclusions and/or opinions.

**RESPONSE:** **To be supplied.**

                 **MARTIN & WILSON, P.A.**

                 **JEFFREY K. MARTIN**
                 State Bar I.D. No.: 2407
                 1508 Pennsylvania Avenue
                 Wilmington, DE 19806
                 (302) 777-4681
                 E-mail–jmartin@martinandwilson.com

DATED: August 22, 2007



g 21 07 08:57p     Joe Yonke                3018094333                    p.1



P0035

A000208

g 21 07 09:16p    Joe Yonke                3018094333              p.1

**FedEx Express** US Airbill    Tracking Number **8479 0891 6948**    Form ID No. **0200**

**From**

Date **7/16/07**    Sender's FedEx Account Number

Sender's Name **Louise WARD**    Phone (   )

Company

Address **13441 Overbrook Lane**

City **Bowie**    State **MD**    ZIP **20715**

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name **Infirmary**    Phone (   )

Company **Delaware Correction Center**

Recipient's Address **1181 Paddock Rd**

Address

City **Smyrna**    State **DE**    ZIP **19977**

**4a Express Package Service**    Packages up to 150 lbs.
[X] FedEx Priority Overnight    [ ] FedEx Standard Overnight    [ ] FedEx First Overnight
[ ] FedEx 2Day    [ ] FedEx Express Saver

**4b Express Freight Service**    Packages over 150 lbs.
[ ] FedEx 1Day Freight    [ ] FedEx 2Day Freight    [ ] FedEx 3Day Freight

**5 Packaging**
[ ] FedEx Envelope    [ ] FedEx Pak    [ ] FedEx Box    [ ] FedEx Tube    [ ] Other

**6 Special Handling**
[ ] SATURDAY Delivery    [ ] HOLD Weekday at FedEx Location    [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
[X] No    [ ] Yes    [ ] Dry Ice    [ ] Cargo Aircraft Only

**7 Payment** Bill to:
[ ] Sender    [ ] Recipient    [ ] Third Party    [X] Credit Card    [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $ .00

**8 Sign to Authorize Delivery Without a Signature**

**467**

Questions? Visit our Web site at fedex.com or call 1.800.GoFedEx 1.800.463.3339.

---

July 16, 2004 12:15:29 PM

Visit us at: www.fedex.com Or call 1-800-Go-FedEx® (800)463-3339

Subject to additional charges. See FedEx Service Guide at fedex.com for details. All merchandise sales final.

M = Weight entered manually
S = Weight read from scale
1 = Taxable item

(V) CreditCard: **************37997

Shipment subtotal:    $30.83

Total Due:    $30.83

PRIORITY OVERNIGHT
8479 0891 6948    13.15 lb (S)    $30.83

Location:
Device ID:
Employee:
Transaction:    ADMA
ADMA-POS1
37702
2100157624G3

**FedEx**
2130 BALDWIN AVE
CROFTON, MD 21114

---

*P0036*

**A000209**

g 21 07 09:14p     Joe Yonke              3018094333              p.1

**FedEx Express** **US Airbill**  FedEx Tracking Number **8479 0891 6948**     Form 0200

**1 From**
Date **7/16/07**
Sender's FedEx Account Number
Sender's Name **Louise WARD**   Phone ( )

Company

Address **13441 Overbrook Lane**

City **Bowie**   State **MD**   ZIP **20715**

**2 Your Internal Billing Reference**

**3 To**
Recipient's Name **Infirmary**   Phone ( )

Company **Delaware Correction Center**

Recipient's Address **1181 Paddock Rd**

Address

City **Smyrna**   State **DE**   ZIP **19977**

**4a Express Package Service**
[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**
[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**
[ ] FedEx Envelope
[ ] FedEx Pak
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**
[ ] SATURDAY Delivery
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
[X] No
[ ] Yes
[ ] Dry Ice
[ ] Cargo Aircraft Only

**7 Payment** Bill to:
[ ] Sender
[ ] Recipient
[ ] Third Party
[X] Credit Card
[ ] Cash/Check

Total Packages   Total Weight   Total Declared Value $   .00

**8 Sign to Authorize Delivery Without a Signature**

467

PRIORITY OVERNIGHT
8479 0891 6948     13.15 lb (S)        $30.83

Location:      ADMA
Device ID:     ADMA-POS1
Employee:      37T02
Transaction:   210015782483

                         $30.83

Shipment subtotal:       $30.83

Total Due:               $30.83

(V) CreditCard:          $30.83
***********3793*

H = Weight entered manually
S = Weight read from scale
T = Taxable item

Visit us at: www.fedex.com
Or call 1-800-Go-FedEx®
(800)463-3339

Subject to additional charges. See FedEx Service Guide
at fedex.com for details. All merchandise sales final.

July 16, 2004 12:16:29 PM

**FedEx.**
2130 BALDWIN AVE
CROFTON, MD 21114

P0037

**A000210**

Aug 21 07 08:59p    Joe Yonke                3018094333                    p.2

# H. William Friedel, M.D., P.A.

405 Marvel Court • Easton, Md. 21601 • Telephone 410-822-8440

NAME: __Timothy Ward__                    BIRTHDATE: __8/18/62__    TEST DATE: __5/14/07__

AUDIOLOGIST: (Joe Yetka, M.A., CCC) ESTIMATED ACCURACY: _____



ANSI SCALE — Audiogram chart (FREQUENCY IN HERTZ)

| Key | Air Unmask | Air Mask | Bone Unmask | Bone Mask | No response |
|---|---|---|---|---|---|
| Right | O | △ | < | ⊏ | ↙ |
| Left | X | □ | > | ⊐ | ↘ |

### ABBREVIATIONS

NR: No Response  
SL: Sensation Level  
HL: Hearing Level  
TL: Tolerance Level  
NBN: Narrow Band Noise  
FM: Frequency Modulation  
SR: Stapedial Reflex  
SF: Sound Field  
CNE: Could Not Establish  
DNP: Did Not Peak  
M: Mask  

