IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STANLEY TAYLOR, et al., ) | C.A. No. 04-1391-*** |
| ) | |
| Defendants and ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL ) | |
| DELAWARE, LLC, ) | |
| ) | |
| Third-Party Defendant ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT
TO ADD LT. PAUL HARVEY AS A PARTY DEFENDANT**

State Defendants, by and through counsel, hereby move this Honorable Court to deny Plaintiff's "Motion for leave to amend the Complaint to add Lt. Paul Harvey as a party defendant," filed in this matter on December 7, 2007, for the reasons set forth herein:

1.  Plaintiff's original Complaint, asserting §1983 violations, was filed with this Court on or about October 26, 2004. (D.I. 1). The claims rose out of an inmate on inmate assault which took place at Delaware Correctional Center (DCC) on July 10, 2004. The named individual defendants are: Commissioner of Correction, Stanley Taylor; Bureau Chief, Paul Howard; Warden Thomas Carroll; Correctional Officer John Salas and Correctional Counselor Jessica Davis-Barton. A scheduling order was issued by the Court on July 28, 2006, which provided that all motions to join

1

other parties, or to amend the pleadings must be filed by October 1, 2006. No amendments to the Complaint were timely filed. Plaintiff filed the instant motion to amend on December 7, 2007, a full three years after the Complaint was filed.

2.    The statute of limitations on injury claims in Delaware, including claims sounding under 42 U.S.C. §1983, is two years. 10 Del.C. §8107. Thus, the statute of limitations in this case expired on July 10, 2006.

3.    Plaintiff's Motion to Amend to add Lieutenant Paul Harvey as an additional defendant was filed 17 months after the expiration of the statute of limitations, and 14 months after the court-ordered last day to amend pleadings. In fact, Plaintiff's motion was filed only one day before the commencement of summary judgment proceedings. State Defendants' Motion and Opening Brief for Summary Judgment were filed on December 10, 2007. (D.I. 88-92). Plaintiff's Motion must be denied as futile, due to the bar of the statute of limitations, undue prejudice and delay, and failure to meet the requirements for relation back of an amendment pursuant to F.R.C.P. 15(c).

4.    As a preliminary matter, Plaintiff's Motion to Amend does not comply with Local Rule 15.1, which requires that a party moving to amend must attach the proposed amended pleading, indicating clearly the manner in which the Complaint would be amended. Plaintiff filed only a Motion to Amend, describing the testimony of a non-party witness about that witness' interaction with Lt. Harvey. Plaintiff did not attach a proposed amended complaint, nor indicate what allegations Plaintiff would assert against Lt. Harvey. However, as described below, *any* purported amendment to the Complaint to add this defendant would be futile, and therefore the Motion should be denied by this Court.[1]

---

[1] Plaintiff also fails to comply with Local Rule 7.1.1, which requires a statement showing a reasonable attempt to reach agreement on the issue presented. While Plaintiff's counsel did inform Defendants' counsel verbally of his

5.	The grant or denial of a motion for leave to amend a complaint is a matter within the discretion of the trial court. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). While leave to amend should be "freely given [by the Court] when justice so requires" (Rule 15(a)), the United States Supreme Court has held that denial is appropriate in cases where the amendment is the result of "undue delay, bad faith or dilatory motive on the part of movant . . . . undue prejudice to the opposing party, [or] futility of amendment." Foreman v. Davis, 371 U.S. 178, 182 (1962); see also In re Burlington, *supra*; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). In this case, the attempted addition of a new defendant 17 months after the expiration of the statute of limitations is futile, and Plaintiff does not meet the criteria for "relation back" of his amendment under FRCP 15(c).

6.	Amendment "futility" is met where the complaint, *even if amended*, would fail to state a claim upon which relief could be granted. In re: Burlington, 114 F.3d at 1434. The Third Circuit has held that the failure to overcome the time bar of a statute of limitations renders a proposed amendment futile. Cowell v. Palmer Township, 263 F.3d 286, 296 (3d Cir. 2001).

