# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1391 *** |
| | ) | |
| STANLEY TAYLOR; PAUL HOWARD; | ) | |
| THOMAS CARROLL; JOHN SALAS; | ) | JURY TRIAL DEMANDED |
| JESSICA DAVIS-BARTON; CERTAIN | ) | |
| UNKNOWN  INDIVIDUAL EMPLOYEES OF | ) | |
| THE STATE OF DELAWARE DEPARTMENT | ) | |
| OF CORRECTION; and STATE OF DELAWARE | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO AMEND THE COMPLAINT TO ADD LIEUTENANT PAUL HARVEY AS A DEFENDANT, IN RESPONSE TO STATE DEFENDANTS' OPPOSITION TO SAID MOTION TO AMEND

Plaintiff has filed a "Motion for Leave to Amend the Complaint to Add

Lieutenant Paul Harvey as a Party Defendants" dated December 7, 2007, D.I. #87. The

State Defendants filed a response in opposition to that motion, D.I. #93. This is Plaintiff

Tim Ward's memorandum in support of the motion to amend and in response to the

opposition noted by the State Defendants.[1]

---

[1] Plaintiff omitted attaching the Amended Complaint and a version of the Amended Complaint highlighting changes to the original Motion to Amend, i.e. D.I. 87.  Plaintiff has now attached to this Reply

1

Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading which changes the party or the naming of the party against whom a claim is asserted will relate back to the date of the original pleading (in this case the Complaint) where the claim asserted against the proposed party arose out of the same transaction or occurrence set forth in the original proceeding, *and*, under 15(c)(3), if, within the 120 days allowed by Rule 4(m) for service of the summons and complaint, the proposed party to be brought in by the amendment (a) received such notice that said proposed party will not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against said proposed party.

Plaintiff Timothy Ward now seeks to bring in Lieutenant Paul Harvey. Mr. Ward seeks to bring in Lieutenant Harvey as one of the "Certain Unknown Individual Employees of the State of Delaware Department of Correction" identified in the original Complaint. The statute of limitations in this matter has expired. It appears to be indisputable that the proposed claim arises out of the same transaction or occurrence presented in the original complaint. Thus the issue presented herein is whether the two requirements of Rule 15(c)(3) have been satisfied so that plaintiff can amend his Complaint to name Lt. Harvey as a defendant and successfully relate the amendment back to the date of the original Complaint.

The Third Circuit has carefully considered situations similar to the instant proposed amendment in two relatively recent cases, Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186 (3rd Cir. 2001) and Garvin v. City of Philadelphia, 354 F.3d

---

Memorandum a copy of the Amended Complaint as Exhibit A, and a copy of the highlighted version as Exhibit B.

215 (3rd Cir. 2003). In both cases "Unknown" or "John Doe" defendants had been named

by plaintiff originally, and plaintiff sought to bring in named defendants after the statute

of limitations had expired.

The Singletary opinion, at 266 F.3d 194, frames the analysis under Rule 15(c)(3)

such that the following three questions are applicable to the instant matter:

> · Did Harvey receive notice of institution of the instant action within 120 days of
> when the Complaint was filed on October 26, 2004?
>
> · Was the notice that Harvey received sufficient that he was not prejudiced in
> maintaining his defense?
>
> · Did Harvey know (or should he have known) that but for a mistake Mr. Ward
> would have named him as a party in the original complaint?

As the Singletary opinion notes, these questions must be answered "yes" for Mr. Ward's

proposed claim against Lt. Harvey to relate back.

Plaintiff will answer each of these questions below. First, however, it is useful to

understand two items of background information: (1) the manner in which the defense of

this matter has been conducted, in actuality; and (2) the discovery process that has led to

the identification of Lieutenant Harvey as a key defendant in this matter.

**1. Background: Nature of defense / Discovery process**

All Defendants in this matter have at all times been represented by the State of

Delaware Department of Justice. The Defendants that remain in the case are all

individuals, sued in their individual capacities; the institution known as the "State of

Delaware Department of Correction" is no longer in the case, any and all claims against it

having been dismissed. Each one of the remaining individual Defendants brings

individually unique liabilities and interests to the litigation; each one of these Defendants

would benefit, presumably, from a result that absolved him or her from liability, regardless of the effect on other Defendants.

Why is this significant? Because each one of these Defendants would presumably also benefit from the presence in the litigation of an additional defendant for the purpose of contributing to the satisfaction of any joint liability that is found to exist. Particularly would this be so if the Defendant in question was demonstrably culpable for the wrongs that have occurred.

