**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY WARD, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-1391 *** |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR; et al., ) | |
| ) | |
| Defendants and Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST CORRECTIONAL MEDICAL ) | |
| DELAWARE, LLC., ) | |
| ) | |
| Third-Party Defendant. ) | |

## STATE DEFENDANTS' RESPONSES TO PLAINTIFF TIMOTHY WARD'S SECOND SET OF INTERROGATORIES

1. Identify by name, address, phone number, location, date and persons present, all individuals who have been interviewed by you in connection with this matter and whether any documents or memoranda were prepared relating to that interview.

**ANSWER:** Objection. This interrogatory is vague, overbroad and calls for the production of information protected by attorney-client and work product privileges. Notwithstanding said objection, counsel for State Defendants has interviewed the named individual State Defendants as well as persons identified in State Defendants' initial disclosures and supplementation to initial disclosures.

2.   Identify each and every document, photograph, videotape, audiotape, or any other form of recording media, or other item of evidence that you intend to use in this lawsuit, for any purpose, including, but not limited to, cross-examination, during any pretrial or trial proceedings, either as exhibits, for purposes of impeachment, or as demonstrative evidence.

**ANSWER:**   Objection. This interrogatory is vague, overbroad and unduly burdensome and calls for production of materials protected by attorney-client and work product privileges. Notwithstanding said objection, all documents or other tangible items of evidence, other than documents/evidence unknown at this time which may become necessary for purpose of impeachment, have previously been produced to all parties in this litigation, as part of State Defendants' initial disclosures and responses to discovery requests. Plaintiffs will identify exhibits to be used at trial, at the appropriate time, on the pre trial order pursuant to the rules and orders of this court.

3.   Please state the basis for the inclusion of the following individuals in your Initial Disclosures and Supplemental Initial Disclosures, including disclosure of their specific factual knowledge which you contend is pertinent to any or all of Defendants' defense and/or Plaintiff's claims including damages:

(a)   Joseph Richardson, Institutional Investigator, DCC;

(b)   Michael McCreanor, Shift Commander, DCC;

(c)   David Holman, Security Superintendent, DCC;

(d)   Nicole (McEnaney) Sroka, Correctional Officer, DCC;

(e)   Paul Harvey, Correctional Officer, DCC;

 (f) Dr. Sitta Alie

 (g) Terry Hastings, R.N.

 (h) Dr. Norman Lippman

 (i) Dr. Rodolfo J. Rios

 (j) Joseph Belanger, Shift Commander, DCC

 (k) Aladino Rodriguez, Jr., Correctional Officer, DCC

 (l) Keith Lovett, Former Correctional Officer, DCC

 (m) Veronica (Drummond) Sabb, Correctional Officer, DCC

**ANSWER:**

Objection. This interrogatory is vague, overbroad, unduly burdensome and calls for production of materials protected by attorney-client and work product privileges. Notwithstanding said objection:

 (a) Joseph Richardson: Joseph Richardson is an institutional investigator at DCC who handles criminal incident investigations. Mr. Richardson investigated the incident where inmate Robert Johnson assaulted inmate Timothy Ward.

 (b) Michael McCreanor: Michael McCreanor was a shift commander on the day Timothy Ward was assaulted. He had not yet assumed duty, but was in his office at DCC at the time of the assault. McCreanor reported to the T-yard when Ward was being attended to by medical personnel. Someone from FCM requested that Ward be transported to the hospital by prison van, but McCreanor refused and required FCM to order an ambulance to transport Ward.

 (c) David Holman: Major David Holman is a security superintendent at DCC and also serves as the hostage negotiation team leader. Major Holman dealt with

Timothy Ward's family's request for various information following the assault on Ward. Major Holman also issued a memo to Warden Carroll, dated September 2, 2004, which has been produced to Plaintiffs at bates number D-00440.

(d) Nicole (McEnaney) Sroka: Ms. Sroka is a canine correctional officer at DCC. She responded when the Code 4 was called following Johnson's assault on Ward. She responded to the T yard area and saw Ward sitting (conscious) on the table. She was a witness, but did not personally take any action.

(e) Paul Harvey: Lt. Paul Harvey responded to the area when the Code was called. By the time he got there, Ward was walking to the infirmary. Ward was not unconscious at any time Harvey was there. Lt. Harvey was also outside the chow hall the morning of the assault, when inmate Robert Johnson spoke during chow hall, in contravention of the rules.

(f) Dr. Sitta Alie: Upon information and belief, one of the physicians employed by FCM who treated Timothy Ward at DCC. State Defendants have no further information on Dr. Alie, other than any documentary records that have been produced.

(g) Terry Hastings, R.N.: Upon information and belief, one of the nurses employed by FCM who treated Timothy Ward at DCC. State Defendants have no further information on Terry Hastings, R.N., other than any documentary records that have been produced.

(h) Dr. Norman Lippman: Upon information and belief, a non-FCM physician who treated and/or evaluated plaintiff.

(i) Dr. Rodolfo J. Rios: Upon information and belief, a non-FCM physician who treated and/or evaluated plaintiff.

(j) Joseph Belanger: Lt. Belanger was not working on the day in question. He interviewed several inmates about the assault on Ward and attempted to interview inmate Robert Johnson. He also interviewed Timothy Ward who could not identify his assailant at that time. Belanger completed an incident report which has been produced in discovery.

(k) Aladino Rodriguez, Jr.: CO Rodriguez wrote an Incident Report (Bates # D00378) on July 11, 2004 after he was approached by two inmates who told him they had witnessed the assault. CO Rodriguez was not himself a witness.

