IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY WARD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-1391 JJF |
| | : |
| STANLEY TAYLOR, et al., | : JURY TRIAL DEMANDED |
| | : |
| Defendants, | : |
| | : |
| FIRST CORRECTIONAL MEDICAL DELAWARE, LLC, | : |
| | : |
| Third-Party Defendant. | : |

Jeffrey K. Martin, Esquire of MARTIN & WILSON, P.A., Wilminton, DE.
Herbert G. Feuerhake, Esquire of LAW OFFICE OF HERBERT FEUERHAKE, Wilmington, DE.

Counsel for Plaintiff.

Stephani J. Ballard, Deputy Attorney General Esquire of the DEPARTMENT OF JUSTICE FOR THE STATE OF DELAWARE, Wilmington, Delaware.

Counsel for Defendants.

**MEMORANDUM OPINION**

May 19, 2008

Farnan, District Judge

Pending before the Court is Plaintiff's Motion for Leave to Amend the Complaint to add Lieutenant Paul Harvey as a Defendant (D.I. 87). For the reasons discussed, the Court will grant Plaintiff's motion.

I.  **Background**

On October 26, 2004, Plaintiff Timothy Ward filed the present action pursuant to 42 U.S.C. § 1983 against the State of Delaware Department of Correction ("DOC"), numerous individual DOC administrators and employees, and "certain unknown individual employees" of the DOC (collectively, "Defendants"), alleging a host of constitutional violations, including failure to protect and inadequate medical care. (D.I. 1.) Plaintiff's claims arise out of an July 10, 2004 incident in which he, an inmate at the Delaware Correctional Center in Smyrna, Delaware, was assaulted from by behind, without warning or provocation, and severely beaten by inmate Robert Johnson ("Johnson"). (Id.)

On December 1, 2004, Deputy Attorney General Foster of the Department of Justice for the State of Delaware entered an appearance on behalf of the Defendants. Four different deputy attorney generals have represented Defendants following substitutions of counsel on June 6, 2005, August 15, 2005, and July 6, 2006. (D.I. 23, 24, 36.) Deputy Attorney General Ballard now represents Defendants.

1

On July 28, 2006, the Court entered a scheduling order which provided that all motions to amend pleadings shall be filed by October 1, 2006 and that discovery shall be completed by June 30, 2007. (D.I. 39.) On March 14, 2007, the discovery completion date was amended to September 28, 2007. (D.I. 61.)

On August 7, 2007, by their Supplementation of Initial Disclosures, Defendants identified "Paul Harvey, Correctional Officer, DCC" as an individual likely to have discoverable information. (D.I. 96, Exh. D.) On October 15, 2007, in response to Plaintiff's request for "disclosure of [Paul Harvey's] specific factual knowledge which you contend is pertinent to any of all of Defendants' defense and/or Plaintiff's claims," Defendants stated:

> Lt. Paul Harvey responded to the area when the Code as called. By the time he got there, Ward was walking to the infirmary. Ward was not unconscious at any time Harvey was there. Lt. Harvey was also outside chow hall the morning of the assault, when Robert Johnson spoke during chow hall, in contravention of the rules.

(Id., Exh. E.)

On October 24, 2007, Plaintiff deposed former DOC Correctional Officer Sean Lovett ("C.O. Lovett"). (D.I. 87.) C.O. Lovett testified to having observed Johnson act out at chow hall, and to having warned Lieutenant Paul Harvey ("Lt. Harvey") that Johnson was "going to bust loose" or "go crazy," and that Harvey "better do something." (D.I. 87-2 at 66.) Though acknowledging that Lt. Harvey sent Johnson to the infirmary, C.O.

2

Lovett further testified that Lt. Harvey "kind of blew it off." (Id. at 68; D.I. 93 at 99-100.)

On December 7, 2007, Plaintiff filed the instant Motion for Leave to Amend the Complaint to Add Lieutenant Paul Harvey as a Defendant. (D.I. 87.)

**II. Discussion**

Because the statute of limitations has otherwise run on his claim against Lt. Harvey, Plaintiff needs to establish that his proposed amendment "relates back" to the original filing, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.[1] Failure to comply with a statute of limitation renders a proposed amendment futile. Cowell v. Palmer Township, 263 F.3d 286, 296 (3d Cir. 2001) (citations omitted).

By their papers, Defendants contend that Plaintiff cannot demonstrate that the claims against Lt. Harvey "relate back" to the filing of the Complaint because Lt. Harvey did not have timely notice of this action and had no reason to believe that, but for a mistake, the action would have been brought against him. Further, Defendants contend that Plaintiff's motion should be denied because it is product of Plaintiff's undue delay. In response, Plaintiff contends that Lt. Harvey had informal notice of the action through having a "shared attorney" and "identity of

---

[1] The statute of limitations on injury claims in Delaware is two years. Del. Code Ann. tit. 10 § 8107 (2008).

