**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-JJF |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**STATE DEFENDANTS' MOTION FOR REARGUMENT OF THIS COURT'S ORDER AND OPINION OF MAY 19, 2008, GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT TO ADD PAUL HARVEY AS A DEFENDANT**

Pursuant to Local Rule 7.1.5, State Defendants, by and through counsel, hereby move this Honorable Court for Reargument of the Court's May 19, 2008 Opinion and Order (D.I. 102-203), which granted Plaintiff's Motion for Leave to amend his compliant to add a new defendant, Lt. Paul Harvey, after the statute of limitation had expired on his claims.

1.   Local Rule 7.1.5 provides that a party may move for reargument within 10 days of the Court's decision. This motion is the functional equivalent of a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). <u>Kavanagh v. Keiper Recaro Seating, Inc.</u>, 2003 WL 22939281 (D.Del. 2003). While motions for reargument or reconsideration are "sparingly granted" and "should not be used to re-hash arguments already briefed," they are appropriate where the court has made an error of apprehension or has made a decision outside the scope of the issues presented to

1

the court by the parties. Kavanagh at *1. A motion for reargument, or reconsideration, is also appropriate where the moving party demonstrates the "need to correct a clear error of law" in the ruling under consideration. Dobrich v. Indian River School Dist., 432 F.Supp.2d 445, 448 (D.Del. 2006); Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

2. The issue before the Court is whether Plaintiff has met his burden of showing that his untimely motion to amend to add Paul Harvey as a defendant, filed 17 months after the expiration of the statute of limitations, can "relate back" to the filing of the original Complaint, pursuant to F.R.C.P. 15(c). Singletary v. PA Dept. of Corrections, 266 F.3d 186 (3d Cir. 2001). As the Court noted in its decision, Plaintiff must demonstrate that all of Rule 15(c)'s requirements were met within 120 days from the date of filing of the original Complaint. (D.I. 102, p.4). The disputed requirements of relation back under Rule 15(c) are:

- The party to be brought in by the untimely amendment must have [within the 120 day period of Rule 4(m)] "received such notice of the institution of the action that [he] will not be prejudiced in maintaining a defense on the merits." The Third Circuit has held that this prong consists of **two distinct subparts**--(a) notice and (b) the absence of prejudice, *if* timely notice was proven--each of which must be satisfied. Singletary, 266 F.3d at 194; *and*

- The newly named party must have known, or should have known (again within the initial 120 day period) that "but for a mistake" the action would have been brought against him.

266 F.3d at 193.

3. The bases for this motion for reconsideration of the May 19, 2008 decision are as follows:

(1) In its "identity of interest" analysis, the Court misapprehended Paul Harvey's status with the Department of Correction for purposes of Rule 15(c). Harvey was not employed by DOC nor in any sort of relationship with any defendant when the suit was filed and for 10 months thereafter, well encompassing the relevant 120 day time period;

(2) In its analysis of whether Plaintiff acted with undue delay in seeking to amend his

Complaint, the Court misapprehended and/or failed to address evidence of record showing that Plaintiff was on notice of the alleged nature of Lt. Harvey's involvement for at least 10 months prior to moving to amend;

(3) The Third Circuit cases <u>Varlack v. SWC Carribean, Inc.</u> and <u>Singletary</u> do not stand for the proposition that the naming of "unknown defendants" is equivalent to a "mistake" in identification pursuant to Rule 15(c)(1)(C)(2).

4. After correctly stating the Rule 15(c) test for relation back, the Court went on to find that there was a "sufficient identity of interests" with the named defendants, including Lt. John Salas, to "impute notice" of the filing of the action to Paul Harvey. Specifically, the Court notes that Harvey and Salas held "the same rank" and as a Lieutenant shared "the supervisory interests" of the original administrator defendants.[1] Plaintiff filed suit on *October 26, 2004*. While Defendants would dispute that a correctional officer lieutenant who works directly with prisoners (of which there are 35 at DCC) shares the same interests of high-ranking administrators such as the named Commissioner, Warden and Bureau Chief[2], even assuming the common interest of rank, the putative defendant, Paul Harvey was *not employed by the Department of Correction from October 1, 2004 to August 21, 2004*, encompassing the **entire 120 day time period** (and more) in which Rule 15(c) provides that the new defendant must have received notice (whether actual or imputed). (See Harvey affidavit, Exhibit C). <u>Singletary</u> explained that the issue is whether the new defendant is "so closely related to his employer" as to have an identity of interest. 266 F.3d at 198. The Third Circuit's focus was on the existence of indicia showing the likelihood that the new defendant got actual notice of the lawsuit at his workplace. <u>Id</u>. As a non-DOC employee, Plaintiff cannot establish, and this Court should not find, that Harvey had imputed notice of a lawsuit filed during a period of time when he

