IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1391 JJF |
| | ) | |
| STANLEY TAYLOR; PAUL HOWARD; | ) | |
| THOMAS CARROLL; JOHN SALAS; | ) | JURY TRIAL DEMANDED |
| JESSICA DAVIS-BARTON; CERTAIN | ) | |
| UNKNOWN INDIVIDUAL EMPLOYEES OF | ) | |
| THE STATE OF DELAWARE DEPARTMENT | ) | |
| OF CORRECTION; and STATE OF DELAWARE | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| DELAWARE, LLC | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR REARGUMENT OF THIS COURT'S ORDER AND OPINION OF MAY 19, 2008

Plaintiff, by and through his counsel, hereby moves this Honorable Court to deny the "State Defendants' Motion for Reargument of this Court's Order and Opinion of May 19, 2008, Granting Plaintiff Leave to Amend Complaint to Add Paul Harvey as a Defendant," D.I. #106. State Defendants' motion fails as an inappropriate invocation of the reargument remedy; moreover, said motion further fails on each of the three substantive grounds asserted by the State Defendants.

1

**Standards on a Motion for Reargument**

The decision to grant a motion for reargument lies within the discretion of the district court; however, such motions should be granted only sparingly. Dentsply Int'l. Inc. v. Kerr Mfg. Co., 42 F.Supp.2d 385, 419 (D. Del. 1999). A motion for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the court,'" Id. (citing Ogelsby v. Penn Mutual Life Ins. Co., 877 F.Supp. 872, 892 (D.Del. 1995)), As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party; (2) where the court has made an error not of reasoning but of apprehension; or (3) where the court has made a decision outside the scope of issues presented to the court by the parties. Id. (citing Parelli Cable Corp. v. Ciena Corp., 988 F.Supp. 424, 445 (D.Del. 1998)). A "motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters not previously obtainable have been discovered since the issue was submitted to the Court.'" Schering Corp. v. Amgen, Inc., 25 F.Supp.2d 293, 295 (D.Del. 1998) (quoting Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1241 (D.Del. 1990)). *See generally* Barkes v. First Correctional Medical, Inc., C.A. No. 06-104-JJF (Farnan, J.; Memorandum Order dated April 18, 2008) (copy attached).

The motion filed by the State Defendants in this matter fails to satisfy these procedural standards. The procedural standards will be discussed in the following sections dissecting the three *substantive* grounds on which State Defendants base their motion, namely:

2

· this Court's alleged misapprehension of the employment status of Lieutenant Paul Harvey at relevant times;

· this Court's alleged misapprehension of discovery disclosures relating to Lieutenant Paul Harvey's involvement in relevant events; and

· a purported misreading of the cases of Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3rd Cir. 1977) and Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186 (3rd Cir. 2001).

**Grounds Asserted by State Defendants, and the Reasons Such Grounds Fail to Support the Motion for Reargument**

*1. As to Lieutenant Paul Harvey's employment status with the Department of Correction*

The issue of Lieutenant Paul Harvey's employment status with the Department of Correction has already been asserted by the State Defendants; see D.I. #93 (the State Defendants' response to the original motion to amend) at paragraph 10. State Defendants offer nothing new on this point, but merely point to the same affidavit that they had previously filed in support of this argument. Their argument on this point constitutes precisely the sort of "rehashing" that the case law discourages. As the District Court has noted in its opinion, D.I. 102, Lieutenant Harvey was a supervisory employee in essentially an identical position with Defendant Lieutenant Salas at the time of the events underlying the complaint, and it is entirely appropriate to impute notice to him per the Rule 15 jurisprudence. Lieutenant Harvey's potential culpability in the matter is not impacted in the least by his subsequent employment elsewhere and, in any event, he has returned to work at the DOC now; the issue has been decided by this Court and no grounds exist to disturb that decision on reargument. See also the discussion in section 3 below regarding the liberal (as opposed to hyper-technical) approach to substituting a named defendant in place of a "John Doe" defendant.

3

*2. As to the discovery disclosures of the State Defendants with regard to Lieutenant Paul Harvey's involvement in this matter, and timeliness of the motion to amend.*

The undersigned counsel want to make one initial point very clear with regard to the discovery disclosures that have been made by the State Defendants in this matter: we believe that, whatever the content of those disclosures has been at various points in the litigation, it is beyond question that counsel for the State Defendants have been acting in good faith in making their disclosures. And indeed, as will be discussed further below, the existence of that good faith actually *supports* the position of Plaintiff herein, indicating that the amendment to allow Lieutenant Harvey to be added as a defendant was correctly granted.

Before turning to the substance of the position of State Defendants on this issue, let us first note that, once again, this issue was previously raised by State Defendants before, and the current attempt to reargue the point is nothing but a rehashing. The previous memoranda filed bear this out.

