# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KAREN BARKES, individually;　　　　　:
TINA GROSSMAN as next friend of　　:
BRITTANY BARKES; TINA GROSSMAN　　:
as next friend of ALEXANDRA BARKES;:
and KAREN BARKES as administratrix :
of the ESTATE OF CHRISTOPHER　　　:
BARKES,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　: Civil Action No. 06-104-JJF
　　　　　Plaintiffs,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
FIRST CORRECTIONAL MEDICAL, INC;　:
STANLEY TAYLOR; RAPHAEL WILLIAMS; :
CERTAIN UNKNOWN INDIVIDUAL　　　:
EMPLOYEES OF STATE OF DELAWARE　:
DEPARTMENT OF CORRECTION; CERTAIN :
UNKNOWN INDIVIDUAL EMPLOYEES OF　:
FIRST CORRECTIONAL MEDICAL, INC., :
and STATE OF DELAWARE, DEPARTMENT :
OF CORRECTION,　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　Defendants.　　　　　:

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion For
Reargument (D.I. 64). For the reasons discussed, the Motion will
be denied.

Although not explicitly provided for in the Federal Rules of
Civil Procedure, Local Rule 7.1.5 provides for the filing of
reargument motions. See D. Del. L.R. 7.1.5. The decision to
grant a motion for reargument lies within the discretion of the
district court; however, such motions should only be granted
sparingly. Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F.Supp.2d
385, 419 (D.Del. 1999).

A motion for reargument "should not be used to rehash

arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court." ' Id. (citing Ogelsby v. Penn Mutual Life Ins. Co., 877 F.Supp. 872, 892 (D.Del.1995)). As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties. Id. (citing Pirelli Cable Corp v. Ciena Corp., 988 F.Supp. 424, 445 (D.Del.1998)). A "motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters not previously obtainable have been discovered since the issue was submitted to the Court.'" Schering Corp. v. Amgen, Inc., 25 F.Supp.2d 293, 295 (D.Del. 1998)(quoting Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1241 (D.Del. 1990)). Application of these legal principles compels denial of Plaintiffs' motion for reargument.

By their Motion, Plaintiffs contend that they are entitled to reargument because "the state of the record is such as to create genuine issues of material fact requiring resolution at trial." (D.I. 64 at 1.) Plaintiffs contend that reargument is justified based on: (1) confusion regarding discovery responses

2

on suicide protocols in place at the time of decedent Christopher

Barkes's ("Mr. Barkes") death; (2) the United States Department

of Justice ("USDOJ") December 2006 documents; and (3)

deficiencies in the DOC's suicide prevention policies and

practices. Plaintiff's Motion attempts to relitigate matters

previously decided by the Court, and therefore, Plaintiff has not

stated a cognizable ground justifying reargument in this case.

The Court fully considered the factual and legal arguments of the

parties with respect to these issues, and nothing in Plaintiffs'

filing persuades the Court that the issues in this case should be

revisited.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion

For Reargument (D.I. 64) is **DENIED**.

April 18, 2008

UNITED STATES DISTRICT JUDGE

3