# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                )
                                  )
        Plaintiff,          )
                                  )
     v.                      )     C.A. No.  04-1391 JJF
                                  )
STANLEY TAYLOR; PAUL HOWARD;   )
THOMAS CARROLL; JOHN SALAS;    )     JURY TRIAL DEMANDED
JESSICA DAVIS-BARTON; CERTAIN   )
UNKNOWN   INDIVIDUAL EMPLOYEES OF  )
THE STATE OF DELAWARE DEPARTMENT  )
OF CORRECTION; and STATE OF DELAWARE )
DEPARTMENT OF CORRECTION,     )
                                  )
        Defendants.      )
     v.                      )
                                  )
FIRST CORRECTIONAL MEDICAL    )
DELAWARE, LLC           )
                                  )
      Third-Party Defendant.    )

## PLAINTIFF'S MOTION FOR REARGUMENT OF THIS COURT'S ORDER AND OPINION OF JULY 29, 2008

Plaintiff, by and through his counsel, hereby moves this Honorable Court for

reargument of the Court's Opinion (D.I. #109) and Order (D.I. #110) granting summary

judgment in favor of the State Defendants. We believe that the state of the record is such

as to create genuine issues of material fact requiring resolution at trial.

## Standards on a Motion for Reargument

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence; "[a]ccordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3rd Cir. 1999).

### Discussion

The facts are set forth in detail in the Court's Opinion as well as in Plaintiff's Answering Brief (D.I. #97). We will assume familiarity with those facts, and herein summarize only a few key points. Plaintiff Tim Ward was savagely beaten by an inmate on Saturday, July 10, 2004. His attacker, inmate Robert Johnson, had been identified by prison personnel as "highly agitated" approximately one hour prior to the beating; thereafter, but still shortly before the attack on Mr. Ward, inmate Johnson had been deemed by prison personnel (this point bears emphasis, and we will return to it in a moment) to be sufficiently agitated as to engender an escorted trip to the infirmary for observation. The nurse in the infirmary determined that a mental health examination was to be scheduled for the following Monday. Inmate Johnson was thereafter returned to his housing unit whereupon he left the housing unit unescorted to the prison yard, where, in the absence of any direct supervision by DOC personnel, he was free to beat Plaintiff

Ward nearly to death during an interval of time that passed before other inmates and hastily summoned correctional officers were able to intervene.

We turn now to the decision to have perpetrator Johnson escorted to the infirmary prior to the attack on Mr. Ward. Although the Court has stated in its opinion that "Harvey promptly sent inmate Johnson to the infirmary to be evaluated after learning of his behavior at chow," D.I. 109 at page 13, there is, in fact, no evidence in the record as to who actually sent Johnson to the infirmary. See, in particular, Mr. Ward's Answering Brief, D.I. #97 at page 9, and in particular footnote 7, in which it is noted that Lovett merely "assumed" that it was Harvey who had sent Johnson to the infirmary. As noted in footnote 11 on that same page, Harvey has stated in an Affidavit that he had no knowledge of the Ward beating, and makes no reference of any kind to his actions with regard to perpetrator Johnson at or about the time of chow (the Affidavit is found at D.I. #106-4 attached hereto as Exhibit "1").[1] Thus, there is no definitive evidence of the actions of Defendant Harvey with regard to perpetrator Johnson at or about the time of the disruption at chow or the time of the beating, but rather only the statement of Lovett that Harvey "kind of blew it off" when Lovett told him that Lovett was "going to go crazy" and that Lovett told Harvey, "I don't want to be around when it happens" (Defendants' Appendix, D.I. #90, page A000029).

Lovett also noted Harvey's familiarity with perpetrator's Johnson history of troubling incidents, and noted that Harvey was aware that Johnson was going to be seen

---

[1] We presume that the Court's statement that Harvey "responded reasonably to the substantial risk on which Mr. Ward has presented evidence and had Johnson sent to the infirmary" (D.I. #109 at p. 14) is based upon the statement in the State Defendant's Reply Brief (D.I. #101 at p. 7) that "it is undisputed that *Harvey* was the person who arranged to have Robert Johnson evaluated by the infirmary" [emphasis in original]. In fact, this statement is incorrect; as noted, Mr. Lovett only "assumed" that Harvey had done this, and, as noted above, Harvey himself failed to mention such action or decision in his Affidavit.

by a mental health professional on the following Monday since there was no mental health professional available on Saturday (Saturday being the day of the attack). These facts do not conclusively establish that Harvey took adequate, or even any, action with regard to Mr. Johnson; they do, however, constitute evidence that Harvey was aware that a proper mental health examination was not going to occur until the following Monday.

