IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1391-JJF |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REARGUMENT**

State Defendants, by and through their counsel, hereby move this Honorable Court to deny Plaintiff's Motion for Reargument (D.I. 112) of the decision granting Summary Judgment in favor of all State Defendants, issued by this Court on July 29, 2008. (D.I. 109-110). Plaintiffs' Motion must be denied for the reasons set forth herein.

Motions for reargument "shall be sparingly granted." D. Del. L. R. 7.1.5. A motion for reargument "'should not be used to re-hash arguments already briefed or to allow a never-ending polemic between the litigants and the Court.'" Kavanagh v. Keiper Recaro Seating, Inc., 2003 WL 22939281, at *1 (D.Del. 2003) (quoting Dentsply v. Kerr Mfg. Co., 42 F.Supp.2d 385, 419 (D.Del. 1999))(internal quotations omitted). This Court in Kavanagh held that a motion for reargument may only be granted, (and even then, only in the court's discretion), in "three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties." *Id.*; Murphy v. Bancroft Construction Co., 2004 WL 1326464 (D.Del. 2004). A motion for reargument may also be appropriate to correct a "manifest error of law" in the

decision under review.  Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiff in the instant case meet none of the narrow criteria cited above by which a motion for reargument might be granted.  Indeed, plaintiff does not even argue which, if any, of the above grounds for reargument exist in this case.  Rather, Plaintiff's entire motion to reargue is simply a repetition of arguments already made during briefing for summary judgment, and rejected by the Court in its decision granting summary judgment to State Defendants on all claims.

The only apparent basis for Plaintiff's claim for reargument is that the Court erred by failing to allow the case to go forward as to Lt. Paul Harvey, an individual whom Plaintiff belatedly sought to add as a Defendant.[1]  Plaintiff does not argue or point to any evidence in the record that would support a claim of §1983 liability against any individually named defendant other than Harvey, and Plaintiff certainly cannot impute his arguments as to the alleged personal liability of Harvey to other dismissed individuals.  As to Lt. Harvey, Plaintiff does not set forth any grounds under which this Court should grant reargument.  Plaintiff is again simply trying to "rehash materials and theories already briefed, argued, and decided," which is an impermissible basis to reopen a case on a motion for reargument.  Murphy, 2004 WL 1326464 at *1.

Plaintiff has not met any of the narrow circumstances by which a motion for reargument might be granted under Local Rule 7.1.5.  Summary Judgment for the State

---

[1] Procedurally, the status of Lt. Paul Harvey as a party defendant potentially would still be at issue if this Court were to allow the case to be reopened as to Harvey. On December 7, 2007, on the eve of summary judgment proceedings, Plaintiff filed a Motion to Amend to add Lt. Harvey as a Defendant.  This Court granted the motion on May 19, 2008 (D.I. #102).  State Defendants filed a motion for reargument on June 3, 2008 (D.I. 106).

2

Defendants was properly granted after the Court considered and rejected each of the arguments Plaintiff makes here, and Plaintiff's disagreement with the Court's rulings does not provide a basis to re-open the judgment on a motion for reargument. Plaintiff's Motion should be denied.

                                                **DEPARTMENT OF JUSTICE**
                                                **STATE OF DELAWARE**

                                                By:  /s/ *Judy Oken Hodas*
                                                JUDY OKEN HODAS (I.D. No. 930)
                                                Deputy Attorney General
                                                Carvel State Office Building
                                                820 North French Street, 6th Floor
                                                Wilmington, DE 19801
                                                (302) 577-8400
                                                judy.hodas@state.de.us
                                                Attorney for State Defendants

DATED:  August 28, 2008

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1391-JJF |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **ORDER**

AND NOW, this ____ day of _____, 2008, Plaintiffs' Motion for Reargument having been heard and considered by the Court, it is hereby **ORDERED** that the Motion is **DENIED**.

_____
J.