```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

TIMOTHY WARD,                     :
                                  :
        Plaintiff,                :
                                  :
   v.                             : Civil Action No. 04-1391 JJF
                                  :
STANLEY TAYLOR, et al.,           : JURY TRIAL DEMANDED
                                  :
        Defendants,               :
                                  :
   v.                             :
                                  :
FIRST CORRECTIONAL MEDICAL        :
DELAWARE, LLC,                    :
                                  :
        Third-Party               :
        Defendant.                :
```

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Reargument Of This Court's Order And Opinion Of July 29, 2008 (D.I. 112) granting summary judgment in favor of Defendants. For the reasons discussed, Plaintiff's motion will be denied.

### I.  Background

On October 26, 2004, Plaintiff Timothy Ward filed the present action pursuant to 42 U.S.C. § 1983 against the State of Delaware Department of Correction ("DOC"), numerous individual DOC administrators and employees, and "certain unknown individual employees" of the DOC (collectively, "Defendants"), alleging numerous constitutional violations. (D.I. 1.) Plaintiff's claims arise out of a July 10, 2004 incident in which he, an inmate at the Delaware Correctional Center ("DCC") in Smyrna,

Delaware,[1] was assaulted from behind, without warning or provocation, and severely beaten by inmate Robert Johnson ("Johnson"). (Id.)

On July 29, 2008, the Court issued a Memorandum Opinion and Order (D.I. 109, 110) granting Defendants' Motion for Summary Judgment. In its Memorandum Opinion, the Court stated that Lt. Harvey affirmatively sent inmate Johnson to the infirmary, and concluded, *inter alia*, that the reasonableness of Lt. Harvey's response to the risk posed by Johnson was sufficient to preclude liability under the Eighth Amendment.

## II. Discussion

A motion for reconsideration may be granted, and a judgment altered or amended, only if the Court is presented with: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(citations omitted). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)(citations omitted).

---

[1] Mr. Ward was released from state custody on January 3, 2007.

By his motion, Plaintiff contends that the Court erred in stating that Lt. Harvey affirmatively sent Johnson to the infirmary, as nothing in the evidence shows definitively that Lt. Harvey took this action. Plaintiff also asserts that the Court failed to give him the benefit of all reasonable inferences, emphasizing again the Third Circuit's ruling in Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997).

The Court finds Plaintiff's arguments unavailing. Addressing Plaintiff's second contention first, Plaintiff is merely rehashing the arguments made in his briefing for summary judgment, and puts forth no proper basis for reargument. See Glendon Energy, 836 F. Supp. at 1122. With respect to Plaintiff's first contention, the Court is unpersuaded that its opinion contains a clear error of fact. While C.O. Lovett testified at his deposition, which was taken three years after the incident at issue, to "assuming" Lt. Harvey had ordered Johnson to be taken to the infirmary (D.I. 92, A27), he stated this proposition with certainty in an email dated only one week after the incident (D.I. 90, A46, Lovett 9/3/04 email: "When chow was over, Lt Harvey came to T-1, then called unit 25/26 to help escort Robert Johnson to the infirmary"). The Court thus finds its finding that Lt. Harvey ordered Johnson to the infirmary adequately supported in the record and finds no factual error warranting reargument.

Moreover, even assuming arguendo that Lt. Harvey had not ordered Johnson to the infirmary, but had been merely been aware that Johnson was seen at the infirmary and released, the Court's analysis would not change. The salient question is not, as Plaintiff contends, whether Lt. Harvey could have taken further action to prevent the attack that ultimately occurred, but whether Lt. Harvey knew of and disregarded an excessive risk to inmate safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Whether Lt. Harvey himself or someone else sent Johnson to the infirmary is immaterial to the Court's conclusion that the risk manifested by Johnson during chow was reasonably dealt with. Nor does it alter the Court's conclusion that Plaintiff "has adduced no evidence that Johnson, after he was released from the infirmary, was still agitated or exhibited any risk of harm, generalized or particularized, to anyone." (D.I. 109 at 13.) The Court is thus not persuaded that reconsideration is necessary to correct a clear error of law or fact, or to prevent manifest injustice.

### III. Conclusion

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Reargument (D.I. 112) is **DENIED**.

September 30, 2008

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE

4