DNT: Did Not Test  
N: Normal  
CNT: Could Not Test  
A: Aided  
SRT: Speech Reception Threshold  
SAT: Speech Awareness Threshold  
MCL: Most Comfortable Level  
MBT: May Be Tactile  
PTA: Pure Tone Average  
MLV: Monitored Live Voice  

### SPECIAL TESTS

THREE FREQ. AVERAGE:            RIGHT        LEFT

SISI _____ K: _____

_____ K: _____

_____ K: _____

TONE DECAY _____ K: _____

_____ K: _____

_____ K: _____

STENGER TEST: _____

AUDIOMETER USED: _____

SPEECH ITEMS FOR SRT _____

### SPEECH AUDIOMETRY ☑ MLV ☐ Tape

| EAR | SRT | SAT | MCL | TL | % | dB | % | dB | % | dB | % | dB |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT | 10 | | | | 100 | 40 | 100 | 30 | 100 | 20 | | S/N |
| LEFT | 10 | | | | 100 | 40 | 100 | 30 | 100 | 20 | | S/N |
| UNAIDED (SF) | | | | | | | | | | | | S/N |
| AIDED (SF) | | | | | | | | | | | | S/N |

## Comment:

Timothy Ward was seen 5/14/07 upon referral from Dr. H. William Friedel for an audiological evaluation. He states he was assaulted several years ago, sustaining a broken jaw, nose, and orbit. Since that time he has complained of decreased hearing in the right ear and occasional dizziness. He indicated he has a history of noise exposure through the following: bricklayer for 20 years, hunting, and use of power tools. He reports he has not consistently worn ear protection when exposed to noise.

Right ear: the right ear has hearing within normal limits at 250-3000Hz with a sensorineural hearing loss of severe degree at 4000-8000Hz. The configuration of the hearing loss is consistent with noise exposure.

Left ear: the left ear has hearing within normal limits at 250-2000Hz with a sensorineural hearing loss at 3000-8000Hz of a severe degree. The configuration of the left ear loss is consistent with noise exposure.

Speech audiometry: SRT's were obtained at 10dB for each ear. Word recognition ability was 100% for each ear at soft to very soft speech levels (40dB, 30dB, and 20dB).

P0038

A000211

Aug 21 07 08:59p    Joe Yonke           3018094333              p.3

*Page 2 audiogram*
*Timothy Ward*

Acoustic immittance: acoustic immittance results indicate normal middle ear bilaterally. An acoustic reflex was present for each ear at 2000Hz and 4000Hz.

Test results were discussed with Mr. Ward. He was advised to wear ear protection when exposed to noise.

Robin Peksa, M.A., C.C.C-A.

RP:ll

07/16/04 7:56 AM

Dear Jenny,

Re: Timothy Ward  SBI 501898

I want to thank you for your help with my questions and concerns about Tim.  As we spoke on the phone Thursday you mentioned that you keep Ensure in stock but thought you were out.

I know how long it takes to request supplies before you actually receive them.

But under the circumstances I pray you will understand how a mother feels when her son is in desperate need of nourishment.  I'm sure you will agree he will heal faster.  Please accept this parcel of Ensure for Tim.  I hope it makes your job a little easier.  If there is anything else that I can do please don't hesitate to ask.

I will keep in touch on his progress.

Thank you so much

Sincerely,


Louise Ward

*sent 18 cans of Ensure VIA fed exp*

*I Jeff sent the wrong one
This is the fedex*

*P0040*

**A000213**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                          )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )
                                       )
STANLEY TAYLOR, et al.,                )        C.A. No. 04-1391-(***)
                                       )
                    Defendants and     )
                    Third-Party Plaintiffs,    )
                                       )
        v.                             )
                                       )
FIRST CORRECTIONAL MEDICAL             )
DELAWARE, LLC,                         )
                                       )
                    Third-Party Defendant    )

## NOTICE OF SERVICE

Please take notice that the undersigned did electronically file via CM/EMF and hereby forward copies of Plaintiffs' Response to Defendant's First Set of Interrogatories, Responses to Defendant's First Request for Production of Documents by First Class Mail on this 22nd day of August, 2007 to the following:

Stephani J. Ballard, Esquire            Daniel L. McKenty, Esquire
Department of Justice                   McCullough & McKenty, P.A.
Carvel State Office Building            1225 North King Street, Suite 1100
820 North French Street                 P.O. Box 397
Wilmington, DE 19801                    Wilmington, DE 19899

Herbert G. Feuerhake, Esquire
521 West Street
Wilmington, DE 19801

**A000214**

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN ESQUIRE
DE Bar I.D. No.: 4207
1508 Pennsylvania Avenue.
Wilmington, DE 19806
(302) 777-4681
E-mail: jmartin@martinandwilson.com
Attorney for Plaintiff



JEFFREY K. MARTIN, ESQUIRE*

TIMOTHY J. WILSON, ESQUIRE*

*LICENSED IN DE, PA AND NJ

1508 PENNSYLVANIA AVENUE
WILMINGTON, DE 19806
TELEPHONE (302) 777-4681
FACSIMILE (302) 777-5803
WWW.MARTINANDWILSON.COM

WRITER'S E-MAIL: JMARTIN@MARTINANDWILSON.COM

August 27, 2007

Stephani J. Ballard, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

   **RE: TIM WARD v. TAYLOR, et al.**
      **C.A. NO.: 04-1391**

Dear Stephani:

  I am writing to complete the discovery items in this matter. Under separate cover, I have issued written discovery in the form of Supplemental Interrogatories and Requests for Production.

  I would like to depose Correctional Officer Keith Lovett who I understand is no longer employed by the Department of Corrections. Please provide me with his last known address so I can schedule this deposition. I would also like to depose Lt. David Salas. From the other matters we have together, I know that getting these depositions done before the discovery cutoff at the end of September may be difficult. I would appreciate your courtesy in allowing me to schedule these depositions a week or two following the discovery cutoff, if necessary.