7.	There is no question that the statute of limitations in this case expired a year and a half prior to the Motion at issue here. Thus, claims (whatever they may be) brought against Lt. Harvey in 2007 for events that occurred in 2004 are moot and futile. Claims made outside the statute of limitations may only be maintained if Plaintiff can demonstrate "relation back" to the original Complaint under Rule 15(c). Even then, leave to amend is discretionary with the Court.

8.	Plaintiff cannot demonstrate that claims against Lt. Harvey "relate back" to the filing of the October 2004 Complaint. Rule 15(c) has 3 distinct, conjunctive, requirements, upon which

---

intent to file this motion, the requisite statement was not included in the pleading.

3

Plaintiff bears the burden of proof. Singletary v. PA Dept. of Corrections, 266 F.3d 186, 194 (3d Cir. 2001). Moreover, Plaintiff must demonstrate that all of these requirements were met within the period prescribed by FRCP 4(m)—which is 120 days from the date of filing of the original complaint. 266 F.3d at 193. The requirements of relation back under Rule 15(c) are:

- The proposed new claim must arise out of the same occurrence which is the subject of the original complaint. [Rule 15(c)(2)]. Defendants do not dispute that this element would be met; *and*

- The party to be brought in by the untimely amendment must have [within the 120 day period of Rule 4(m)] "received such notice of the institution of the action that [he] will not be prejudiced in maintaining a defense on the merits." The Third Circuit has held that this prong consists of two distinct subparts--(a) notice and (b) the absence of prejudice, *if* timely notice was proven--each of which must be satisfied. Singletary, 266 F.3d at 194; *and*

- The newly named party must have known, or should have known (again within the initial 120 day period) that "but for a mistake" the action would have been brought against him. Id.

9.   Plaintiff's motion does not even make an argument for relation back, or present any facts showing how Plaintiff would meet the three requirements of Rule 15(c). Nonetheless, and although it is not Defendants' burden to disprove these elements, it is plain that Plaintiff fails to meet both the second and third prong of the requirements for relation back under Rule 15(c).

10.   The affidavit of Paul Harvey is attached to this motion. (Exhibit "A"). Lt. Harvey avers that he did not find out that this lawsuit had been filed until May 2007. (*See* Harvey Aff. ¶3). Not only that, but Lt. Harvey was not even employed by DOC (and therefore not working at DCC) during the and beyond the entire 120-day time period after the suit was filed, when the requirements of Rule 15(c) would have to have been met.

11.   Lt. Harvey also avers that he never at any time, had reason to believe that he would be

named as a defendant in this lawsuit. Thus, the third prong, that the new party must have known that "but for a mistake" he would have been named as a defendant, is clearly not met.

12. The fact that Lt. Harvey had no reason to believe he would be a defendant is also clear from the facts already set forth in discovery in this case. Plaintiff makes much of testimony from a former employee, Keith Lovett, who said he told Lt. Harvey that the inmate who assaulted Ward, Robert Johnson, had been acting "crazy" in chow hall that morning and that Lovett felt that "something is going to go down." (Lovett Depo. at 66). What Plaintiff does not point out, is the fact that after Lovett made these statements, Lt. Harvey had Robert Johnson immediately seen by the infirmary. Lovett himself testified to this fact: "[I] said 'Lieutenant Harvey, this dude's a problem . . . you better do something,' in which case C/O Dunn took Robert Johnson over to the infirmary. The infirmary said there was nothing wrong with him; he was fine." (Lovett at 66). Lovett further testified:

> Q. So you think you spoke to Harvey before Johnson went to the infirmary?
> A. Yes.
> Q. And I believe you said an Officer Dunn took --
> A. Took Robert Johnson to the infirmary and then probably ten minutes later brought him back.
> Q. Was that at your request that he took him to the infirmary?
> A. I would hope that my input helped in getting him looked at.
> Q. Do you know who told Officer Dunn to take Robert Johnson to the infirmary?
> A. I'm assuming it was Harvey.
> Q. And are you aware that Robert Johnson was seen by the infirmary?
> A. Yep. Yes.