The reality of any analysis of the state of mind of the Defendants in this case, of course, cannot avoid taking into account one overarching fact: that the individual State Defendants all presumably expect to be indemnified by the State of Delaware for any judgment, and they are being defended by the State's attorneys secure in that knowledge. And the State's attorneys defend so as to preclude the necessity for any such indemnification payment on the part of the State. Indeed, they defend as if they were representing, not *individual* defendants, but rather the *State* itself, as can be seen by a review of paragraphs 1 to 12 of "Defendants Response in Opposition to Plaintiff's Motion to Amend Complaint to Add Lt. Paul Harvey as a Party Defendant," D.I. # 93, most of the arguments of which would not be made by any of the *individual* "State Defendants" (who are the signatories on the motion) if they were truly each acting as an *individual* Defendant defending his or her own *individual* interests. With the possible exception of the issue of a *delay* in the proceedings by the addition of a new defendant such as Lieutenant Harvey, it is hard to see how any of these various Defendants would not actually *benefit* by the addition of Mr. Harvey as a Defendant, if they were defending

4

their own interests for the purpose of avoiding a judgment personally and individually payable.

Indeed, the remaining State Defendants have suggested, in their Opening Brief in Support of State Defendants' Motion for Summary Judgment, D.I. #89, at page 26, that "[t]o the extent there is fault in this case, it would seemingly lie with Former [sic] C.O. Keith Lovett," who was not made a defendant in this matter. Were these State Defendants each, *individually*, to hold such a belief, and were each defending his or her *own* interests, it would seem to have benefited each of them to have brought in Mr. Lovett as a Defendant if they believed that he shared culpability and indeed even primary culpability. And yet they did not do this, even when they took the trouble to bring in another Third-Party Defendant, namely First Correctional Medical Delaware LLC ("FCM"). The difference, of course, is that FCM is an outside entity as opposed to a State employee, a distinction that "individual" Defendants would not draw but which Defendants' counsel apparently does.

We all, for the most part, wink at these irregularities, because we all know the unofficial but equally undeniable truth: that the true party in interest with regard to the claims against the individual "State Defendants," which is to say the true party likely to be at risk should a judgment be rendered, is the State of Delaware. For most purposes this irregularity does not matter, and it can even benefit plaintiffs by providing a deep pocket to pay a judgment.

But it *does* matter in this instance, and one of the reasons that it matters is because of the discovery issue alluded to above. The individual "State Defendants" in this matter have provided their discovery responses in the same monolithic manner that they have

5

conducted their defense. The "State Defendants" filed their Initial Disclosures in this matter on August 1, 2006, *and failed to identify Mr. Harvey as an "individual likely to have discoverable information"* (see Exhibit C attached hereto). The first time the State Defendants identified Mr. Harvey as an individual likely to have discoverable information *was one year later*, on August 7, 2007, when they filed (again in a monolithic fashion) a supplementation of their Initial Disclosures (see Exhibit D attached hereto), and identified Mr. Harvey without specifying the nature of his knowledge (and incorrectly identifying him as a "Correctional Officer" when in fact at the relevant time he was a lieutenant; "Correctional Officer" is a specific DOC rank, below that of lieutenant). Plaintiff Ward filed a Second Set of Interrogatories in September 2007, which sought, inter alia, the basis for supplementing their Initial Disclosure the month before with Mr. Harvey's name and the "specific factual knowledge" that they contended was pertinent to the case. The State Defendants responded to this Interrogatory *on October 15, 2007* (see Exhibit E attached hereto, in particular interrogatory response #3), stating for the first time that "Lt. Paul Harvey responded to the area when the Code was called. By the time he got there, Ward was walking to the infirmary. Ward was not unconscious at any time Harvey was there. Lt. Harvey was also outside the chow hall the morning of the assault, when inmate Robert Johnson spoke during chow hall, in contravention of the rules." Nine *days* after this filing, Plaintiff Ward took the deposition of Keith Lovett, who was the Correctional Officer who had observed the ugly and crazed behavior of inmate perpetrator Robert Johnson identified in the Complaint; relevant portions of Lovett's deposition are attached hereto as Exhibit F. Lovett's testimony with regard to Mr. Harvey is dramatic, and spells out conduct on the part of Harvey that goes far beyond the tepid

6

description in the State Defendants' supplementation of their Initial Disclosures. In short, Lovett describes the manner in which he warned Harvey about Johnson's ugly behavior, and his fears that Johnson was "going to go crazy. I don't want to be around when it happens." (Exhibit F, Lovett deposition at page 66); Lovett also notes that Harvey "kind of blew it off" (Exhibit F, Lovett deposition at page 68). Once these new and startling revelations were fully digested, Plaintiff Ward moved to amend the Complaint to add *Lieutenant* Harvey as a Defendant on December 7, 2007.