(l) Keith Lovett: Keith Lovett is no longer employed by DCC, but was a correctional officer assigned to the T-area on the day of the assault. Counsel for State Defendants has not been able to make contact with Mr. Lovett.

(m) Veronica (Drummond) Sabb: CO Sabb was working in the W building yard at the time of the assault. The W yard is adjacent to the T yard. Someone from the T area alerted her that someone had been hurt and she proceeded to the T area and called a Code 4 for the injury. By the time she arrived in T-yard Ward was sitting up and was able to respond to her. Medical personnel arrived shortly after she called the code. Sabb completed an incident report which has been produced in discovery.

4. Please state the entire factual basis for your denial of the allegations found in Paragraph 11 of the Complaint.

**ANSWER:**

Objection. This interrogatory is vague, overbroad and unduly burdensome and calls for production of materials protected by attorney-client and work product privileges.

Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Notwithstanding said objection, see D-00473 - 00477, previously produced.

5. Please state the entire factual basis for your denial of the allegations found in Paragraph 14 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

6. Please state the entire factual basis for your denial of the allegations found in Paragraph 15 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

7. Please state the entire factual basis for your denial of the allegations found in Paragraph 17 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see nurse's note of Johnson's evaluation at the infirmary on 7/10/04. Bates # D-00430.

8. Please state the entire factual basis for your denial of the allegations found in Paragraph 25 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see response to Interrogatory #3 (re: Ward was not unconscious) and incident reports, Bates D-00379 - 380.

9. Please state the entire factual basis for your denial of the allegations found in Paragraph 27 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see incident reports, Bates D00379 - 380.

10. Please state the entire factual basis for your denial of the allegations found in Paragraph 30 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see response to Interrogatory #3 (re: transportation of Ward to emergency room) and incident reports (Bates D-00379- 380), and Emergency Room reports (Bates D00057 - 67).

11. Please state the entire factual basis for your denial of the allegations found in Paragraph 31 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection, see response to Interrogatory #3 (re: transportation of Ward to emergency room).

12. Please state the entire factual basis for your denial of the allegations found in Paragraph 35 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 35 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see medical/infirmary records previously produced, which speak for themselves.

13. Please state the entire factual basis for your denial of the allegations found in Paragraph 41 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 41 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see records of Dr. Lippman, previously produced, which speak for themselves.

14.  Please state the entire factual basis for your denial of the allegations found in Paragraph 42 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 42 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see records of Dr. Lippman and FCM medical/infirmary records, previously produced, which speak for themselves.

15.  Please state the entire factual basis for your denial of the allegations found in Paragraph 53 of the Complaint.

ANSWER:

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. Notwithstanding said objection see Bates D-00432 - 438, previously produced.

16. Please state the entire factual basis for your denial of the allegations found in Paragraph 54 of the Complaint.

ANSWER:

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

17. Please state the entire factual basis for your denial of the allegations found in Paragraph 55 of the Complaint.

ANSWER:

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide

affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

18. Please state the entire factual basis for your denial of the allegations found in Paragraph 56 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

19. Please state the entire factual basis for your denial of the allegations found in Paragraph 62 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 62 regarding medical care are primarily directed to the medical defendants. Notwithstanding said objections, see medical/infirmary records previously produced, which speak for themselves.

20. Please state the entire factual basis for your denial of the allegations found in Paragraph 63 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

21. Please state the entire factual basis for your denial of the allegations found in Paragraph 67 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative.

22. Please state the entire factual basis for your denial of the allegations found in Paragraph 76 of the Complaint.

**ANSWER:**

Objection, this Request is vague, overbroad, unduly burdensome, and calls for the production of attorney-client privileged and work product materials. Furthermore, Plaintiff bears the burden of proof in this case, and it is his obligation to provide affirmative evidence supporting each and every allegation in his complaint. Defendants are not obliged to prove a negative. In addition, the allegations in paragraph 76 regarding medical care are directed to the medical defendants. Notwithstanding said objections, see Bates # D00201, previously produced.

                                          /s/ Stephani J. Ballard
                                          Stephani J. Ballard, I.D. #3481
                                          Deputy Attorney General
                                          Department of Justice
                                          Carvel State Building
                                          820 N. French St, 6th Flr.
                                          Wilmington, DE 19801
                                          (302) 577-8400
                                          Attorney for State Defendants

DATED:      October 15, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 04-1391 *** |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR; PAUL HOWARD; | ) | |
| THOMAS CAROLL; JOHN SALAS; JESSICA | ) | |
| DAVIS-PARTON; CERTAIN UNKNOWN | ) | |
| INDIVIDUAL EMPLOYEES OF THE STATE | ) | |
| OF DELAWARE DEPARTMENT OF | ) | |
| CORRECTION; and STATE OF DELAWARE | ) | |
| DEPARTMENT OF CORRECTION. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I hereby certify that on October 15, 2007, a true and correct copy of the *State Defendants' Responses to Plaintiff Timothy Ward's Second Set of Interrogatories* was served upon the following counsel of record via electronic mail:

| | |
|---|---|
| Jeffrey K. Martin, Esquire<br>Martin & Wilson, P.A.<br>1508 Pennsylvania Avenue, Suite 1C<br>Wilmington, DE 19806 | Daniel McKenty, Esquire<br>Heckler & Frabizzio<br>P.O. Box 128<br>Wilmington, DE 19899-0128 |

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French St, 6th Flr.
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

B - 000027