3

interest" with the named defendants, and that Plaintiff could not have known the allegations of Lt. Harvey's involvement until the close of discovery because of Defendants' incomplete production.

Pursuant to Federal Rule of Civil Procedure 15(c), an amendment of a pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or[2]
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(2008). The party to be brought in by amendment must have received notice of the action within 120 days following the filing of the action, the period provided for service of the complaint by Federal Rule of Civil Procedure 4(m). If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time. Singletary v. Penns. Dept. Of Corrections, 266 F.3d 186, 189 (3d

---

[2]Defendants do not dispute that Plaintiff's amended complaint would meet this element. (D.I. 93 at 4.)

4

Cir. 2001).

   A.   **Notice**

The Third Circuit has endorsed two methods of imputing notice under Rule 15(c): the "shared attorney" method and the "identity of interest" method. Singletary v. Penns. Dept. of Corrections, 266 F.3d 186, 196-200 (3d Cir. 2001).

   1.   The Shared Attorney Method

The "shared attorney" method of imputing notice under Rule 15(c) rests on the notion that where the originally named party and the party sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary, 266 F.3d at 196. The relevant inquiry is whether notice can be imputed to the proposed defendant within the relevant 120 day period by virtue of shared representation with the originally named defendants. Id.

The court in Singletary found the "shared attorney" method inapplicable where the attorney to represent the proposed defendant, a deputy state attorney general, was not the original attorney for the named defendants during the 120 day period because the case had been transferred between districts. Id., at 196-97. The deputy state attorney general had answered all of the allegations in the Complaint, including those directed towards the unknown corrections officers, and had defended at the

5

proposed defendant's deposition, yet the court found the fact that he could not have given the proposed defendant notice within the 120 day period, because of the transfer, determinative.  Id.

Plaintiff contends that the State Department of Justice has represented all of the Defendants[3], including "certain unknown individual employees of the State of Delaware," from the outset of this litigation, citing the Answer and Third Party Complaint (D.I. 29) and substitutions of counsel, which expressly identify representation of the unknown individual employees.  Despite these indicia of shared representation, the Court concludes that notice to Lt. Harvey *within the 120 day period* cannot be imputed under the "shared attorney" method because of the Defendants' substitutions of counsel.  As in Singletary, where the substitution of deputy attorney generals defeated the possibility of imputed notice, Lt. Harvey cannot share, going forward, the individual attorney the named defendants had during the 120 period because that attorney no longer represents Defendants.  Deputy Attorney General Foster represented Defendants during the 120 period, which expired on February 25, 2005; Deputy Attorney General Ballard now represents Defendants.  Indicia of shared representation by the State Department of Justice generally, such as defense of the proposed defendant at deposition, did not

---

[3]Not including Third Party Defendant First Correctional Medical, LLC.

6

overcome the substitution of attorneys bar in Singletary. Nor can they here. Accordingly, the Court concludes that Plaintiff cannot satisfy the notice requirement of Rule 15(c) through the "shared attorney" method.

   2.   The Identity of Interests Method

The "identity of interest" method of imputing notice under Rule 15(c) is related to the shared attorney method. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Singletary, 266 F.3d at 197 (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1499, at 146 (2d ed. 1990)).

Though declaring the issue to be a "close one," the court in Singletary found that a prison psychologist, the proposed defendant, did not have a sufficient identity of interest with the prison and prison administrators to impute notice for Rule 15(c) purposes. Id., at 199-200. The Singletary court noted that the proposed defendant was a "staff level employee ... with no administrative or supervisory duties" at the prison. Id., at 199. "Absent other circumstances that permit the inference that notice was actually received," such as a likelihood that defendants' attorney interviewed the proposed defendant, a "non-management employee ... does not share a sufficient nexus of

7

interests with his or her employer" to impute notice for rule 15(c) purposes.  Id., at 200.

While this is also a close case, the Court concludes that Lt. Harvey has sufficient identity of interests with the originally named defendants, including Lt. Salas, to impute notice for Rule 15(c) purposes.  Unlike the proposed defendant in Singletary, who had no administrative or supervisory duties, Lt. Harvey is in a supervisory position.  Indeed, it is because of Lt. Harvey's position and conduct as a supervisor that Plaintiff seeks to add him as a defendant.  Moreover, insofar as share the same rank, Lt. Harvey and Lt. Salas have essentially identical interests.  Insofar as Lt. Harvey is in a supervisory position, he shares to some degree the supervisory interests of all of the originally named prison administrators.  Thus, the Court concludes that Lt. Harvey has sufficient identity of interests with the originally named defendants to impute notice to him for Rule 15(c) purposes.