---

[1] The Court's decision did not address whether or not the imputed interest it found occurred within the requisite 120 day time period of Rule 4(m).
[2] <u>Singletary</u> held that "absent other circumstances that permit the inference that notice was actually received, a non-management employee…does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." 266 F.3d at 189

did not hold the rank of Lieutenant; was not a supervisor and, indeed, was not employed by and did not share interests with DOC or any named defendants.

  5.  Moreover, the Court did not make the required second part of the 15(c)(3) analysis—that, even with a finding that the Lt. Harvey received notice, there is an "absence of prejudice" to the new defendant by the late amendment. Singletary, *supra*, 266 F.3d at 194. The Third Circuit in Singletary explained that if a defendant did not receive notice within 120 days (and, as discussed above, Harvey did not) "it would appear unlikely that such non-notice was sufficient to allay the prejudice" of the late amendment. Id.

  6.  The second error of factual apprehension in the Court's decision which warrants reargument is the Court's finding, in its analysis of whether Plaintiff acted with undue delay, that there is "no evidence that this email [authored by Keith Lovett] was actually produced before December 10, 2007" and that Defendants did not describe Lt. Harvey's (alleged) involvement in its interrogatory responses until October 15, 2007." Respectfully, these findings are incorrect. In its Response in Opposition to Plaintiff's motion to amend Harvey as a defendant, Defendants cited to record documents which prove that Plaintiff received timely notice of Lt. Harvey's involvement at least 10 months prior to his December 2007 motion to amend. These documents are noted again, and attached hereto:

- State Defendants' responses to Plaintiff's First set of Requests for Production (D.I. 58, **filed 2/28/07**), states "Documents with Bates numbers D00428 - D00508 are produced as part of these responses." The "Lovett email" bears the Bates number D00431-D00431A. (Exhibits A-B). ***This was 10 months prior to the motion to amend.***

- Moreover, State Defendants took the extra step of flagging the Lovett email by way of specific response to Plaintiff's RFP #2, requesting "written statements", in this same February 2007 filing. Defendants wrote: "See also anonymous email given (in paper form) to Lt. Salas by Keith Lovett, believed to be authored by Keith Lovett." (Ex. A). While this was a "request for production" response, rather than an

4

"interrogatory" response, the statement had the same affect of alerting Plaintiff specifically to this email, which discussed Paul Harvey in detail. ***This was 10 months prior to the motion to amend.***

- The Lovett email, produced in February, 2007, provided the same detail about Harvey which Defendants contend was not revealed until Lovett's deposition held (at Plaintiff's option) in October 2007. Lovett wrote, *inter alia*:

    "I then asked to speak to [Harvey] and he agreed. I then notified him of the incident that had just taken place. I told him I …[was concerned] about inmate Robert Johnson and that he seemed like he wasn't thinking straight. . . . .[H]e stated that he knew the inmates history . . .and he would go see him after chow. When chow was over, Lt. Harvey came to T1, then called unit 25/26 to help escort Robert Johnson to the infirmary. Within 10 minutes Robert Johnson was returned to T1, I then asked Lt. Harvey if everything was ok, he stated that there were no mental health staff on duty, so he was seen by a nurse who then informed Lt. Harvey that he would be seen by mental health on Monday."

D00431-431A (Ex. B).

7. Defendants must also address the Court's statement that it did not identify Lt. Harvey as an individual "likely to have discoverable information" until August, 2007. This refers to a party's obligations to make initial disclosures under F.R.C.P. 26(a). Under the relevant subsection, 26(a)(1)(A), a party's obligation is not to provide a comprehensive list of any person who "might have discoverable information" but to disclose those individuals likely to have information "that the disclosing party may use *to support its claims or defenses*. . . ." The State Defendants did not, at any time, intend to use Paul Harvey as a witness to support their claims or defenses. Thus, there was no obligation to identify him in initial disclosures. Lt. Harvey's affidavit further notes that he was not interviewed by anyone on behalf of Defendants until counsel met with him in May 2007. (Ex. C). He was then identified when Defendants supplemented initial disclosures in early August 2007.