Now on to the substance. We would emphasize that State Defendants themselves failed to identify Lieutenant Harvey in their initial Rule 26 disclosures filed on August 7, 2006, and only identified him for the first time in their *supplemental* Rule 26 disclosures filed precisely one year later, on August 7, 2007. It is thus worthy of note that even State Defendants, acting in good faith and with far greater access to relevant communications and witnesses than plaintiff, failed to fully understand the significance of Lieutenant Harvey's involvement at an early stage of these proceedings. State Defendants make much of the content of an e-mail supplied to plaintiff in discovery responses on or about February 28, 2007. This e-mail is attached as Exhibit B to the motion for reargument

filed by the State Defendants, see D.I. #106-3[1]. As noted, the State Defendants themselves failed for at least six months after producing this e-mail to update their Rule 26 responses to include Lieutenant Harvey's name as a person likely to have discoverable knowledge, let alone as a potentially culpable party; it was not until October 15, 2007 that they provided still more detail with regard to Lieutenant Harvey's involvement in the matter (see generally the extended discussion in Plaintiff Ward's memorandum filed in support of the motion to add Lieutenant Harvey, D.I. #96). Moreover, it was actually the testimony supplied by Correctional Officer Thomas Lovett in his deposition on October 24, 2007[2] (which carried evidentiary implications significantly beyond the content contained in the proffered e-mail) that induced Plaintiff to add Lieutenant Harvey as a defendant. The full scope of Lieutenant Harvey's involvement in this matter thus became clear to all parties only gradually, as demonstrated by the State Defendants' gradually evolving (albeit admittedly good faith) discovery responses relating to Lieutenant Harvey's precise involvement; once the Lovett deposition testimony became available on October 24, 2007, revealing the full scope of Harvey's culpability, Plaintiff moved swiftly to amend the complaint to include Lieutenant Harvey. There was no undue delay in this matter, and no prejudice to any defendant.

---

[1] This e-mail has previously been referenced by State Defendants on this motion to amend, see D.I. #93 at paragraph 14; again, State Defendants are rehashing stale assertions on this motion for reargument.

[2] As noted by Plaintiff Ward in D.I. #96: "Lovett's testimony is dramatic, and spells out conduct on the part of Harvey that goes far beyond the tepid description in the State Defendants' supplementation of their initial disclosures. In short, Lovett describes the manner in which he warned Harvey about Johnson's ugly behavior, and his fears that Johnson 'was going to go crazy. I don't want to be around when it happens' . . . ; Lovett also notes that Harvey 'kind of blew it off.'" The Lovett deposition testimony, appended to D.I. #96, adds significant detail to the discussion of Harvey's involvement contained in the so-called Lovett e-mail.

5

*3. As to the meaning of the Third Circuit cases, Singletary and Varlack*

The State Defendants have asserted that the cases of Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3rd Cir. 1977) and Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186 (3rd Cir. 2001) do *not* support the proposition that the failure to provide a name for a "John Doe" or unknown defendant can constitute, in the Third Circuit, a "mistake" as required for amendments under Rule 15(c) of the Federal Rules of Civil Procedure. In fact State Defendants' position on this point is, simply stated, wrong. As the District Court noted in its opinion, the discussion in Singletary, 266 F.3d at page 201, citing Varlack, makes it eminently clear that, in the Third Circuit, relation back with regard to "John Doe" defendants is the rule. The issue was briefed, it has been decided by this Court, and there exists no reason to reargue or revisit it. In recognizing the equity of such a doctrine, the Third Circuit has noted that a liberal approach to allowing amended pleadings "is clearly meant to further the policy of considering claims on their merits rather than dismissing them on technicalities," Singletary, 266 F.3d at fn. 5, citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

**Conclusion**

For the foregoing reasons, and for the reasons set forth in its earlier memorandum (D.I. # 96), Plaintiff Timothy Ward respectfully requests this Honorable Court to deny D.I. #106, the "State Defendants' Motion for Reargument of this Court's Order and Opinion of May 19, 2008, Granting Plaintiff Leave to Amend the Complaint to Add Lieutenant Paul Harvey as a Defendant."

6

| MARTIN & WILSON, P.A. | LAW OFFICES OF HERBERT G. FEUERHAKE |
|---|---|
| *[signature]* | *[signature]* |
| **JEFFREY K. MARTIN, ESQUIRE** | **HERBERT G. FEUERHAKE, ESQUIRE** |
| **TIMOTHY J. WILSON, ESQUIRE** | DE State Bar I.D. No.: 2590 |
| DE State Bar I.D. No.: 2407 | 521 West St |
| DE State Bar I.D. No.: 4323 | Wilmington, DE 19801 |
| 1508 Pennsylvania Avenue | (302) 658-6101 |
| Wilmington, DE 19806 | |
| (302) 777-4681 | *Attorney for Plaintiff* |
| jmartin@martinandwilson.com | |
| *Attorneys for Plaintiff* | |

DATED:    June 17, 2008