Plaintiff Ward asserted in his Answering Brief in Opposition to Summary Judgment that the analysis of Hamilton v. Leavy, 117 F.3d 742 (3rd Cir. 1997) governed this matter and compelled a finding in favor of Plaintiff on the issue of summary judgment. The undersigned stand by their arguments as set forth in that brief; at this juncture, they wish to emphasize on Plaintiff's behalf one aspect of their argument, relating to the standard of proof governing a motion for summary judgment. As we quoted from Hamilton v. Leavy therein:

> The MDT defendants stated in their affidavits that they "did everything they could" with respect to ensuring Hamilton's safety when they recommended he be placed in protective custody. **But the district court's refusal to consider whether the MDT defendants could have taken further action failed to give Hamilton the benefit of all reasonable inferences**, to which he is entitled, as the non-movant. Indeed, Hamilton's counter-argument, asserted in his pro se complaint, is that the MDT defendants could have taken additional steps, such as place him in administrative segregation. **Because neither party presented conclusive evidence on this issue, there remains a genuine issue of material fact regarding whether the MDT's response to the risk Hamilton faced was reasonable.** Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 89 L.ED.2d 538, 106 S.Ct. 1348 (1986) (to survive summary judgment, non-movant must only show more than "some metaphysical doubt as to the material facts"); Big Apple BMW, Inc. v. BMW of North America, 974 F.2d 1358, 1363 (3rd Cir. 1992); ("To raise a genuine issue of material fact [the] opponent need not match, item for item, each piece of

4

evidence proffered by the movant.   In practical terms, if the opponent has exceeded the 'mere scintilla' threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent...."); Ely v. Hall's Motor Transit Co., 590 F.2d 62 (3d Cir.1978) (any doubts as to the existence of a genuine issue of material fact will be resolved against the movant).   **The failure of the MDT defendants to take additional steps beyond the recommendation of protective custody could be viewed by a factfinder as the sort of deliberate indifference to inmate safety that the Constitution forbids.** [Emphasis added]

117 F.3d at 748-749.

We assert that the Court failed to give Plaintiff "the benefit of all reasonable inferences" as did the Third Circuit in Hamilton v. Leavy. The Court states in its Opinion, D.I. #109 at page 13, that "Mr. Ward has adduced no evidence that Johnson, after he was released from the infirmary, was still agitated or exhibited any risk of harm, generalized or particularized, to anyone."   The Court then continues, "Mr. Ward's reliance on Hamilton is misplaced, as the plaintiff in Hamilton was still clearly at risk after the recommendation that he be put in protective custody was denied." But in Hamilton, as in the instant matter, there was no specific fact or facts that formed the locus of the inquiry. In Hamilton, there was a generalized threat against one potential victim based on previous circumstances, with no specific identified perpetrator; in the instant matter, there was a generalized threat emanating from one potential perpetrator based on previous (and very recent) conduct. Officer Keith Lovett's testimony on Johnson's condition, quoted at pages 28 to 30 of Plaintiff's Answering Brief (D.I. #97), is compelling on the issue of inmate Johnson's frame of mind. The jury question, simply stated, is this: whether Defendants (including Defendant Harvey) could have taken further action to prevent the attack that ultimately occurred.

Witness Lovett's testimony with regard to Johnson's frame of mind is dramatic. Lovett was afraid that Johnson was going to go "crazy," and made this known to Harvey. In fact, shortly thereafter, Johnson did in fact savagely beat Mr. Ward for no apparent reason. We believe that there is, at this point, a genuine issue of material fact as to whether Defendants could have done more to isolate and/or monitor a specifically-identified agitated inmate. The failure to isolate or monitor Johnson "could be viewed by a factfinder as the sort of deliberate indifference to inmate safety that the Constitution forbids," see passage from Hamilton v. Leavy quoted above; there is clearly more than a scintilla of evidence that the State Defendants exhibited a cavalier attitude toward an agitated (and ultimately violently destructive) inmate. As was the case in Hamilton v. Leavy, such a genuine issue of material fact precludes summary judgment.


**MARTIN & WILSON, P.A.**

**LAW OFFICES OF**
**HERBERT G. FEUERHAKE**

_____

**JEFFREY K. MARTIN, ESQUIRE**
**TIMOTHY J. WILSON, ESQUIRE**
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Avenue
Wilmington, DE  19806
(302) 777-4681
jmartin@martinandwilson.com
*Attorneys for Plaintiff*

DATED:        August 12, 2008

_____

**HERBERT G. FEUERHAKE, ESQUIRE**
DE State Bar I.D. No.: 2590
521 West St
Wilmington, DE 19801
(302) 658-6101

*Attorney for Plaintiff*