  Our telephone conference with Judge Thynge on Thursday prompted me to review the Scheduling Order in this matter. With all the changes we have had in our case and the changes I have had in my office, I failed to schedule the date for expert discovery. Accordingly, I will name two physician experts who saw my client while incarcerated and filed brief reports, Dr.

Pasquale Fucci and Dr. David Larned.  I will rely upon the records that each has already produced.

I am also enclosing the April 18, 2007 letter report from H. William Friedel, M.D. in Easton, Maryland.    By separate cover, I have other documents that I have just received responsive to your discovery requests and in which I had indicated in our responses that responses would be forthcoming.

I hope you enjoy your week out of the office and I look forward to speaking with you upon your return.

Very truly yours,

JEFFREY K. MARTIN

JKM:njj

cc:    Herbert G. Feuerhake, Esquire
       Daniel L. McKenty, Esquire

H. WILLIAM FRIEDEL, M.D., P.A.
405 MARVEL COURT
EASTON, MARYLAND 21601-4053
PHONE: 410-822-8440

April 18, 2007
New Office Visit

Timothy Ward          DOB: 8/18/62

Mr. Ward, a 44-year-old male, was seen in the office initially on April 13th for evaluation of multiple complaints. The patient gave a history of having been assaulted several years ago and sustained a broken jaw, nose and orbit. He was seen in the ER in Delaware and apparently either an MRI or CAT scan was done. The patient was released from the ER after having a laceration about his mouth and his eye sutured. Since then the patient complains of decreased hearing in the right ear and at times experiences some dizziness. He complains of severe headaches associated with nausea that may occur up to three times in a day and occur weekly. These are located retro-orbitally and he feels he has blurring, primarily of his right eye at times. He gives no history of throat problems, including hoarseness or dysphagia. Socially he does smoke one pack of cigarettes a day. He rarely drinks. At the time of the visit, the patient was accompanied by his mother, who has arranged evaluation of her son's problems.

Physical exam showed normal outer ear canals and tympanic membranes. Hearing by tuning fork at 5/12 was equal. The nasal exam showed a straight nasal pyramid with a nasoseptal deviation inferiorly to the right, 2+ out of 4, with a high deviation also to the same side, 2+ out of 4. Posteriorly there was a slight deviation high to the left side. There was no evidence of any discharge or polyps in either side of the nose. The oral cavity exam revealed a partial upper plate anteriorly replacing loss of teeth. He is missing his right lower molars. Tonsils were present, but of average size and normal in appearance. The nasopharynx and larynx were normal with normal vocal cord mobility. The neck exam showed no adenopathy. Thyroid was normal. All cranial nerves appeared to be intact. By palpation the orbital rims did not show evidence of depression or irregularity. The patient was noted to have some bilateral TMJ tenderness.

In summary, this is a patient with multiple complaints and findings including frequent headaches, intermittent blurring, a nasoseptal deviation and TMJ tenderness with an additional complaint of decrease in hearing. We will obtain reports of his film done in 2004 in the ER and the patient does have an appointment to see Dr. Ghodsi for evaluation of his vision. I think an audiogram does need to be done and I think once the visual exam is performed, the next step beyond that most likely will be a neurological referral.


H. William Friedel, M.D./sab

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-KAJ |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## DEFENDANTS'/THIRD PARTY PLAINTIFFS' SECOND SUPPLEMENTATION OF INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(e)

Pursuant to Fed. R. Civ. P. 26(e), the Defendants/Third Party Plaintiffs make the following supplementary disclosures:

**2. A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

**RESPONSE:**

- Internal Affairs file of former Correctional Officer Keith Lovett Bates numbered D00632 – D00672 (attached)

- Health Care Services Contract dated 6/17/02 and September 2003 Addendum Bates numbered D00673 – D00680 (attached)

- Health Care Services Contract Request for Proposal March 2002

**A000219**

(available for review at office of counsel for Defendants/Third Party Plaintiffs)

- Proposal to Delaware Department of Correction Health Care Services Contract #2828 from First Correctional Medical and Attachments to the Proposal (available for review at office of counsel for Defendants/Third Party Plaintiffs)

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

_/s/_ Stephani J. Ballard
STEPHANI J. BALLARD (#3481)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
DATED: August 30, 2007                    Attorney for Defendants/
Third-party Plaintiffs.

**A000220**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-KAJ |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## NOTICE OF SERVICE

The undersigned certifies that on August 30, 2007, she caused the attached

DEFENDANTS'/THIRD PARTY PLAINTIFFS' SECOND SUPPLEMENTATION OF

INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(e) to be delivered to the

following persons in the form and manner indicated:

### NAME AND ADDRESS OF RECIPIENT(S):

Jeffrey K. Martin, Esquire
Martin & Wilson, P.A.
1508 Pennsylvania Avenue, Suite 1C
Wilmington, DE 19806

Daniel McKenty, Esquire
Heckler & Frabizzio
P.O. Box 128
Wilmington, DE 19899-0128

A000221

Herbert G. Feuerhake, Esq.
521 West St.
Wilmington, DE 19801

### MANNER OF DELIVERY:

__X__  Two true copies by first class mail, postage prepaid, to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

_/s/ Stephani J. Ballard_
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants and Third-
party Plaintiffs



**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

September 12, 2007

Jeffrey K. Martin, Esquire
Martin & Wilson, P.A.
1508 Pennsylvania Avenue
Wilmington, DE 19806

RE:   _Ward v. Taylor, et al._, C.A. No. 04-1391-***

Dear Jeff:

Please allow this to respond to your August 27, 2007 letter pertaining to expert discovery. As you noted, Plaintiff failed to provide his disclosure of expert testimony by the Court's deadline of July 2, 2007 (90 days prior to the close of discovery). (See scheduling orders, D.I. 38, 61).

Your August 27, 2007 letter stated that you were "nam[ing] two physician experts," Drs. Fucci and Larned, who saw Mr. Ward while he was incarcerated and that you would rely on records "each has already produced."[1] State Defendants object to Plaintiff's attempt to identify these doctors as expert witnesses for a number of reasons. First and foremost, Plaintiff's identification is untimely. The Court's scheduling order was clear that Plaintiff "shall file" expert disclosures 90 days prior to the close of discovery. FRCP Rule 26(a)(2)(C) provides that expert disclosures "shall be made at the times and in the sequence directed by the court." The deadline for Plaintiff to provide expert discovery expired two months ago.