(Lovett at 99-100). The record shows that a registered nurse at the infirmary examined and cleared Johnson to return back to his housing unit. On these facts, it is clear that Harvey responded reasonably to the information he was allegedly given by Lovett. Harvey was told an inmate had acted erratically and he had that inmate taken to the infirmary for evaluation. No reasonable fact

finder could find that such conduct would meet the "deliberate indifference" standard Plaintiff would have to prove to maintain his case against Harvey, even if he had been properly and timely named as a defendant. For this reason also, amendment to include Harvey as a defendant would be futile.

13.  A motion to amend should also be denied where the amendment is the product of "undue delay" or dilatory conduct on the part of the Plaintiff. Foreman v. Davis, 371 U.S. 178, 182 (1962). This is also present in the instant case. Plaintiff concedes that Defendants identified Lt. Harvey as a witness with knowledge, but contends that he could not have known the "extent" of Harvey's involvement until Keith Lovett's deposition on October 24, 2007.

14.  However, Plaintiff knew or should have known of the nature of Harvey's involvement, per Lovett[2], at least as early as February 27, 2007. On that date, State Defendants filed Responses to Plaintiff's First Request for Production of Documents. (D.I. 58). In that production was a personal email authored by Keith Lovett, which outlined his alleged interactions with Harvey that day, in almost the same manner as his deposition testimony and, actually, providing more detail. (D.I. 90, A-45-46; see also (D.I.91, A-172, identifying email as of 2/27/07). Lt. Harvey's name was also mentioned in an incident report produced with State Defendants' Initial Disclosures as early as September, 2006. (D.I. 91, A-142; D.I. 92, A-257). Thus (the futility/limitations bar aside), Plaintiff's conduct in waiting anywhere from 10 to15 months to move to add this known witness as a defendant cannot be characterized as other than dilatory and "undue delay."

---

2 Defendants do not concede the veracity of any particular testimony or statements by Keith Lovett.

**WHEREFORE**, for the foregoing reasons, State Defendants respectfully request this Honorable Court **DENY** Plaintiff's "Motion for leave to amend the Complaint to add Lt. Paul Harvey as a party defendant." In the alternative, if the Court does not find that the amendment is barred as futile, Plaintiff's Motion to Amend should be stricken for non-compliance with Local Rule 15.1. Finally, if the Court should grant Plaintiff leave to an amended complaint at this late date, State Defendants hereby reassert, in full, the Motion for Summary Judgment and the arguments supporting that motion articulated in Defendant's Opening Brief (D.I. 88-92), in response to any and all claims which would be asserted against Lt. Paul Harvey.

        **DEPARTMENT OF JUSTICE**
        **STATE OF DELAWARE**

        /s/ *Stephani J. Ballard*
        Stephani J. Ballard (I.D. No. 3481)
        Deputy Attorney General
        Carvel State Office Building
        820 North French Street
        Wilmington, DE 19801
        (302) 577-8400
        Attorney for State Defendants

DATED: December 20, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-*** |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## **ORDER**

AND NOW, this _____ day of _____, 200__, this Court having duly considered Plaintiff's Motion to Amend Complaint to Add Lt. Paul Harvey as a Party Defendant, and Defendants' Response thereto;

IT IS HEREBY ORDERED that Plaintiff's Motion is **DENIED.**

_____
J.

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on **December 20, 2007**, she caused the attached

*Defendants' Response in Opposition to Plaintiff's Motion to Amend Complaint to Add Lt.*

*Harvey as a Party Defendant* to be delivered to the following persons via CM/ECF:

**NAME AND ADDRESS OF RECIPIENT(S):**

Jeffrey K. Martin, Esquire
Martin & Wilson, P.A.
1508 Pennsylvania Avenue, Suite 1C
Wilmington, DE 19806

Daniel McKenty, Esquire
Heckler & Frabizzio
P.O. Box 128
Wilmington, DE 19899-0128

Herbert G. Feuerhake, Esq.
521 West St.
Wilmington, DE 19801

/s/*Stephani J. Ballard*
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for State Defendants