Taking the above discussion about the monolithic nature of the defense being conducted on behalf of the "State Defendants" together with the nature of the discovery responses filed by these same "State Defendants," it is quite clear that all the State Defendants are responsible as a group for having failed to properly identify Mr. Harvey as an appropriate person with "knowledge" of the matters at issue in this case until very, very late in the game (August 7, 2007, a mere four months before the Motion to Amend at issue herein was filed). Moreover, the State Defendants did not identify the *scope* of Harvey's "knowledge" until later still (October 15, 2007, some fifty-three days before the Motion to Amend was filed) and *failed at that time to accurately describe* the full breadth of his knowledge and direct involvement, these later factors not having been exposed until the Lovett deposition on October 24, 2007 (some forty-four days before the Motion to Amend was filed).

With this background information in mind, we turn now to the <u>Singletary</u> factors relating to Rule 15 "relation back."

**2. Notice**

The first factor under <u>Singletary</u> relates to the issue of notice. Mr. Harvey has

submitted an affidavit (D.I. #93-2) to the effect that he had no formal or actual notice of

the institution of the action within the 120-day time period, but that is not the end of the

inquiry. In addition to "formal" notice, the Third Circuit has held that "informal notice" is

acceptable:

> In <u>Singletary</u>, we recognized that there are two possible methods by which the
> district courts could impute notice under Rule 15(c)(3). The first is the "shared
> attorney" method, which is based on the notion that when the originally named
> party and the parties sought to be added are represented by the same attorney, "the
> attorney is likely to have communicated to the latter party that he may very well
> be joined in the action." <u>Singletary</u>, 266 F.3d at 196. The second is the "identity
> of interest" method, and is related to the shared attorney method. "Identity of
> interest generally means that the parties are so closely related in their business
> operations or other activities that the institution of an action against one serves to
> provide notice of the litigation to the other." Id. at 197 (quoting 6A Charles Alan
> Wright et al., Federal Practice & Procedure § 1499 at 146 (2d ed. 1990)).

Garvin, <u>supra</u>, 354 F.3d at 222-223.

We submit that under either the "shared attorney" method or the "identity of

interest method," notice should be imputed to Lieutenant Harvey.

First, under the shared attorney method, and in light of the discussion in Section 1

above, it is abundantly clear that the same attorney is representing both the "State

Defendants" and Lieutenant Harvey. That such representation is occurring *right now*

(even though Lieutenant Harvey in not technically in this case yet) is made eminently

clear both by the nature of most of the arguments offered by the State Defendants against

his joinder as a Defendant (which, as noted in Section 1 above, would be against the

interest of *individual* defendants seeking to protect their own *individual* pecuniary

interests) and by the express language of the "Wherefore" clause appearing in the

8

response of the State Defendants to the Motion to Amend (see D.I. #93 at page 7):

"Finally, if the Court should grant Plaintiff leave to an amended complaint at this late date, State Defendants hereby reassert, in full, the Motion for Summary Judgment and the arguments supporting that motion articulated in Defendant's Opening Brief (D.I. 88-82), in response to any and all claims which would be asserted against Lt. Paul Harvey." In other words, counsel for the current State Defendants is already asserting arguments *on behalf of Lieutenant Harvey* should he be joined as a Defendant; counsel is thereby representing Lieutenant Harvey right now. This is in keeping with the fact that the State's attorney is currently representing the other State Defendants, and indeed is in keeping with the fact that from the first, the Delaware Department of Justice has represented *all* State Defendants including the "certain unknown individual employees" of the DOC identified in the Complaint.[2]

On the "shared attorney" issue then, the instant context is thus in stark contrast to the context facing the court in Garvin. In Garvin the attorney for the City of Philadelphia had appeared for the City but for none of the individual defendants and, indeed, had stated, in the answer filed, that the City had no response to the paragraphs directed to a "John Doe" defendant because such allegations "'pertain to parties other than answering defendant,'" see Garvin, 354 F.3d at 218. As noted, the State Attorneys herein have taken precisely the opposite approach, appearing for all State Defendants including the unknown Defendants, and also answering for the unknown Defendants. The opinion

---

[2] See the State Defendants' original filings (a Stipulation to Extend Time, D.I. #16, and a Motion to Dismiss, D.I. #17, filed by Michael Foster, Esq.) which purport to represent all "Defendants" without limitation and the latter of which seeks to have the entire Complaint dismissed, and see the subsequent substitutions of counsel filed (D.I. #23, #24, and #36) and the Answer with Third-Party Complaint (D.I. #29) all of which *expressly* identify representation of the "Certain Unknown Individual Employees" of the DOC.

9

provides an extensive discussion of the shared attorney issue at pages 223 to 227. We submit that the instant context avoids the dangers identified therein, and leaves open the question as to whether the substitutions of counsel engaged in by the State herein somehow break the "shared attorney" chain, see 354 F.3d at 227 footnote 13. Under the standards set forth in Garvin, then, we submit that insofar as the State's attorneys have represented all State Defendants (including now Harvey himself) at all times in this matter, it is in the interests of justice to impute knowledge of the action to Harvey under the "shared attorney" analysis.