    **B.**    **But for a Mistake Concerning the Identity of the Proper Party**

Beyond notice, Rule 15(c) imposes an additional requirement for relating back an amended complaint that adds a party.  The rule requires that the newly added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. Rule 15(c)(1)(C)(ii).  A plaintiff's lack of knowledge of a

8

particular defendant's identity can be a mistake under Rule (15)(c). <u>Varlack v. SWC Caribbean, Inc.</u>, 550 F.2d 171, 175 (3d Cir. 1977), cited as binding in <u>Singletary</u>, 266 F.3d at 201.

The Court concludes that Lt. Harvey should have known that this action would have been brought against him, absent Plaintiff's mistake concerning Lt. Harvey's identity. Plaintiff included among the originally named defendants "certain unknown individual employees of the State of Delaware," which can constitute mistaken identity for Rule 15(c) purposes. See <u>Varlack</u>, 550 F.2d at 175. As the Court imputes constructive notice of this action to Lt. Harvey, the question remaining is whether Lt. Harvey "knew or should have known" that, but for Plaintiff's mistake, he would have been a named party. By his affidavit, Lt. Harvey avers that he "had no reason, at any time, to believe that I would ever be named as a defendant." (D.I. 93-2.) Plaintiff, however, through naming "certain unknown individual employees," essentially advertised that he was aware of and seeking correctional officers whose identity he did not know, and it is uncontested that Lt. Harvey was involved in evaluating or disciplining Plaintiff's attacker prior to the incident. Defendants do not challenge C.O. Lovett's testimony that Lovett told Lt. Harvey, just before the incident in which Plaintiff was attacked, that the Plaintiff's attacker was "going to bust loose," that "this dude is going to go crazy, you better

9

do something," and that "[Lt. Harvey] kind of blew it off."[4] (D.I. 87-2, Lovett dep. at 66, 68.) Defendants do not dispute Lt. Harvey's involvement, but rather contend that Lt. Harvey responded reasonably in sending Plaintiff's attacker to the infirmary. (D.I. 93 at 5.) The Court finds that, given his authority and involvement in the events directly leading up to Plaintiff's assault, Lt. Harvey should have known that, but for Plaintiff's identification mistake, he would have been a named defendant.

### C. Whether the Amendment is the Product of Undue Delay by Plaintiff

Defendants contend that Plaintiff's motion should be denied because the amendment is a product of Plaintiff's undue delay. Specifically, Defendants contend that Lt. Harvey's name was initially disclosed to Plaintiff as early as September of 2006, and that the nature of Lt. Harvey's involvement was disclosed to Plaintiff at least as early as February 27, 2007. In response, Plaintiff contends that State Defendants failed to identify Lt. Harvey as an individual *likely to have discoverable information* until August 7, 2007. Further, Plaintiff contends that Lt. Harvey was incorrectly identified as a Correctional Officer rather than Lieutenant, and that the nature of his involvement

---

[4] While not challenging the veracity of the Lovett's testimony, Defendants note that they "do not concede the veracity of any particular testimony or statements by Keith Lovett." (D.I. 94 at 6 n.2.)

10

was not disclosed until October 15, 2007. Lastly, Plaintiff contends that he was not given an accurate account of Lt. Harvey's involvement until taking C.O. Lovett's deposition on October 24, 2007.

Leave to amend a complaint should be "freely given" when justice so requires. Fed. R. Civ. Pro. 15(a). In the absence "undue delay, bad faith or dilatory motive on the part of the movant," the leave sought should be "freely given," as required by the Rules. <u>Foreman v. Davis</u>, 371 U.S. 178, 182 (1962).

After reviewing the parties' contentions and the papers, the Court concludes that the amendment is not the result of undue delay or dilatory motive on the part of the Plaintiff. Defendants contend that Plaintiff was given ample notice of Lt. Harvey's involvement through a print out of an anonymous email produced on February 27, 2007, but have presented no evidence that this email was actually produced before December 10, 2007 (D.I. 90). Further, Defendants did not provide any description of Lt. Harvey's involvement in the incident in its interrogatory responses until October 15, 2007. Plaintiff's motion was filed within two months of this date. The Court therefore concludes that Plaintiff's Motion for Leave is not the result of undue delay or dilatory motive by Plaintiff.

**III. Conclusion**

Accordingly, for the reasons discussed above, the Court will grant Plaintiff's motion and enter an appropriate order.

11