8. Clearly, having disclosed the Lovett email early on in discovery--an email which contained the essence of Keith Lovett's allegations about Paul Harvey's involvement--Defendant had

5

met its obligations. The information was given to Plaintiff to be pursued, at his option, as of February 2007. Plaintiff did not seek to notice Lt. Harvey's deposition or seek discovery about him for 10 months. To suddenly declare, in December 2007, that Harvey was a critical player, and seek to amend to add him as a defendant, can only be characterized as dilatory and prejudicial to Mr. Harvey.

9. In addition to the clarification of facts in the record, reargument may also be granted where the moving party seeks to correct an error of law in the decision below. This error was the Court's conclusion that the Plaintiff's mere naming of "unknown defendants" in the initial complaint operated to meet Rule 15(c)(1)(c)(ii)'s requirement that the new defendant knew or should have known that "but for a mistake concerning the proper party's identity" the case would have been brought against him. As authority for this proposition, the Court cited Varlack v. SWC Carribean, Inc., 550 F.2d 171, 175 (3d Cir. 1977) and Singletary v. PA Dept. of Corrections, 266 F.3d 186 (3d Cir. 2001). Varlack did not make a blanket finding that the naming of "unknown" defendants equates to "mistake" for 15(c) purposes. In Varlack, the would-be defendant testified that he saw a copy of the lawsuit shortly after it was filed and admitted that he knew the phrase "unknown employee" referred to him, and that he thought he would have been sued if named. The Court held, properly, that "this testimony was manifestly a sufficient basis on which the district court could conclude that …relation back under Rule 15(c) was satisfied." 550 F.2d at 175. The holding in Varlack was clearly case-specific and did not purport to do more than rule on the facts of the case at bar. Singletary, discussing Varlack, took note of that unique facts of that case and, while acknowledging it involved a "John Doe" situation, stopped short of saying that "John Doe" cases automatically constitute compliance with the Rule, and expressed "concern" with the state of the law on this issue. 266 F.3d at 200-201. There is no evidence in the record of this case suggesting that

6

Paul Harvey had any idea within 120 days after suit was filed that, but for a mistake, he would have been named as a defendant

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for reconsideration of the order allowing amendment of the complaint to add Paul Harvey as a defendant, pursuant to Local Rule 7.1.5.

                                                **DEPARTMENT OF JUSTICE**
                                                **STATE OF DELAWARE**

                                                By:   /s/ *Stephani J. Ballard*
                                                STEPHANI J. BALLARD (I.D. No. 3481)
                                                Deputy Attorney General
                                                Carvel State Office Building
                                                820 North French Street, 6th Floor
                                                Wilmington, DE 19801
                                                (302) 577-8400
DATED: June 3, 2008                      Attorney for State Defendants

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIMOTHY WARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STANLEY TAYLOR, et al., )<br>)<br>Defendants and )<br>Third-Party Plaintiffs, ) | C.A. No. 04-1391-JJF |

## ORDER

AND NOW, this ____ day of _____, 2008, the Court having reviewed and considered Defendants' Motion for Reargument and any response filed thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. This Court's Memorandum and Order dated May 19, 2008 (D.I. 102) is hereby modified to provide that Plaintiff's Motion for Leave to Amend the Complaint to add Lt. Paul Harvey as a Defendant is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
J.

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, et al., | ) | C.A. No. 04-1391-JJF |
| | ) | |
| Defendants and | ) | |
| Third-Party Plaintiffs, | ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on June 3, 2008, she caused the attached, *State Defendant's Motion for Reargument of this Court's Order and Opinion of May 19, 2008, Granting Plaintiff Leave to Amend Complaint to Add Paul Harvey as a Defendant* to be electronically filed with this Court and served via CM/ECF upon the following person(s):

**NAME AND ADDRESS OF RECIPIENT(S):**

Jeffrey K. Martin, Esquire
Martin & Wilson, P.A.
1508 Pennsylvania Ave., Suite 1C
Wilmington, DE 19806

/s/ *Stephani J. Ballard*
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400

Attorney for State Defendants