Secondly, the brief information provided in the August 27, 2007 letter does not comply with the type and scope of expert disclosures required under Rule 26(a)(2)(B). Most notably, these doctors are mentioned simply as physicians who saw Plaintiff on a few occasions and not as "witness[es] . . . retained or specially employed to provide expert testimony in the case . . . ." Such identification, even if made, must be accompanied by a written report prepared and signed by the expert, which sets forth all opinions to be expressed, the complete bases therefore, data relied upon, etc. FRCP 26(a)(2)(B). State Defendants previously obtained the brief notes prepared by Drs. Fucci

---

[1] Those records were not produced with the 8/27/07 letter nor referenced with Bates numbers from prior productions.

**A000223**

and Larned via subpoena in this litigation. Those notes (while adequate for their intended purpose as examination notes) certainly do not provide the information required by the Rule on expert disclosures—information which would be necessary for State Defendants to respond with their own expert evaluation of the opinions rendered. Accordingly, State Defendants will object to Plaintiff's attempt to rely on Drs. Fucci and Larned as experts at trial.

Very truly yours,

Stephani J. Ballard
Deputy Attorney General

cc:     Daniel McKenty, Esquire

**A000224**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1391 *** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| STANLEY TAYLOR; et al., | ) | |
| | ) | |
| Defendants and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## STATE DEFENDANTS' RESPONSES TO PLAINTIFF TIMOTHY WARD'S SECOND SET OF INTERROGATORIES

1.    Identify by name, address, phone number, location, date and persons present, all individuals who have been interviewed by you in connection with this matter and whether any documents or memoranda were prepared relating to that interview.

**ANSWER:**    Objection.    This interrogatory is vague, overbroad and calls for the production of information protected by attorney-client and work product privileges. Notwithstanding said objection, counsel for State Defendants has interviewed the named individual State Defendants as well as persons identified in State Defendants' initial disclosures and supplementation to initial disclosures.

**A000225**

2.      Identify each and every document, photograph, videotape, audiotape, or any other form of recording media, or other item of evidence that you intend to use in this lawsuit, for any purpose, including, but not limited to, cross-examination, during any pretrial or trial proceedings, either as exhibits, for purposes of impeachment, or as demonstrative evidence.

**ANSWER:**     Objection.  This interrogatory is vague, overbroad and unduly burdensome and calls for production of materials protected by attorney-client and work product privileges.  Notwithstanding said objection, all documents or other tangible items of evidence, other than documents/evidence unknown at this time which may become necessary for purpose of impeachment, have previously been produced to all parties in this litigation, as part of State Defendants' initial disclosures and responses to discovery requests.  Plaintiffs will identify exhibits to be used at trial, at the appropriate time, on the pre trial order pursuant to the rules and orders of this court.

3.      Please state the basis for the inclusion of the following individuals in your Initial Disclosures and Supplemental Initial Disclosures, including disclosure of their specific factual knowledge which you contend is pertinent to any or all of Defendants' defense and/or Plaintiff's claims including damages:

    (a)     Joseph Richardson, Institutional Investigator, DCC;

    (b)     Michael McCreanor, Shift Commander, DCC;

    (c)     David Holman, Security Superintendent, DCC;

    (d)     Nicole (McEnaney) Sroka, Correctional Officer, DCC;

    (e)     Paul Harvey, Correctional Officer, DCC;

**A000226**

    (f)    Dr. Sitta Alie

    (g)    Terry Hastings, R.N.

    (h)    Dr. Norman Lippman

    (i)    Dr. Rodolfo J. Rios

    (j)    Joseph Belanger, Shift Commander, DCC

    (k)    Aladino Rodriguez, Jr., Correctional Officer, DCC

    (l)    Keith Lovett, Former Correctional Officer, DCC

    (m)    Veronica (Drummond) Sabb, Correctional Officer, DCC

**ANSWER:**

Objection. This interrogatory is vague, overbroad, unduly burdensome and calls for production of materials protected by attorney-client and work product privileges. Notwithstanding said objection:

(a)    Joseph Richardson:  Joseph Richardson is an institutional investigator at DCC who handles criminal incident investigations. Mr. Richardson investigated the incident where inmate Robert Johnson assaulted inmate Timothy Ward.

(b)    Michael McCreanor:  Michael McCreanor was a shift commander on the day Timothy Ward was assaulted. He had not yet assumed duty, but was in his office at DCC at the time of the assault. McCreanor reported to the T-yard when Ward was being attended to by medical personnel. Someone from FCM requested that Ward be transported to the hospital by prison van, but McCreanor refused and required FCM to order an ambulance to transport Ward.

(c)    David Holman:  Major David Holman is a security superintendent at DCC and also serves as the hostage negotiation team leader. Major Holman dealt with

**A000227**

Timothy Ward's family's request for various information following the assault on Ward. Major Holman also issued a memo to Warden Carroll, dated September 2, 2004, which has been produced to Plaintiffs at bates number D-00440.

      (d)    Nicole (McEnaney) Sroka:  Ms. Sroka is a canine correctional officer at DCC.  She responded when the Code 4 was called following Johnson's assault on Ward.  She responded to the T yard area and saw Ward sitting (conscious) on the table.  She was a witness, but did not personally take any action.

      (e)    Paul Harvey:  Lt. Paul Harvey responded to the area when the Code was called.  By the time he got there, Ward was walking to the infirmary.  Ward was not unconscious at any time Harvey was there.  Lt. Harvey was also outside the chow hall the morning of the assault, when inmate Robert Johnson spoke during chow hall, in contravention of the rules.

      (f)    Dr. Sitta Alie:  Upon information and belief, one of the physicians employed by FCM who treated Timothy Ward at DCC.  State Defendants have no further information on Dr. Alie, other than any documentary records that have been produced.