The second possible avenue for imputing notice to Harvey is the "identity of interest" argument. As stated in Garvin: "We also will impute notice if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation," 354 F.3d at 227. The Garvin decision discusses the identity of interest issue at 354 F.3d 227-228; the Singletary decision discusses it at 266 F.3d 197-200. In the instant matter, and taking the discussion in those cases into account, it is clear that Lieutenant Harvey, as a management-level employee of the same rank as original defendant Lieutenant Salas, clearly has the requisite "identity of interest" as such is outlined in Singletary and Garvin. The Singletary decision found the issue to be "a close one" in that case, where the proposed defendant was a "staff-level employee" of the defendant prison "with no administrative or supervisory duties at the prison," 266 F.3d at 19; in the instant matter, proposed Defendant Harvey has interests essentially identical to those of Lieutenant Salas in terms of rank and has the same supervisory interests as the both Salas and the DOC administrative Defendants (Taylor, Carroll, and Howard).

10

**3. Prejudice**

For all of the reasons identified in section 1 above, it is abundantly clear that there is no prejudice to be suffered by proposed Defendant Harvey should he be made a Defendant herein. The State Defendants have had control of access to witnesses and documents from the outset of this matter, and hence have always known of Harvey's involvement and have withheld full disclosure of the scope of Harvey's involvement until late in the matter (indeed they never fully disclosed it, but rather it became known only after Mr. Lovett was deposed by Plaintiff). Counsel for the State Defendants have conducted their defense of this matter in a manner that indicates that the State is, in the final analysis, the true party in interest, and they have not provided any indication that they will not indemnify Harvey for any judgment rendered.

Thus, based on all the considerations relevant herein, notice of this action for the purpose of a Rule 15 amendment should be imputed to Mr. Harvey.

**4. But for a mistake, Harvey would have been named a Defendant.**

Plaintiff was not aware of Lieutenant Harvey's involvement in this matter until the State Defendants first disclosed him as a person with knowledge on August 7, 2007, nor did they have any awareness of the nature of his involvement until State Defendants provided their discovery response on October 15, 2007, nor did they have an accurate understanding of the nature of his involvement until the Lovett deposition on October 24, 2007. All of these matters were discussed in section 1 above. There was no way to amend

the "certain unknown officers" status until the State Defendants had provided to Plaintiff information that was entirely within their control. For these reasons, the facts of the instant matter compel a finding that a mistake justifies the relation back of the current proposed amendment naming Lieutenant Harvey as a Defendant, in line with the analysis in Singletary on the mistake issue, 266 F.3d at 200-202, particularly as that analysis invokes Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3rd Cir. 1977) and Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (per Torres, "the requirements of the rules of procedure should be liberally construed and . . . 'mere technicalities' should not stand in the way of consideration of a case on its merits").

## Conclusion

For the foregoing reasons, Plaintiff Timothy Ward respectfully requests this Honorable Court to grant D.I. #87, the "Motion for Leave to Amend the Complaint to Add Lieutenant Paul Harvey as a Party Defendant."


**MARTIN & WILSON, P.A.**

**JEFFREY K. MARTIN, ESQUIRE**
**TIMOTHY J. WILSON, ESQUIRE**
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
*Attorneys for Plaintiff*


**LAW OFFICES OF**
**HERBERT G. FEUERHAKE**

**HERBERT G. FEUERHAKE, ESQUIRE**
DE State Bar I.D. No.: 2590
521 West St
Wilmington, DE 19801
(302) 658-6101
herblaw@verizonmail.com
*Attorney for Plaintiff*


DATED:        January 23, 2008


12

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, the undersigned counsel for Plaintiff in the above-captioned case, hereby certify that the foregoing *Plaintiff's Reply Memorandum In Support Of The Motion To Amend The Complaint To Add Lieutenant Paul Harvey As A Defendant, In Response To State Defendants' Opposition To Said Motion To Amend* was filed via CM/EMF on January 23, 2008 to the following:

Stephani J. Ballard
Department of Justice
Carvel State Office Building
820 N French St
Wilmington, DE 19801

Daniel L. McKenty
Heckler & Frabizzio
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128

**MARTIN & WILSON, P.A.**

**JEFFREY K. MARTIN, ESQUIRE**
**TIMOTHY J. WILSON, ESQUIRE**
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
*Attorneys for Plaintiff*

DATED:        January 23, 2008

**LAW OFFICES OF**
**HERBERT G. FEUERHAKE**

**HERBERT G. FEUERHAKE, ESQUIRE**
DE State Bar I.D. No.: 2590
521 West St
Wilmington, DE 19801
(302) 658-6101
herblaw@verizonmail.com
*Attorney for Plaintiff*