      (g)    Terry Hastings, R.N.:  Upon information and belief, one of the nurses employed by FCM who treated Timothy Ward at DCC.  State Defendants have no further information on Terry Hastings, R.N., other than any documentary records that have been produced.

      (h)    Dr. Norman Lippman:  Upon information and belief, a non-FCM physician who treated and/or evaluated plaintiff.

      (i)    Dr. Rodolfo J. Rios:  Upon information and belief, a non-FCM physician who treated and/or evaluated plaintiff.

**A000228**

(j)    Joseph Belanger:    Lt. Belanger was not working on the day in question. He interviewed several inmates about the assault on Ward and attempted to interview inmate Robert Johnson. He also interviewed Timothy Ward who could not identify his assailant at that time. Belanger completed an incident report which has been produced in discovery.

(k)    Aladino Rodriguez, Jr.:    CO Rodriguez wrote an Incident Report (Bates # D00378) on July 11, 2004 after he was approached by two inmates who told him they had witnessed the assault. CO Rodriguez was not himself a witness.

(l)    Keith Lovett: Keith Lovett is no longer employed by DCC, but was a correctional officer assigned to the T-area on the day of the assault. Counsel for State Defendants has not been able to make contact with Mr. Lovett.

(m)    Veronica (Drummond) Sabb:    CO Sabb was working in the W building yard at the time of the assault. The W yard is adjacent to the T yard. Someone from the T area alerted her that someone had been hurt and she proceeded to the T area and called a Code 4 for the injury. By the time she arrived in T-yard Ward was sitting up and was able to respond to her. Medical personnel arrived shortly after she called the code. Sabb completed an incident report which has been produced in discovery.

4.    Please state the entire factual basis for your denial of the allegations found in Paragraph 11 of the Complaint.

**ANSWER:**

Objection. This interrogatory is vague, overbroad and unduly burdensome and calls for production of materials protected by attorney-client and work product privileges.

**A000229**

Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Notwithstanding said objection, see D-00473 - 00477, previously produced.

     5.     Please state the entire factual basis for your denial of the allegations found in Paragraph 14 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

     6.     Please state the entire factual basis for your denial of the allegations found in Paragraph 15 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

7.    Please state the entire factual basis for your denial of the allegations found in Paragraph 17 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see nurse's note of Johnson's evaluation at the infirmary on 7/10/04. Bates # D-00430.

8.    Please state the entire factual basis for your denial of the allegations found in Paragraph 25 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see response to Interrogatory #3 (re: Ward was not unconscious) and incident reports, Bates D-00379 - 380.

9.    Please state the entire factual basis for your denial of the allegations found in Paragraph 27 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see incident reports, Bates D00379 - 380.

10.    Please state the entire factual basis for your denial of the allegations found in Paragraph 30 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see response to Interrogatory #3 (re: transportation of Ward to emergency room) and incident reports (Bates D-00379- 380), and Emergency Room reports (Bates D00057 - 67).

11.    Please state the entire factual basis for your denial of the allegations found in Paragraph 31 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see response to Interrogatory #3 (re: transportation of Ward to emergency room).

12.    Please state the entire factual basis for your denial of the allegations found in Paragraph 35 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 35 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see medical/infirmary records previously produced, which speak for themselves.

13.    Please state the entire factual basis for your denial of the allegations found in Paragraph 41 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 41 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see records of Dr. Lippman, previously produced, which speak for themselves.

14.    Please state the entire factual basis for your denial of the allegations found in Paragraph 42 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 42 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see records of Dr. Lippman and FCM medical/infirmary records, previously produced, which speak for themselves.

15.    Please state the entire factual basis for your denial of the allegations found in Paragraph 53 of the Complaint.

**A000234**

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection see Bates D-00432 - 438, previously produced.

16.    Please state the entire factual basis for your denial of the allegations found in Paragraph 54 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

17.    Please state the entire factual basis for your denial of the allegations found in Paragraph 55 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide

affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

18.    Please state the entire factual basis for your denial of the allegations found in Paragraph 56 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

19.    Please state the entire factual basis for your denial of the allegations found in Paragraph 62 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 62 regarding medical care are primarily directed to the medical defendants. Notwithstanding said objections, see medical/infirmary records previously produced, which speak for themselves.

20.    Please state the entire factual basis for your denial of the allegations found in Paragraph 63 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

21.    Please state the entire factual basis for your denial of the allegations found in Paragraph 67 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

22.    Please state the entire factual basis for your denial of the allegations found in Paragraph 76 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 76 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see Bates # D00201, previously produced.

                                          /s/ Stephani J. Ballard
                                          Stephani J. Ballard, I.D. #3481
                                          Deputy Attorney General
                                          Department of Justice
                                          Carvel State Building
                                          820 N. French St, 6th Flr.
                                          Wilmington, DE 19801
                                          (302) 577-8400
                                          Attorney for State Defendants

DATED:        October 15, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 04-1391 *** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STANLEY TAYLOR; PAUL HOWARD; | ) | |
| THOMAS CAROLL; JOHN SALAS; JESSICA | ) | |
| DAVIS-PARTON; CERTAIN UNKNOWN | ) | |
| INDIVIDUAL EMPLOYEES OF THE STATE | ) | |
| OF DELAWARE DEPARTMENT OF | ) | |
| CORRECTION; and STATE OFDELAWARE | ) | |
| DEPARTMENT OF CORRECTION. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I hereby certify that on October 15, 2007, a true and correct copy of the *State*

*Defendants' Responses to Plaintiff Timothy Ward's Second Set of Interrogatories* was

served upon the following counsel of record via electronic mail:

| | |
|---|---|
| Jeffrey K. Martin, Esquire | Daniel McKenty, Esquire |
| Martin & Wilson, P.A. | Heckler & Frabizzio |
| 1508 Pennsylvania Avenue, Suite 1C | P.O. Box 128 |
| Wilmington, DE 19806 | Wilmington, DE 19899-0128 |

    /s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French St, 6th Flr.
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

**A000239**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                                    )
                                                 )
        Plaintiff,                               )    C.A. No. 04-1391 ***
                                                 )
v.                                               )
                                                 )    JURY TRIAL DEMANDED
STANLEY TAYLOR; et al.,                          )
                                                 )
        Defendants and Third-Party Plaintiffs,   )
                                                 )
v.                                               )
                                                 )
FIRST CORRECTIONAL MEDICAL                       )
DELAWARE, LLC.,                                  )
                                                 )
        Third-Party Defendant.                   )

## STATE DEFENDANTS' RESPONSES TO PLAINTIFF TIMOTHY WARD'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Copies of any and all policies and procedures with regard to the security of the inmates and correctional officers in the T Buildings that were in effect at the time the incident on July 10, 2004.

**RESPONSE:**

No policies exist specifically with reference to the "T buildings." Copies of DOC policies governing the Delaware Correctional Center will be made available for copying and review at the DOC Administration building upon request. Policies concerning institutional security measures are strictly confidential and will be subject to a confidentiality order.

2.      All records and documents whether maintained as originals or copies, pertaining to Plaintiff's incident on July 10, 2004, Plaintiff's subsequent medical care or

lack thereof and Robert Johnson's status within 72 hours of his attack of Plaintiff, including, but not limited to, copies of E-mails, personal records, disciplinary or counseling records, reprimands, teletypes, "speed letters," notes, correspondence and/or video and audio recordings maintain or previously maintained by anyone at the Department of Corrections on any personal or laptop computers or otherwise in the possession of any employee of Department of Correction in paper or electronic form. This request specifically includes, but is not limited to, all documentation pertaining to the events of July 10, 2004, and its subsequent investigation(s), in documents to include the following individuals:

    (a)    Joseph Richardson, Institutional Investigator, DCC;

    (b)    Michael McCreanor, Shift Commander, DCC;

    (c)    David Holman, Security Superintendent, DCC;

    (d)    Nicole (McEnaney) Sroka, Correctional Officer, DCC;

    (e)    Paul Harvey, Correctional Officer, DCC;

    (f)    Dr. Sitta Alie

    (g)    Terry Hastings, R.N.

    (h)    Dr. Norman Lippman

    (i)    Dr. Rodolfo J. Rios

    (j)    Joseph Belanger, Shift Commander, DCC

    (k)    Aladino Rodriguez, Jr., Correctional Officer, DCC

    (l)    Keith Lovett, Former Correctional Officer, DCC

    (m)    Veronica (Drummond) Sabb, Correctional Officer, DCC

**A000241**

**RESPONSE:**

Objection. This request is vague, overbroad and seeks production of documents which would reveal attorney mental impressions and work product. Notwithstanding said objection, responsive documents have already been produced.

3.    The complete inmate file of Robert Johnson, the inmate who assaulted Plaintiff on July 10, 2004 to include any and all writings in his inmate file which includes any and all medical or counseling records for the period of June 10, 2004 through August 10, 2004.

**RESPONSE:**

Objection. This request is vague, overbroad, and unduly burdensome. Notwithstanding said objection, responsive documents will be supplied upon clarification of Plaintiff's request (per 10/15/07 e-mail).

4.    Any and all photographs, videotapes, audiotapes, E-mails or any other form of electronic or recording media not already produced that relates to the claims and defenses set forth in this litigation.

**RESPONSE:**

Objection. This request is vague, overbroad, and unduly burdensome. Notwithstanding said objection, responsive documents have already been produced.

5.    With respect to each person whom you expect to call as an expert witness or in connection with the trial or other evidentiary hearing in this case:

(a)    all documents provided to or reviewed by the experts;

**A000242**

(b)    a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

(c)    all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

(d)    all documents upon which the expert's findings, conclusions and/or opinions are based; and

(e)    all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

None at this time. State Defendants reserve the right to name experts at a time closer to trial, subject to the rules and orders of the court.

6.    All documents listed in State Defendants' Initial Disclosures and Supplemental Initial Disclosures.

**RESPONSE:**

Already produced.

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French St, 6th Flr.
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendants

DATED:    October 15, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 04-1391 *** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STANLEY TAYLOR; PAUL HOWARD; | ) | |
| THOMAS CAROLL; JOHN SALAS; JESSICA | ) | |
| DAVIS-PARTON; CERTAIN UNKNOWN | ) | |
| INDIVIDUAL EMPLOYEES OF THE STATE | ) | |
| OF DELAWARE DEPARTMENT OF | ) | |
| CORRECTION; and STATE OFDELAWARE | ) | |
| DEPARTMENT OF CORRECTION. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I hereby certify that on October 15, 2007, a true and correct copy of the *State*

*Defendants' Responses to Plaintiff Timothy Ward's Second Request for Production of*

*Documents* was served upon the following counsel of record via electronic mail:

| | |
|---|---|
| Jeffrey K. Martin, Esquire | Daniel McKenty, Esquire |
| Martin & Wilson, P.A. | Heckler & Frabizzio |
| 1508 Pennsylvania Avenue, Suite 1C | P.O. Box 128 |
| Wilmington, DE 19806 | Wilmington, DE 19899-0128 |

    /s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French St, 6th Flr.
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

**A000244**



Jeffrey K. Martin, Esquire*

Timothy J. Wilson, Esquire*

*Licensed in DE, PA and NJ

1508 Pennsylvania Avenue
Wilmington, DE 19806
Telephone: (302) 777-4681
Facsimile: (302) 777-5803
www.martinandwilson.com

WRITER'S E-MAIL: JMARTIN@MARTINANDWILSON.COM

October 18, 2007

Stephani J. Ballard, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

   RE: **TIM WARD v. TAYLOR, et al.**
     **C.A. NO.: 04-1391 \*\*\***

Dear Stephani:

   I am writing to you in response to the State defendants' responses to our second sets of written discovery.

   With regard to the Request for Production Responses, please be advised that Herb Feuerhake and I would like to go to Dover to review and copy the pertinent policies and procedures regarding the security of inmates and correctional officers in the T buildings at the time of the Ward incident. Please contact us at your earliest convenience so we may schedule a mutually convenient time.

   As to the State's response to No. 2, please identify by Bates stamp number the records and documents produced with regard to each of the thirteen identified witnesses.

   Finally as to the Request for Production Responses, I note in your answers to No. 2, 3, and 4 your statement that, "responsive documents have already been produced". I will assume unless you notify me to the contrary that you had intended to related by way of these answers that "all responsive documents have already been produced." Please let me know immediately if that is not the case.

**A000245**

As to the answers to Interrogatories, there are significant issues. In most of the interrogatories, we requested the basis for the denial in the Answer to the Complaint. The State's response was repeatedly that "defendants are not obliged to prove a negative". We submit that that begs the issue and the purpose for our interrogatories. Indeed, in each interrogatory regarding the reasons for the State's denial, we were seeking information upon which the denial was articulated in the answer. We will ask you to make these immediate responses given the status of the discovery in this matter.

In Interrogatories No. 12 through 14, the State Defendants failed to answer claiming that "allegations...regarding medical care are directed to the medical defendants." Please keep in mind that Plaintiff has sued only the State actors in this matter and that the State is ultimately responsible for the medical care of each inmate. Accordingly, please provide the appropriate responses for each of these interrogatories.

In Interrogatory No. 3, incident reports from the Belanger and Sabb are referenced. Please provide the Bate Stamp numbers for each of these interviews.

I would appreciate your prompt attention to this matter so we may avoid motion practice and complete our discovery requests.

Very truly yours,

JEFFREY K. MARTIN

JKM:njj

Enclosure

A000246

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                                    )
                                                 )
        Plaintiffs,                              )        C.A. No. 04-1391 ***
                                                 )
v.                                               )
                                                 )
                                                 )
STANLEY TAYLOR; PAUL HOWARD;                     )
THOMAS CAROLL; JOHN SALAS; JESSICA               )
DAVIS-PARTON; CERTAIN UNKNOWN                    )
INDIVIDUAL EMPLOYEES OF THE STATE                )
OF DELAWARE DEPARTMENT OF                        )
CORRECTION; and STATE OFDELAWARE                 )
DEPARTMENT OF CORRECTION.                        )
                                                 )
        Defendants.                              )

## NOTICE OF SERVICE

I hereby certify that on October 31, 2007, *State Defendants' Supplemental*

*Production of Documents (Bates Numbers D000681 – D001083) Responsive to Plaintiff's*

*Second Request for Production of Documents* was served upon the following counsel of

record via first class mail:

Jeffrey K. Martin, Esquire              Daniel McKenty, Esquire
Martin & Wilson, P.A.                   Heckler & Frabizzio
1508 Pennsylvania Avenue, Suite 1C      P.O. Box 128
Wilmington, DE 19806                    Wilmington, DE 19899-0128


                                        __/s/ Stephani J. Ballard_____
                                        Stephani J. Ballard, I.D. #3481
                                        Deputy Attorney General
                                        Department of Justice
                                        Carvel State Building
                                        820 N. French St, 6th Flr.
                                        Wilmington, DE  19801
                                        (302) 577-8400
                                        Attorney for State Defendants


**A000247**



**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-8630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-8499
TTY (302) 577-5783

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

November 16, 2007

Jeffrey K. Martin, Esquire            **VIA E-MAIL AND U.S. MAIL**
Martin & Wilson, P.A.
1508 Pennsylvania Avenue
Wilmington, DE 19806

  **RE:**  *Ward v. Taylor, et al.*, C.A. No. 04-1391-\*\*\*

Dear Jeff:

  It appears there are a few outstanding issues as to discovery in this case, referenced in your October 18, 2007 letter. Most importantly, this is to confirm several recent emails to you regarding your request for policies and procedures which governed the T-building areas. This subject came up at the recent depositions of Lovett and Salas. As noted in my November 5, 2007 email, DOC has identified several relevant policies and Post Orders which are responsive to your request. However, as these documents reference confidential security protocols for the DCC prison, they cannot be released without an executed confidentiality agreement. I provided further details, and a proposed agreement in my November 5, 2007 email, which I again forwarded on November 8th and November 15th for your consideration. To date, I have had no response. DOC stands ready to produce the information you requested, but cannot do so without the protection of a confidentiality agreement. Also, although you did not request them, I checked with my client on the "area check lists" which were referenced by former CO Lovett at his deposition. The records retention schedule for these lists is 2 years. Accordingly, the lists from July 2004 no longer exist.

  You also requested identification by Bates stamp numbers of various documents pertaining to various witnesses identified by the State. All of the documents have been produced in an orderly fashion in the State's discovery responses and, we submit, it is the responsibility of each party to cull the necessary information for their respective cases from the record. Nonetheless, as a courtesy, please see the attached list of certain documents which were created by and/or reference the named witnesses listed in Defendants' Response to Interrogatory #2 (Plaintiff's Second Set of Interrogatories). I

am not representing that these are all of the documents in the record which may bear upon any given witness; this is simply a good faith effort to accommodate your request. As to the second to last paragraph of your October 18th letter, please note that there are no records of "interviews" of Belanger and Sabb, but I have noted the page numbers of the "incident reports" they completed.

You are correct that all responsive documents (to your prior requests) known to Defendants have been produced (notwithstanding the issue of the policies discussed above). Defendants, of course, retain the right to supplement discovery if additional information becomes available.

State Defendants stand by their answers to Interrogatories, and discovery production, in all other respects. You are incorrect that Defendants must reveal to Plaintiff the basis for their "denial" of each of Plaintiff's allegations of wrongdoing in the Complaint. In litigation, an allegation is made and, if denied, it is Plaintiff's burden to adduce evidence to support the allegation. Defendants have no burden to disprove mere allegations. *See* Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The ultimate basis for Defendants' "denials" of the allegations, to be expressed in motion practice or at trial, constitute attorney work product. Such denials are based upon counsel's evaluation of the existing record, and formulation of an argument that Plaintiff cannot meet his burden of proof. Plaintiff is not entitled to a preview of Defendants' attorney's mental impressions, strategies and legal theories in this regard, prior to motion practice and/or trial. The factual record pertinent to the claims and defenses has been produced. That is all that is required under FRCP 26. Attorney work product is not a proper area for discovery under the Rule.

Very truly yours,

Stephani J. Ballard
Deputy Attorney General

*ATTACHMENT TO STEPHANI BALLARD, ESQ.'S LETTER OF 11/16/07*
*TO JEFFREY MARTIN, ESQ. (see ¶ 2)*

(a)    Joseph Richardson:    See Bates numbered documents D440-508.

(b)    Michael McCreanor:    See D508.

(c)    David Holman:    See D440.

(d)    Nicole (McEnaney) Sroka:  See D492

(e)    Paul Harvey:    See D428-429

(f)    Dr. Sitta Alie:    See medical notes.[1]

(g)    Terry Hastings, R.N.:  See medical notes.[1]

(h)    Dr. Norman Lippman:    This is Plaintiff's own doctor and his records are freely accessible to Plaintiff.  In addition, State Defendants have produced all records of Dr. Lippman in their possession.

(i)    Dr. Rodolfo J. Rios:  This is Plaintiff's own doctor and his records are freely accessible to Plaintiff.  In addition, State Defendants have produced all records of Dr. Rios in their possession.

(j)    Joseph Belanger:    See D376-377. (incident report)

(k)    Aladino Rodriguez, Jr.:    See D378. (incident report)

(l)    Keith Lovett:  See D379 (incident report); 431-431A.

(m)    Veronica (Drummond) Sabb:    See D380. (incident report)

---

[1] State Defendants cannot vouch for the identity of FCM providers who made individual notations in the medical records; all medical records as to Tim Ward in DOC's possession have been produced.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                                    )
                                                 )
          Plaintiff,                             )    C.A. No. 04-1391 ***
                                                 )
v.                                               )
                                                 )    JURY TRIAL DEMANDED
STANLEY TAYLOR; et al.,                          )
                                                 )
          Defendants and Third-Party Plaintiffs, )
                                                 )
v.                                               )
                                                 )
FIRST CORRECTIONAL MEDICAL                       )
DELAWARE, LLC.,                                  )
                                                 )
          Third-Party Defendant.                 )

## STATE DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF TIMOTHY WARD'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Subject to and without waiver of Defendants' prior responses and general and specific objections, State Defendants' hereby supplement their responses to Plaintiff's Second Request for Production of Documents as follows:

1.       Copies of any and all policies and procedures with regard to the security of the inmates and correctional officers in the T Buildings that were in effect at the time the incident on July 10, 2004.

**RESPONSE:**

The following policies and procedures, which address minimum security inmates and CO's assigned to minimum security areas (which includes the T buildings), are being provided subject to the terms of the Stipulated Protective Order (D.I. 85):

**A000251**

- Minimum Security Inmate Housing Rules – eff. 9/00 (D001084 – D001119)
- Post Order B003, re: Lieutenant Supervisors – eff. 2/95 (D001146 – D001156)
- Post Order B008, re: Inside Patrol Officer – eff. 3/07 (D001120 – D001123)
- Post Order B013, re: Foot Patrolman Number 4 (old designation for Unit 28) – eff. 9/95 (D001124 – D001131)
- Post Order B045, re: T Building Officer – eff. 3/07 (D001132 – D001135)
- Post Order 077, re: T-2 Building Officer – eff. 6/96 (D001136 – D001145)

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French St, 6th Flr.
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendants

DATED:        December 4, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                                )
                                             )
        Plaintiffs,                          )        C.A. No. 04-1391 ***
                                             )
v.                                           )
                                             )
                                             )
STANLEY TAYLOR; PAUL HOWARD;                 )
THOMAS CAROLL; JOHN SALAS; JESSICA           )
DAVIS-PARTON; CERTAIN UNKNOWN                )
INDIVIDUAL EMPLOYEES OF THE STATE            )
OF DELAWARE DEPARTMENT OF                    )
CORRECTION; and STATE OFDELAWARE             )
DEPARTMENT OF CORRECTION.                    )
                                             )
        Defendants.                          )

## NOTICE OF SERVICE

I hereby certify that on December 4, 2007, a true and correct copy of the *State*

*Defendants' Supplemental Responses to Plaintiff Timothy Ward's Second Request for*

*Production of Documents* was served upon the following counsel of record via electronic

mail:

Jeffrey K. Martin, Esquire            Daniel McKenty, Esquire
Martin & Wilson, P.A.                 Heckler & Frabizzio
1508 Pennsylvania Avenue, Suite 1C    P.O. Box 128
Wilmington, DE 19806                  Wilmington, DE 19899-0128


                            /s/ Stephani J. Ballard
                            Stephani J. Ballard, I.D. #3481
                            Deputy Attorney General
                            Department of Justice
                            Carvel State Building
                            820 N. French St, 6th Flr.
                            Wilmington, DE 19801
                            (302) 577-8400
                            Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, | ) | C. A. No. 04-1391 *** |
| PAUL HOWARD, THOMAS | ) | |
| CARROLL, JOHN SALAS, | ) | |
| JESSICA DAVIS-BARTON, | ) | |
| CERTAIN UNKNOWN INDIVIDUAL | ) | |
| EMPLOYEES OF STATE OF | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| CORRECTION, and | ) | |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendants/Third Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on December 10, 2007, she caused the attached, *Appendix to Opening Brief in Support of State Defendants' Motion for Summary Judgment, Volume 2* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Jeffrey K. Martin, Esquire          Daniel McKenty, Esquire
Martin & Wilson, P.A.               Heckler & Frabizzio
1508 Pennsylvania Ave., Suite 1C    P.O. Box 128
Wilmington, DE 19806                Wilmington, DE 19899-0128

Herbert G. Feuerhake, Esq.
521 West St.
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)577-8400
Attorney for State Defendants